IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESTERNGECO L.L.C., | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:09-CV-01827 |
| | ) | |
| ION GEOPHYSICAL CORPORATION, | ) | **Jury Trial Demanded** |
| | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**OPENING BRIEF IN SUPPORT OF WESTERNGECO'S MOTION TO
DISMISS ION'S BREACH OF CONTRACT AND CONVERSION COUNTERCLAIMS**

Lee L. Kaplan
lkaplan@skv.com
SMYSER KAPLAN
 & VESELKA, L.L.P.
Bank of America Center
700 Louisiana, Suite 2300
Houston, TX  77002
Tel:  (713) 221-2323
Fax:  (713) 221-2320

*Attorneys for Plaintiff/Counterclaim Defendant
WesternGeco L.L.C.*

*Of Counsel:*

John M. Desmarais, P.C.
john.desmarais@kirkland.com
Timothy K. Gilman
timothy.gilman@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Tel.:  (212) 446-4800
Fax:  (212) 446-4900

Dated:  July 9, 2009

**TABLE OF CONTENTS**

SUMMARY OF ARGUMENT ............................................................................................1

PROCEDURAL HISTORY .............................................................................................3

STATEMENT OF FACTS ..............................................................................................3

     I.       The Bittleston Inventions Reflect WesternGeco's Research And
            Development Dating To The Early 1990's ............................................................3

     II.     ION's Counterclaims Are Based On The Alleged Inclusion Of 1995 ION
            Information In The Bittleston Patents .................................................................5

STATEMENT OF ISSUES ..............................................................................................7

ARGUMENT .....................................................................................................................7

     I.       Counterclaims Without Merit Or Barred By The Applicable Statutes of
            Limitations Are Properly Dismissed Under Fed. R. Civ. P. 12(b)(6) .....................7

     II.     ION's Counterclaims Fail Because The Public Record Disproves ION's
            Allegations .............................................................................................................8

     III.    ION's Counterclaims Fail Because They Are Barred By The Applicable
            Statutes of Limitations ..........................................................................................8

     IV.    ION's Conversion Counterclaim Also Fails Because It Is Improperly
            Based On Intellectual Property ...........................................................................11

CONCLUSION ...............................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Syn., Inc.*
    988 F.2d 1157 (Fed. Cir. 1993)..................................................................6

*Bounty-Full Entm't, Inc. v. Forever Blue Entm't Group,*
    923 F. Supp. 950 (S.D.Tex. 1996) ...........................................................8

*Carson v. Dynegy, Inc.,*
    344 F.3d 446 (5th Cir. 2003) ............................................................2, 11

*Collins v. Morgan Stanley Dean Witter,*
    224 F.3d 496 (5th Cir. 2000) .....................................................................8

*Computer Assoc. Int'l, Inc. v. Altai, Inc.,*
    918 S.W.2d 453 (Tex. 1996).................................................................9, 10

*Davis v. Bayless,*
    70 F.3d 367 (5th Cir. 1995) ......................................................................8

*Fernandez-Montes v. Allied Pilots Ass'n*
    987 F.2d 278 (5th Cir. 1993) ..................................................................11

*Jones v. Alcoa, Inc.,*
    339 F.3d 359 (5th Cir. 2003) ................................................................7, 9

*Lang v. City of Nacogdoches,*
    942 S.W.2d 752 (Tex. App.-Tyler 1997, writ denied).........................10

*Mooney v. Harlin*
    622 S.W.2d 83 (Tex. 1981).....................................................................10

*Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.,*
    512 F.3d 137 (5th Cir. 2007) ....................................................................2

*S.V. v. R. V.,*
    933 S.W.2d 1 (Tex. 1996).........................................................................9

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001) ....................................................................2

*Steinhagen v. EHL*
    126 S.W.3d 623 (Tex. App.-Beaumont 2004, pet. denied) ....................9

*Via Net v. TIG Ins. Co.,*
    211 S.W.3d 310 (Tex. 2006)................................................................9, 10

*Waisath v. Lack's Stores, Inc.,*
     474 S.W.2d 444 (Tex. 1971)............................................................................... 11

*Wise v. Hubbard,*
     769 F.2d 1 (1st Cir. 1985).................................................................................. 10

**Statutes**

Tex. Civ. Prac. & Rem. Code § 16.003 (Vernon 2002)............................................... 9

Tex. Civ. Prac. & Rem. Code § 16.004 (Vernon 2002)............................................... 9

**Rules**

Fed. R. Civ. P. 12(b)(6)................................................................................ 1, 2, 7, 12

Plaintiff WesternGeco L.L.C. ("WesternGeco") respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss ION Geophysical Corp.'s ("ION's") breach of contract and conversion counterclaims as barred by the applicable statutes of limitations and for failure to state a claim upon which relief can be granted.

## SUMMARY OF ARGUMENT

WesternGeco filed its Complaint on June 12, 2009 to halt ION's willful infringement of five WesternGeco patents relating to steerable marine seismic streamers.  (D.I. 1)  Four of these patents name Simon Bittleston as an inventor (collectively, "the Bittleston patents") and claim systems and methods for positioning underwater sensor arrays towed behind ships.  The Bittleston patents all stem from Patent Cooperation Treaty ("PCT") Patent Application PCT/IB99/01590, filed on September 28, 1999 ("the Bittleston application"), and reflect WesternGeco's research and development efforts dating back to the early 1990's.  The advances of Bittleston's inventions have greatly improved the detection, mapping, and management of underwater natural resource formations, thereby reducing the cost and time required for seismic studies while improving safety.

On June 16, 2009, ION filed its Answer, Affirmative Defenses, And Counterclaims ("ION's Answer"), asserting seven affirmative defenses and eleven counterclaims.  (D.I. 6) Many of these counterclaims — including those for breach of contract and conversion — are based on alleged interactions in April 1995 between GECO A.S. ("Geco") and DigiCOURSE, Inc. ("DigiCOURSE").  (*Id.*, ¶¶ 91-96)  ION's Answer alleges that DigiCOURSE disclosed confidential information to Geco in 1995, and that this information was somehow used in filing the Bittleston patents in 1999.  (*Id.*, ¶ 94)  This allegedly breached a confidentiality agreement between Geco and DigiCOURSE, and also allegedly constituted conversion of ION's "information and technology." (*Id.*, ¶¶ 94-96)

1

ION's allegations have no merit.  Publicly available documents prove that Simon Bittleston invented steerable streamer technology prior to the alleged April 1995 interactions between Geco and DigiCOURSE.  (Ex. 1; Ex.2)  The Court is entitled to take judicial notice of these publicly available records and dismiss ION's counterclaims under Rule 12(b)(6).  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice.").

But even assuming, *arguendo*, that ION's breach of contract and conversion counterclaims had any factual support, those counterclaims are barred by their respective four- and two-year statutes of limitations.  The Bittleston application was filed in 1999 and published on April 13, 2000.  Therefore, any alleged malfeasance occurred and was made public over nine years ago.  ION's counterclaims should be dismissed.  *See Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007) ("a statute of limitations defense may be properly asserted in a Rule 12(b)(6) motion").

ION's counterclaim for conversion additionally warrants dismissal because it is improperly based on intellectual property.  *See Carson v. Dynegy, Inc.*, 344 F.3d 446, 456 (5th Cir. 2003) ("[Plaintiff's] allegation involves only intellectual property . . . Texas conversion law [] concerns only physical property.").  Even accepting all of ION's allegations as true, its Answer fails to state any claim for conversion upon which relief could be granted.  Fed. R. Civ. P. 12(b)(6).

This litigation encompasses twenty claims and counterclaims.  Trial is scheduled in less than 15 months.  In order to focus the proceedings and upcoming discovery on claims that may have merit, WesternGeco respectfully requests that the Court dismiss ION's two counterclaims which plainly do not.

2

## PROCEDURAL HISTORY

WesternGeco filed its Complaint in this action on June 12, 2009 to halt ION's willful infringement of, *inter alia*, the four Bittleston patents. (D.I. 1) ION filed its Answer on June 16, 2009 asserting, *inter alia*, counterclaims for alleged breach of contract and conversion. (D.I. 6, ¶¶ 91-99) WesternGeco's response to ION's counterclaims is due July 9, 2009. A Scheduling Conference has been scheduled for August 7, 2009 (D.I. 3), and trial is scheduled to begin on September 13, 2010. (D.I. 9-2)

## STATEMENT OF FACTS

**I. THE BITTLESTON INVENTIONS REFLECT WESTERNGECO'S RESEARCH AND DEVELOPMENT DATING TO THE EARLY 1990's**

Marine seismic streamers are long cables that are towed behind ships, often in arrays of 5-20 streamers. (D.I. 6, ¶ 48) Seismic sensors, such as hydrophones, are periodically spaced along the length of each streamer to detect the acoustic signal. (*Id.*) A signal source, such as an air gun, is used to generate an acoustic signal towards the ocean floor. (*Id.*) The signal travels through the ocean floor, and a portion is reflected based upon the encountered geological characteristics. The reflected signals are detected at each of the sensors in the streamer array, and the resulting data can be used to create a three-dimensional map of the subsurface geology for natural resource exploration and management. (*Id.*)



(Ship towing array of seismic streamers — D.I. 1 at Ex. B at fig. 1)

As ION recognizes in its Answer, "[f]or many seismic studies, it is important that the streamers be located at a specific depth and lateral position with respect to each other." (D.I. 6,

3

¶ 48) Because seismic streamers can extend for significant lengths, *e.g.*, up to many miles, the ability to control the positioning of the streamers also ensures that they do not become tangled due to harsh weather or ocean current conditions.  (D.I. 1, Ex. B at 1:60-2:1)  Properly controlling the horizontal and vertical steering can significantly reduce the cost and time for seismic surveys, improve the accuracy of the resulting data, and prevent catastrophic equipment failures.  (*Id.* at 2:36-40)

By 1993, Geco — a predecessor to WesternGeco — was developing methods and systems for achieving this important goal.  (Ex. 2, "Nessie-4 Feasibility Report:  Integrated Birds"[1])  A positioning device — or "bird" — was used to steer the streamers by using deflecting surfaces — or "wings":



(Pair of wings mounted on a streamer — Ex. 2 at fig. 2)

By October 28, 1993, one of the specific bird designs WesternGeco was investigating had "two wings" where "wing angles will be controlled independently" to allow the bird to adjust the streamer's vertical and horizontal position.  (*Id.* at 28)

This two-wing design was refined by February 14, 1995, when Simon Bittleston authored a paper entitled "Position Control of Marine Seismic Streamers."  (Ex. 3[2])  The paper discloses

---

[1]   Exhibit 2 is publicly available as part of the United States Patent & Trademark Office's ("USPTO's") records of WesternGeco's patent applications.  It is also publicly available from the Australian Patent Office's ("APO's") files.

[2]   Exhibit 3 is also publicly available from the USPTO and APO.

two-winged birds with independently-controlled wings to "provide the means to force the streamer both horizontally and vertically." (*Id.* at 2)  And it also includes empirical data from experiments using such birds:



(Two-winged bird and experimental twisting data — Ex. 3 at figs. 1, 3)

The Bittleston patents built on this research and development.  The Bittleston application — whose specification and figures are identical to those of the later-issued Bittleston patents — was filed on September 28, 1999 and published on April 13, 2000.  (Ex. 1)  It discloses the use of birds with wings and control systems — located on the ship and/or on the positioning device itself — to control the geometry of the streamer array in order to ensure proper collection of seismic data.



(Two-winged bird and control system — Ex. 1 at figs. 2, 4)

Each Bittleston patent claims different aspects of the systems and methods taught in the Bittleston application.

## II.   ION'S COUNTERCLAIMS ARE BASED ON THE ALLEGED INCLUSION OF 1995 ION INFORMATION IN THE BITTLESTON PATENTS

ION's counterclaims are based on allegations that Geco and DigiCOURSE — a predecessor to ION — "entered into a Confidential Disclosure Agreement (the 'Agreement') on

April 25, 1995." (D.I. 6, ¶ 92)  Simon Bittleston purportedly "traveled to New Orleans to meet

with employees of DigiCOURSE" later that year and "was shown working prototypes of new

lateral streamer steering devices." (*Id.*, ¶ 93)  ION further alleges that "an operational model of

the steering device . . . was sent to Bittleston in the fourth quarter of 1995, and was never

returned to DigiCOURSE." (*Id.*, ¶ 94)  The alleged innovation shown to Simon Bittleston at that

time was "a streamer control device . . . with two wings . . . [where] each wing could be

independently adjusted." (*Id.*, ¶ 93)  ION alleges that WesternGeco somehow "used the

DigiCOURSE information and device as a basis for the Bittleston Patents." (*Id.*, ¶ 94)

This alleged use of ION's 1995 information is the purported basis for ION's breach of

contract counterclaim:  "This use of DigiCOURSE information was a breach of the Agreement."

(*Id.*, ¶ 94)  It is also the purported basis for ION's conversion counterclaim:  "As described in

Paragraphs 92-94 above, GECO obtained confidential information and materials from

DigiCOURSE . . . [and] misappropriated this information and technology. . . . WesternGeco's

conduct constitutes conversion." (*Id.*, ¶ 96)  ION has pled no basis for its counterclaims other

than this purported inclusion of ION's 1995 information in the Bittleston patents.[3]

---

[3]    ION's "Eighth counterclaim — Inventorship" is similarly based on allegations that the
Bittleston patents somehow included DigiCOURSE information. (D.I. 6, ¶ 98)  Because ION
knew or should have known of any purported inventorship claim by 2000 — when the
Bittleston application was published — this claim is presumptively barred by laches.
*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1163 (Fed. Cir.
1993).  However, because there is no applicable statute of limitations for inventorship claims
under 35 U.S.C. § 256, WesternGeco has not moved to dismiss the counterclaim at this time.
*Id.*

## STATEMENT OF ISSUES

1.  Are ION's breach of contract and conversion counterclaims properly dismissed where they are based on allegations that are without merit and contradicted by publicly available documents?

2.  Are ION's breach of contract and conversion counterclaims additionally barred by the respective four- and two-year statutes of limitations where they are based on the alleged inclusion of ION information in the Bittleston patents whose application was filed and published over nine years ago?

3.  Is ION's conversion counterclaim additionally barred where it is based on the alleged misappropriation of "information and technology" and, under controlling Texas law, conversion only applies to physical property?

## ARGUMENT

### I.   COUNTERCLAIMS WITHOUT MERIT OR BARRED BY THE APPLICABLE STATUTES OF LIMITATIONS ARE PROPERLY DISMISSED UNDER FED. R. CIV. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) requires claims to be dismissed where a pleading "fails to state a claim on which relief can be granted." "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th Cir. 2003).

In evaluating a motion to dismiss, "allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sprewell*, 266 F.3d at 988. Courts "need not, however, accept as true allegations that contradict matters properly subject to

7

judicial notice." *Id.* For example, "[f]ederal courts are permitted to refer to matters of public

record when deciding a 12(b)(6) motion to dismiss." *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th

Cir. 1995). Additionally, "[d]ocuments that a defendant attaches to a motion to dismiss are

considered part of the pleadings if they are referred to in the plaintiff's complaint and are central

to [the plaintiff's] claim." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th

Cir. 2000).

**II.    ION'S COUNTERCLAIMS FAIL BECAUSE THE PUBLIC**
       **RECORD DISPROVES ION'S ALLEGATIONS**

ION's breach of contract and conversion counterclaims are based on the allegations that

ION disclosed a seismic streamer "bird" with two independently-controlled wings to

WesternGeco in late 1995, and that WesternGeco used this information in filing for the

Bittleston Patents. (D.I. 6, ¶¶ 92-98) This allegation is meritless. Publicly available documents

from 1993 and early-1995 prove that WesternGeco invented a seismic streamer positioning

device with two independent wings prior to any meetings with ION. (Ex. 2; Ex. 3) The Court is

entitled to take judicial notice of these facts and, accordingly, to dismiss ION's counterclaims at

this stage. *See Sprewell*, 266 F.3d at 988; *cf. Bounty-Full Entm't, Inc. v. Forever Blue Entm't

Group*, 923 F. Supp. 950, 959 (S.D. Tex. 1996) (evaluating whether allegations in a complaint

were contradicted by facts in a sworn affidavits in adjudicating a motion to dismiss). Given the

number of other claims involved in this litigation, and the 15 months remaining before trial, there

is no need to consume judicial and party resources litigating claims that are plainly deficient.

**III.   ION'S COUNTERCLAIMS FAIL BECAUSE THEY ARE BARRED**
       **BY THE APPLICABLE STATUTES OF LIMITATIONS**

Even if all of ION's allegations are taken as true, ION's breach of contract and conversion

counterclaims fail as barred by the applicable statutes of limitations. "The purpose of statutes of

limitations is to compel the assertion of claims within a reasonable period while the evidence is

fresh in the minds of the parties and witnesses." *Computer Assoc. Int'l, Inc. v. Altai, Inc.,* 918 S.W.2d 453, 455 (Tex. 1996) (internal citations omitted).

A party asserting a breach of contract claim must sue no later than four years after the day the claim accrues. Tex. Civ. Prac. & Rem. Code § 16.004 (Vernon 2002). "It is well-settled law that a breach of contract claim accrues when the contract is breached." *Via Net v. TIG Ins. Co.,* 211 S.W.3d 310, 314 (Tex. 2006) (internal citations omitted). ION's breach of contract counterclaim is based on the alleged inclusion of ION information in the Bittleston patents whose application was filed and published more than nine years ago. ION's counterclaim is untimely and should be properly dismissed. *See Jones,* 339 F.3d at 366 (holding dismissal appropriate "where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.").

A party asserting a conversion claim must sue no later than two years after the day the claim accrues. Tex. Civ. Prac. & Rem. Code § 16.003 (Vernon 2002). "In conversion cases, the general rule is that the statute of limitations begins to run at the time of the unlawful taking, when the legal injury occurs." *Steinhagen v. EHL,* 126 S.W.3d 623, 627 (Tex. App.-Beaumont 2004, pet. denied). ION's conversion counterclaim is similarly based on the alleged inclusion of ION information in the Bittleston patents. It also accrued over nine years ago, and is properly dismissed based on the statute of limitations.

There is no basis to toll either of the applicable statutes of limitations. The general rule in Texas is that a cause of action accrues — and the applicable limitations period begins to run — "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R. V.,* 933 S.W.2d 1, 4 (Tex. 1996). The so-called "discovery-rule" can operate to toll the limitations period, but it is a

9

"very limited exception" that applies only "in certain limited circumstances" when "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *Computer Assoc.*, 918 S.W.2d at 456-57 (emphasis added).  Notably, Texas courts have generally refused to apply the discovery rule to breach of contract and misappropriation claims. *See, e.g., Computer Assoc.*, 918 S.W.2d at 457 (holding the discovery rule inapplicable to claims for trade secret misappropriation); *Via Net*, 211 S.W.3d at 315 ("[D]iligent contracting parties should generally discover any breach during the relatively long four-year limitations period.").

But even if the discovery rule applied in this case, the rule only "defers accrual of the cause of action until the plaintiff knew, *or exercising reasonable diligence, should have known of the facts giving rise to the cause of action.*" *Lang v. City of Nacogdoches*, 942 S.W.2d 752, 758 (Tex. App.-Tyler 1997, writ denied) (emphasis added).  Parties are generally "charged with constructive notice of the contents of documents in the public record." *Id.* at 758 (affirming dismissal of claim due to statute of limitations).  "The United States Supreme Court has consistently held that the issuance and recordation of a patent is notice to the world of its existence." *Wise v. Hubbard*, 769 F.2d 1, 2-4 (1st Cir. 1985).  Such "[c]onstructive notice in law creates an irrebuttable presumption of actual notice." *Mooney v. Harlin*, 622 S.W.2d 83, 85 (Tex. 1981) (affirming dismissal because an examination of public records would have revealed the alleged tort).  As shown on the face of the Bittleston patents, the Bittleston application was published on April 13, 2000.  Accordingly, ION knew or should have known of any alleged breach of contract or conversion over nine years ago.  Even if the statutes of limitations for ION's counterclaims were tolled by the discovery rule, the claims would still have expired years

10

ago. They are properly dismissed at this stage. *Wise*, 769 F.2d at 3 (holding claim barred where patent's issuance triggered statute of limitations).

## IV.   ION'S CONVERSION COUNTERCLAIM ALSO FAILS BECAUSE IT IS IMPROPERLY BASED ON INTELLECTUAL PROPERTY

"Under Texas law, conversion is the wrongful assumption and exercise of dominion and control over the *personal property* of another to the exclusion of, or inconsistent with, the owner's rights". *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971) (emphasis added). The Fifth Circuit, applying Texas law, has stated that "Texas conversion law [] concerns *only physical property*." *Carson v. Dynegy, Inc.*, 344 F.3d 446, 456 (5th Cir. 2003) (citing *Waisath v. Lack's Stores*, 474 S.W.2d 444, 447 (Tex. 1971)) (emphasis added).

ION's conversion counterclaim alleges that "GECO misappropriated [DigiCOURSE's] *information and technology* and has illegally profited from it." (D.I. 6, ¶ 96) (emphasis added) "Information and technology" are intellectual property, not physical property. *Carson*, 344 F.3d at 456. Accordingly, ION's conversion counterclaim fails to state a claim upon which relief can be granted, and should be dismissed. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993) (dismissing with prejudice where it appears "beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

11

## CONCLUSION

For all of the reasons set forth above, WesternGeco respectfully moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss ION's breach of contract and conversion counterclaims as barred by the applicable statutes of limitations and for failure to state a claim upon which relief can be granted.

Dated:  July 9, 2009

Respectfully submitted,

_Lee L. Kaplan_

Lee L. Kaplan
lkaplan@skv.com
SMYSER KAPLAN
 & VESELKA, L.L.P.
Bank of America Center
700 Louisiana, Suite 2300
Houston, TX  77002
Tel:  (713) 221-2323
Fax:  (713) 221-2320

*Attorneys for Plaintiff/Counterclaim Defendant WesternGeco L.L.C.*

*Of Counsel:*

John M. Desmarais, P.C.
john.desmarais@kirkland.com
Timothy K. Gilman
timothy.gilman@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, New York  10022
Tel.:  (212) 446-4800
Fax:  (212) 446-4900

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 9th, 2009.

_____
Lee L. Kaplan