**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| WESTERNGECO L.L.C., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:09-cv-01827 |
| | ) | |
| ION GEOPHYSICAL CORPORATION, | ) | |
| | ) | **Jury Trial Demanded** |
| *Defendant.* | ) | |
| | ) | |

**WESTERNGECO L.L.C.'S ANSWER AND COUNTERCLAIM
TO ION GEOPHYSICAL CORPORATION'S COUNTERCLAIM**

Plaintiff WesternGeco L.L.C. ("WesternGeco") hereby replies to the counterclaims raised by Defendant ION Geophysical Corporation ("ION") in its Answer, Affirmative Defenses and Counterclaims to WesternGeco L.L.C.'s Complaint for Patent Infringement ("Counterclaim") and alleges as follows:

**COUNTERCLAIM PARAGRAPH NO. 56:**

ION Geophysical brings the following counterclaims against Plaintiff:

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 56:**

WesternGeco admits that ION purports to bring certain counterclaims, but denies that ION has any factual or legal basis for those counterclaims.

**COUNTERCLAIM PARAGRAPH NO. 57:**

This is an action for declaratory relief. This Court has jurisdiction over the counterclaim based on 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 57:**

WesternGeco admits that ION purports to bring certain claims for declaratory relief and that this Court has jurisdiction over such claims, but denies that ION has any factual or legal basis for those counterclaims.

**COUNTERCLAIM PARAGRAPH NO. 58:**

Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 58:**

WesternGeco admits that venue is proper in this Court.

**Parties**

**COUNTERCLAIM PARAGRAPH NO. 59:**

ION Geophysical is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 2105 CityWest Boulevard, Suite 400, Houston, Texas 77042-2839.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 59:**

Upon information and belief, WesternGeco admits the allegations of Counterclaim Paragraph 59.

**COUNTERCLAIM PARAGRAPH NO. 60:**

On information and belief, WesternGeco L.L.C. ("WesternGeco") is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 10001 Richmond Avenue, Houston, Texas 77042-4299.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 60:**

WesternGeco admits the allegations of Counterclaim Paragraph 60.

**COUNTERCLAIM PARAGRAPH NO. 61:**

WesternGeco has submitted itself to the personal jurisdiction of this Court by filing its Complaint in this Court alleging infringement of the Patents and has likewise conceded that venue here is proper for the resolution of claims such as ION Geophysical's counterclaims.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 61:**

WesternGeco admits that it has consented to personal jurisdiction of this Court for

adjudicating WesternGeco's Complaint and that venue is proper in the Southern District of

Texas.

**First Counterclaim – Declaratory Judgment (Non-Infringement)**

**COUNTERCLAIM PARAGRAPH NO. 62:**

ION Geophysical repeats and realleges each and every allegation contained in Paragraphs 56 - 61 of the Counterclaims as if fully set forth herein.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 62:**

WesternGeco repeats and realleges each and every Answer to Counterclaim Paragraphs

56 - 61 as if fully set forth herein.

**COUNTERCLAIM PARAGRAPH NO. 63:**

WesternGeco alleges ownership of the Patents, and has brought suit against ION Geophysical alleging infringement of the Patents.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 63:**

WesternGeco admits the allegations of Counterclaim Paragraph 63.

**COUNTERCLAIM PARAGRAPH NO. 64:**

ION Geophysical has not and does not infringe the Patents, either directly or indirectly, literally or under the doctrine of equivalents. ION Geophysical has not contributed to any infringement by others or induced others to infringe the Patents.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 64:**

WesternGeco denies the allegations of Counterclaim Paragraph 64.

**COUNTERCLAIM PARAGRAPH NO. 65:**

An actual case or controversy exists between ION Geophysical and WesternGeco based on WesternGeco having filed a Complaint against ION Geophysical alleging infringement of the Patents.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 65:**

WesternGeco admits that it filed a complaint against ION for ION's willful infringement

of WesternGeco's patents.  WesternGeco denies the remaining allegations of Counterclaim

Paragraph 65.

**COUNTERCLAIM PARAGRAPH NO. 66:**

ION Geophysical has been injured and damaged by WesternGeco having filed a Complaint asserting Patents that are not infringed by ION Geophysical.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 66:**

WesternGeco denies the allegations of Counterclaim Paragraph 66.

**COUNTERCLAIM PARAGRAPH NO. 67:**

Declaratory relief is appropriate and necessary to establish that ION Geophysical does not infringe the Patents.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 67:**

WesternGeco denies the allegations of Counterclaim Paragraph 67.

**Second Counterclaim – Declaratory Judgment (Invalidity)**

**COUNTERCLAIM PARAGRAPH NO. 68:**

ION Geophysical repeats and realleges each and every allegation contained in Paragraphs 56 - 67 of the Counterclaims as if fully set forth herein.

4

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 68:**

WesternGeco repeats and realleges each and every Answer to Counterclaim Paragraphs

56 - 67 as if fully set forth herein.

**COUNTERCLAIM PARAGRAPH NO. 69:**

WesternGeco alleges ownership of the Patents, and has brought suit against ION Geophysical alleging infringement of the Patents.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 69:**

WesternGeco admits the allegations of Counterclaim Paragraph 69.

**COUNTERCLAIM PARAGRAPH NO. 70:**

ION Geophysical alleges that one or more claims of each of the Patents are invalid and/or unenforceable for failing to comply with one or more provisions of the patent laws, 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112 or is unenforceable.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 70:**

WesternGeco admits that ION alleges that the Patents are invalid and/or unenforceable,

but denies that ION has any factual or legal basis for those allegations.

**COUNTERCLAIM PARAGRAPH NO. 71:**

An actual case or controversy exists between ION Geophysical and WesternGeco based on WesternGeco having filed a Complaint against ION Geophysical alleging infringement of the Patents.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 71:**

WesternGeco admits that it filed a complaint against ION for ION's willful infringement

of WesternGeco's patents.  WesternGeco denies the allegations of Counterclaim Paragraph 71.

**COUNTERCLAIM PARAGRAPH NO. 72:**

ION Geophysical has been injured and damaged by WesternGeco filing a Complaint asserting patent infringement against ION Geophysical based on patents that are invalid.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 72:**

WesternGeco denies the allegations of Counterclaim Paragraph 72.

**COUNTERCLAIM PARAGRAPH NO. 73:**

Declaratory relief is both appropriate and necessary to establish that each of the Patents are invalid and/or unenforceable, and thus cannot be asserted against ION Geophysical.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 73:**

WesternGeco denies the allegations of Counterclaim Paragraph 73.

**Third Counterclaim – Declaratory Judgment (Prosecution History Estoppel)**

**COUNTERCLAIM PARAGRAPH NO. 74:**

ION Geophysical repeats and realleges each and every allegation contained in Paragraphs 56 - 73 of the Counterclaims as if fully set forth herein.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 74:**

WesternGeco repeats and realleges each and every Answer to Counterclaim Paragraphs

56 - 73 as if fully set forth herein.

**COUNTERCLAIM PARAGRAPH NO. 75:**

WesternGeco alleges ownership of the Patents, and has brought suit against ION Geophysical alleging infringement of the Patents.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 75:**

WesternGeco admits the allegations of Counterclaim Paragraph 75.

**COUNTERCLAIM PARAGRAPH NO. 76:**

By reason of the prior art limitations and the claims of the Patents, the claims of the Patents are limited in scope and WesternGeco is estopped from maintaining that any product manufactured, used, sold, offered for sale, or leased by ION Geophysical or any use to which those products may be put constitutes infringement of any of the claims of the Patents.

### ANSWER TO COUNTERCLAIM PARAGRAPH NO. 76:

WesternGeco denies the allegations of Counterclaim Paragraph 76.

### COUNTERCLAIM PARAGRAPH NO. 77:

An actual case or controversy exists between ION Geophysical and WesternGeco based on WesternGeco having filed a complaint against ION Geophysical alleging infringement of the Patents.

### ANSWER TO COUNTERCLAIM PARAGRAPH NO. 77:

WesternGeco admits that it filed a complaint against ION for ION's willful infringement of WesternGeco's patents. WesternGeco denies the allegations of Counterclaim Paragraph 77.

### COUNTERCLAIM PARAGRAPH NO. 78:

ION Geophysical has been injured and damaged by WesternGeco filing a complaint asserting patent infringement against ION Geophysical based on Patents that may not be construed in such a way to find infringement or inducement to infringe against ION Geophysical.

### ANSWER TO COUNTERCLAIM PARAGRAPH NO. 78:

WesternGeco denies the allegations of Counterclaim Paragraph 78.

### COUNTERCLAIM PARAGRAPH NO. 79:

Declaratory relief is both appropriate and necessary to establish that the Patents may not be construed in such a way that they may be asserted against ION Geophysical.

### ANSWER TO COUNTERCLAIM PARAGRAPH NO. 79:

WesternGeco denies the allegations of Counterclaim Paragraph 79.

**Fourth Counterclaim – Tortious Interference with Contract and Prospective Business Relations**

### COUNTERCLAIM PARAGRAPH NO. 80:

ION Geophysical repeats and realleges each and every allegation contained in Paragraphs 56 - 79 of the Counterclaims as if fully set forth herein.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 80:**

WesternGeco repeats and realleges each and every Answer to Counterclaim Paragraphs

56 - 79 as if fully set forth herein.

**COUNTERCLAIM PARAGRAPH NO. 81:**

Based upon information and belief, ION Geophysical has learned that at the 2008 Society of Exploration Geophysicists ("SEG") Convention held in Houston, Texas, one or more of WesternGeco's executives made assertions to ION Geophysical's customers and potential customers that ION products and the use of ION products infringe WesternGeco patents.  At the time, no specific patents were identified to customers.  During and after the SEG convention, certain customers and potential customers raised concerns with ION Geophysical that if they were to purchase or use ION products, they might be sued or found liable for infringement of WesternGeco patents.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 81:**

WesternGeco lacks information or knowledge sufficient to form a belief as to the truth of

the allegations contained in Counterclaim Paragraph 81 and denies them on that basis.

**COUNTERCLAIM PARAGRAPH NO. 82:**

In late 2008/early 2009, ION Geophysical received information from a customer that WesternGeco had specifically identified certain U.S. Patents in connection with its threats of infringement.  Among the patents identified were the Patents subject of this suit.  As more fully described above, each of the Patents is not infringed, or is either invalid and/or unenforceable.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 82:**

WesternGeco lacks information or knowledge sufficient to form a belief as to the truth of

the allegations contained in the first two sentences of Counterclaim Paragraph 82 and denies

them on that basis.  WesternGeco denies the allegations contained in the third sentence of

Counterclaim Paragraph 82.

**COUNTERCLAIM PARAGRAPH NO. 83:**

WesternGeco's threats to ION Geophysical customers and potential customers were made for the express purpose of inducing those customers and potential customers to use WesternGeco's "Q-Marine" system instead of ION Geophysical products.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 83:**

WesternGeco denies the allegations of Counterclaim Paragraph 83.

**COUNTERCLAIM PARAGRAPH NO. 84:**

WesternGeco's interference with the contractual and potential contractual relationships between ION Geophysical and its customers was made without privilege, and has caused damage to ION Geophysical.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 84:**

WesternGeco denies the allegations of Counterclaim Paragraph 84.

**Fifth Counterclaim – Business Disparagement**

**COUNTERCLAIM PARAGRAPH NO. 85:**

ION Geophysical repeats and realleges each and every allegation contained in Paragraphs 56 - 84 of the Counterclaims as if fully set forth herein.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 85:**

WesternGeco repeats and realleges each and every Answer to Counterclaim Paragraphs

56 - 84 as if fully set forth herein.

**COUNTERCLAIM PARAGRAPH NO. 86:**

WesternGeco has published disparaging statements about ION Geophysical.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 86:**

WesternGeco denies the allegations of Counterclaim Paragraph 86.

**COUNTERCLAIM PARAGRAPH NO. 87:**

The disparaging statements published by WesternGeco were false.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 87:**

WesternGeco denies the allegations of Counterclaim Paragraph 87.

**COUNTERCLAIM PARAGRAPH NO. 88:**

WesternGeco intentionally and maliciously published the disparaging statements.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 88:**

WesternGeco denies the allegations of Counterclaim Paragraph 88.

**COUNTERCLAIM PARAGRAPH NO. 89:**

WesternGeco does not have and has never had any privilege to publish the disparaging statements.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 89:**

WesternGeco denies the allegations of Counterclaim Paragraph 89.

**COUNTERCLAIM PARAGRAPH NO. 90:**

ION Geophysical has suffered special damages due to WesternGeco's intentional and malicious publishing of disparaging statements.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 90:**

WesternGeco denies the allegations of Counterclaim Paragraph 90.

### Sixth Counterclaim – Breach of Contract

WesternGeco makes no response to the allegations of the Sixth Counterclaim, Paragraphs 91 to 94, as these averments are the subject of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed concurrently with this pleading.  WesternGeco reserves the right to respond to the averments of the Sixth Counterclaim, and to interpose affirmative defenses and counterclaims with respect thereto, if the Court denies its motion to dismiss.

### Seventh Counterclaim – Conversion

WesternGeco makes no response to the allegations of the Seventh Counterclaim, Paragraphs 95 to 96, as these averments are the subject of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed concurrently with this pleading.  WesternGeco reserves the right to respond to the averments of the Seventh Counterclaim, and to interpose affirmative defenses and counterclaims with respect thereto, if the Court denies its motion to dismiss.

### Eighth Counterclaim – Inventorship

### COUNTERCLAIM PARAGRAPH NO. 97:

ION Geophysical repeats and realleges each and every allegation contained in Paragraphs 56-96 of the Counterclaims as if fully set forth herein.

### ANSWER TO COUNTERCLAIM PARAGRAPH NO. 97:

WesternGeco repeats and realleges each and every Answer to Counterclaim Paragraphs 56 - 96 as if fully set forth herein.

### COUNTERCLAIM PARAGRAPH NO. 98:

As described above, Andre W. Olivier, Robert E. Rouquette, and Brien G. Rau are inventors of the inventions claimed in the Bittleston Patents.  In the event that the failure to so name Olivier, Rouquette and Rau as inventors was not made with deceptive intent, ION Geophysical hereby sues to correct the Bittleston Patents' inventorship pursuant to 35 U.S.C. § 256 to include Olivier, Rouquette and Rau.

### ANSWER TO COUNTERCLAIM PARAGRAPH NO. 98:

WesternGeco denies the allegations of Counterclaim Paragraph 98.

### Ninth Counterclaim – Patent Infringement

### COUNTERCLAIM PARAGRAPH NO. 99:

ION Geophysical repeats and realleges each and every allegation contained in Paragraphs 56-98 of the Counterclaims as if fully set forth herein.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 99:**

WesternGeco repeats and realleges each and every Answer to Counterclaim Paragraphs

56 - 98 as if fully set forth herein.

**COUNTERCLAIM PARAGRAPH NO. 100:**

This is a civil action for the willful infringement of United States Patent No. 6,525,992 (the '992 Patent). This action arises under the patent laws of the United States 35 U.S.C. § 1 *et seq.*

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 100:**

WesternGeco admits that ION purports to bring a patent infringement claim for the

infringement of the '992 Patent, but denies that the claim has any factual or legal basis.

**COUNTERCLAIM PARAGRAPH NO. 101:**

On February 25, 2003, the '992 Patent, titled "Devices for Controlling the Position of an Underwater Cable" was duly and legally issued to Input/Output, Inc. (the former name of ION Geophysical) as assignee. ION Geophysical is the current assignee of the '992 Patent and is the owner of the right to sue and to recover for any current or past infringement of the '992 Patent. A copy of the '992 Patent is attached as Exhibit "C."

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 101:**

Upon information and belief, WesternGeco admits that the '992 Patent was issued on

February 25, 2003.  WesternGeco denies that the '992 Patent was "duly and legally issued to

Input/Output, Inc."  WesternGeco lacks information or knowledge sufficient to form a belief as

to the allegations contained in the second sentence of Counterclaim Paragraph 101 and denies

them on that basis.  WesternGeco admits that, on information and belief, Exhibit C to ION's

Counterclaim appears to be a copy of the '992 patent.

**COUNTERCLAIM PARAGRAPH NO. 102:**

WesternGeco has infringed the '992 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or supplying in or from the United States products and services relating to steerable streamers (including, but not limited to, the Q-

Marine Products and Services) and/or inducing and/or contributing to such conduct by WesternGeco's customers or other persons or entities, without authority and in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f).

## ANSWER TO COUNTERCLAIM PARAGRAPH NO. 102:

WesternGeco denies the allegations of Counterclaim Paragraph 102.


## COUNTERCLAIM PARAGRAPH NO. 103:

WesternGeco does not have any license or other authority from ION Geophysical or any other person or entity to practice the subject matter claimed by the '992 Patent.

## ANSWER TO COUNTERCLAIM PARAGRAPH NO. 103:

WesternGeco denies the allegations of Counterclaim Paragraph 103.


## COUNTERCLAIM PARAGRAPH NO. 104:

Upon information and belief, WesternGeco has been aware of the '992 Patent at all relevant times.

## ANSWER TO COUNTERCLAIM PARAGRAPH NO. 104:

WesternGeco denies the allegations of Counterclaim Paragraph 104.


## COUNTERCLAIM PARAGRAPH NO. 105:

Upon information and belief, WesternGeco has willfully infringed the '992 Patent. WesternGeco's willful infringement of the '992 Patent renders this an exceptional case pursuant to 35 U.S.C. § 285.

## ANSWER TO COUNTERCLAIM PARAGRAPH NO. 105:

WesternGeco denies the allegations of Counterclaim Paragraph 105.


### Tenth Counterclaim – Antitrust Violation as to the Bittleston Patents


## COUNTERCLAIM PARAGRAPH NO. 106:

ION Geophysical repeats and realleges each and every allegation contained in Paragraphs 56-105 of the Counterclaims as if fully set forth herein.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 106:**

WesternGeco repeats and realleges each and every Answer to Counterclaim Paragraphs

56 - 105 as if fully set forth herein.

**COUNTERCLAIM PARAGRAPH NO. 107:**

On information and belief, one or more individuals associated with the filing and prosecution of the applications that led to the issuance of the Bittleston Patents including the alleged, named co-inventor, Bittleston, deliberately and intentionally committed fraud before the PTO in the procurement of the Bittleston Patents.  On information and belief, the Bittleston Patents were assigned to WesternGeco.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 107:**

WesternGeco admits that the Bittleston Patents were assigned to WesternGeco.

WesternGeco denies the remaining allegations of Counterclaim Paragraph 107.

**COUNTERCLAIM PARAGRAPH NO. 108:**

On information and belief, WesternGeco's deliberate and intentional failure to disclose the DigiCOURSE device, upon which the subject matter of the Bittleston's Patents' claims are based, materially affected allowance of the Bittleston Patents in that one or more claims of the Bittleston Patents would not have been allowed (at least in their present form) but for WesternGeco's fraudulent omission.  Moreover, the currently named inventors and/or the attorneys prosecuting the patent applications for the Bittleston Patents intentionally and with deceptive intent failed to identify Andre W. Olivier, Robert E. Rouquette and Brien G. Rau, the DigiCOURSE engineers who developed the seismic cable steering device, as named inventors.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 108:**

WesternGeco denies the allegations of Counterclaim Paragraph 108.

**Relevant Market & Market Power**

**COUNTERCLAIM PARAGRAPH NO. 109:**

On information and belief, WesternGeco is one of, if not the largest provider of marine seismic services in the United States.  ION Geophysical competes with WesternGeco in the United States market by, among other things, manufacturing and selling devices which provide for the lateral steering of marine seismic streamers and by providing seismic data processing services for 4D seismic surveys.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 109:**

WesternGeco admits that it performs marine seismic surveys, that it has been

commercially successful in performing these surveys, and that it has been harmed by ION's

infringement of WesternGeco's patents.  WesternGeco denies the remaining allegations of

Counterclaim Paragraph 109.

**COUNTERCLAIM PARAGRAPH NO. 110:**

A relevant market is the market for marine seismic surveys performed using laterally
steerable streamers in the United States.  Upon information and belief, the United States market
for marine seismic surveys performed using laterally steerable streamers is a separate and
distinct market from other geographical markets.  Furthermore, the market for marine seismic
surveys performed using laterally steerable streamers is a separate and distinct market from the
market for marine seismic surveys performed using other seismic survey devices.  WesternGeco
is active in the market for marine seismic surveys performed using laterally steerable streamers
and, on information and belief, controls a significant share of the market and/or is attempting to
gain a significant share of the market through the fraudulently procured Bittleston Patents.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 110:**

WesternGeco admits that it performs marine seismic surveys and that WesternGeco has

been harmed by ION's infringement of WesternGeco's patents.  WesternGeco denies that ION's

tenth counterclaim has any merit or that any relevant market exists for that counterclaim and,

accordingly, denies the remaining allegations of Counterclaim Paragraph 110.

**COUNTERCLAIM PARAGRAPH NO. 111:**

A relevant submarket is the market for 4D marine seismic surveys.  WesternGeco is
active in the market for 4D marine seismic surveys, and on information and belief, controls a
significant share of the market and/or is attempting to gain a significant share of the market
through the fraudulently procured Bittleston Patents.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 111:**

WesternGeco admits that it performs 4D marine seismic surveys and that WesternGeco

has been harmed by ION's infringement of WesternGeco's patents.  WesternGeco denies that

ION's tenth counterclaim has any merit or that any relevant market exists for that counterclaim and, accordingly, denies the remaining allegations of Counterclaim Paragraph 111.

### Attempt to Monopolize

### COUNTERCLAIM PARAGRAPH NO. 112:

The attempt to monopolize in violation of Sherman Act § 2 arises out of WesternGeco's fraudulent procurement and enforcement of the Bittleston Patents.

### ANSWER TO COUNTERCLAIM PARAGRAPH NO. 112:

WesternGeco denies the allegations of Counterclaim Paragraph 112.

### COUNTERCLAIM PARAGRAPH NO. 113:

WesternGeco's improper acts in procuring the Bittleston Patents constitute knowing, willful, and intentional acts, misrepresentations, and/or omissions before the PTO sufficient for a finding of fraud on the PTO.

### ANSWER TO COUNTERCLAIM PARAGRAPH NO. 113:

WesternGeco denies the allegations of Counterclaim Paragraph 113.

### COUNTERCLAIM PARAGRAPH NO. 114:

On information and belief, WesternGeco's deliberate and intentional failure to disclose the DigiCOURSE device upon which the subject matter of the Bittleston Patents' claims are based materially affected allowance of the Bittleston Patents in that one or more claims of the Bittleston Patents would not have been allowed (at least in their present form) but for WesternGeco's fraudulent omission.

### ANSWER TO COUNTERCLAIM PARAGRAPH NO. 114:

WesternGeco denies the allegations of Counterclaim Paragraph 114.

### COUNTERCLAIM PARAGRAPH NO. 115:

On information and belief, WesternGeco has asserted the Bittleston Patents against ION Geophysical with knowledge of its failure to cite material prior art during the prosecution of the applications for the Bittleston Patents, and thus, with knowledge of the Bittleston Patents' invalidity and/or unenforceability.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 115:**

WesternGeco denies the allegations of Counterclaim Paragraph 115.

**COUNTERCLAIM PARAGRAPH NO. 116:**

By the improper conduct described above, WesternGeco is intentionally attempting to monopolize at least one relevant market and/or submarket in the United States in violation of Sherman Act § 2. Specifically, WesternGeco seeks to monopolize the markets for marine seismic surveys performed using laterally steerable streamers and for 4D marine seismic surveys by alleging infringement of the fraudulently procured Bittleston Patents against its competitor, ION Geophysical — thereby attempting to remove its competitor from the relevant markets by seeking to enjoin ION Geophysical permanently from participating in said market. *See* WesternGeco's Compl., p. 8, ¶¶ H,I.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 116:**

WesternGeco denies the allegations of Counterclaim Paragraph 116.

**COUNTERCLAIM PARAGRAPH NO. 117:**

On information and belief, by alleging infringement of the fraudulently procured Bittleston Patents against its competitor and by seeking to prevent participation by its competitor in said markets through a permanent injunction against ION, WesternGeco could harm the entire market for marine seismic surveys performed using laterally steerable streamers and the 4D marine seismic surveys submarket by drastically reducing competition, stifling innovation, and increasing prices to all consumers of marine seismic surveys performed using laterally steerable streamers and 4D marine seismic surveys.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 117:**

WesternGeco denies the allegations of Counterclaim Paragraph 117.

**COUNTERCLAIM PARAGRAPH NO. 118:**

On information and belief, there is a dangerous probability that WesternGeco's attempt to monopolize the relevant market and submarkets will be successful if WesternGeco's behavior of asserting fraudulently procured patents is not enjoined.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 118:**

WesternGeco denies the allegations of Counterclaim Paragraph 118.

**COUNTERCLAIM PARAGRAPH NO. 119:**

As a result of WesternGeco's actions in violation of United States antitrust laws, ION Geophysical has been damaged by at least loss of sales, loss of customer goodwill, business disparagement, and the cost of defending against WesternGeco's improperly procured Bittleston Patents. Accordingly, ION Geophysical has standing under Section 4 of the Clayton Act to bring this counterclaim.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 119:**

WesternGeco denies the allegations of Counterclaim Paragraph 119.


**Eleventh Counterclaim – Antitrust Violation as to the '038 Patent**


**COUNTERCLAIM PARAGRAPH NO. 120:**

ION Geophysical repeats and realleges each and every allegation contained in Paragraphs 56-119 of the Counterclaims as if fully set forth herein.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 120:**

WesternGeco repeats and realleges each and every Answer to Counterclaim Paragraphs

56 - 119 as if fully set forth herein.


**COUNTERCLAIM PARAGRAPH NO. 121:**

On information and belief, one or more individuals associated with the filing and prosecution of the application that led to the issuance of the '038 patent including the alleged inventor and the inventor's attorney, deliberately and intentionally committed fraud before the PTO in the procurement of the '038 Patent. The '038 Patent was assigned to WesternGeco.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 121:**

WesternGeco admits that the '038 patent was assigned to WesternGeco. WesternGeco

denies the remaining allegations of Counterclaim Paragraph 121.


**COUNTERCLAIM PARAGRAPH NO. 122:**

On information and belief, WesternGeco's deliberate and intentional misrepresentation of the true teaching of the Hillesund reference materially affected allowance of the '038 Patent in

that one or more claims of the '038 Patent would not have been allowed (at least in their present form) but for WesternGeco's fraudulent omission.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 122:**

WesternGeco denies the allegations of Counterclaim Paragraph 122.

### Relevant Market & Market Power

**COUNTERCLAIM PARAGRAPH NO. 123:**

On information and belief, WesternGeco is one of, if the not the largest provider of marine seismic services in the United States. ION Geophysical competes with WesternGeco in the United States market by, among other things, manufacturing and selling devices which provide for the lateral steering of marine seismic streamers and by providing seismic data processing services for 4D seismic surveys.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 123:**

WesternGeco admits that it performs marine seismic surveys, that it has been commercially successful in performing these surveys, and that it has been harmed by ION's infringement of WesternGeco's patents. WesternGeco denies the remaining allegations of Counterclaim Paragraph 123.

**COUNTERCLAIM PARAGRAPH NO. 124:**

A relevant market is the market for marine seismic surveys performed using laterally steerable streamers in the United States. Upon information and belief, the United States market for marine seismic surveys performed using laterally steerable streamers is a separate and distinct market from other geographical markets. Furthermore, the market for marine seismic surveys performed using laterally steerable streamers is a separate and distinct market from the market for marine seismic surveys performed using other seismic survey devices. WesternGeco is active in the market for marine seismic surveys performed using laterally steerable streamers and, on information and belief, controls a significant share of the market and/or is attempting to gain a significant share of the market through the fraudulently procured '038 Patent.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 124:**

WesternGeco admits that it performs marine seismic surveys and that WesternGeco has been harmed by ION's infringement of WesternGeco's patents. WesternGeco denies that ION's

eleventh counterclaim has any merit or that any relevant market exists for that counterclaim and,

accordingly, denies the remaining allegations of Counterclaim Paragraph 124.

**COUNTERCLAIM PARAGRAPH NO. 125:**

A relevant submarket is the market for 4D marine seismic surveys.  WesternGeco is
active in the market for 4D marine seismic surveys, and on information and belief, controls a
significant share of the market and/or is attempting to gain a significant share of the market
through the fraudulently procured '038 Patent.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 125:**

WesternGeco admits that it performs 4D marine seismic surveys and that WesternGeco

has been harmed by ION's infringement of WesternGeco's patents.  WesternGeco denies that

ION's eleventh counterclaim has any merit or that any relevant market exists for that

counterclaim and, accordingly, denies the remaining allegations of Counterclaim Paragraph 125.

**Attempt to Monopolize**

**COUNTERCLAIM PARAGRAPH NO. 126:**

The attempt to monopolize in violation of Sherman Act § 2 arises out of WesternGeco's
fraudulent procurement and enforcement of the '038 Patent.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 126:**

WesternGeco denies the allegations of Counterclaim Paragraph 126.

**COUNTERCLAIM PARAGRAPH NO. 127:**

WesternGeco's improper acts in procuring the '038 Patent constitute knowing, willful,
and intentional acts, misrepresentations, and/or omissions before the PTO sufficient for a finding
of fraud on the PTO.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 127:**

WesternGeco denies the allegations of Counterclaim Paragraph 127.

**COUNTERCLAIM PARAGRAPH NO. 128:**

On information and belief, WesternGeco's deliberate and intentional misrepresentation of the Hillesund reference materially affected allowance of the '038 Patent in that one or more claims of the '038 Patent would not have been allowed (at least in their present form) but for WesternGeco's fraudulent omission.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 128:**

WesternGeco denies the allegations of Counterclaim Paragraph 128.

**COUNTERCLAIM PARAGRAPH NO. 129:**

On information and belief, WesternGeco has asserted the '038 Patent against ION Geophysical with knowledge of its misrepresentation of material prior art during the prosecution of the applications for the '038 Patent, and thus, with knowledge of the '038 Patent's invalidity and/or unenforceability.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 129:**

WesternGeco denies the allegations of Counterclaim Paragraph 129.

**COUNTERCLAIM PARAGRAPH NO. 130:**

By the improper conduct described above, WesternGeco intentionally attempted to monopolize at least one relevant market and/or submarket in the United States in violation of Sherman Act § 2. Specifically, WesternGeco seeks to monopolize the markets for marine seismic surveys performed using laterally steerable streamers and for 4D marine seismic surveys by alleging infringement of the fraudulently procured '038 Patent against its competitor, ION Geophysical — thereby attempting to remove its competitor from the relevant markets by seeking to enjoin ION Geophysical permanently from participating in said market. *See* WesternGeco's Compl., p. 8, ¶¶ H,I.

**ANSWER TO COUNTERCLAIM PARAGRAPH NO. 130:**

WesternGeco denies the allegations of Counterclaim Paragraph 130.

**COUNTERCLAIM PARAGRAPH NO. 131:**

On information and belief, by alleging infringement of the fraudulently procured '038 Patent against its competitor and by seeking to prevent participation by its competitor in said markets through a permanent injunction against ION, WesternGeco could harm the entire market for marine seismic surveys performed using laterally steerable streamers and the 4D marine seismic surveys submarket by drastically reducing competition, stifling innovation, and

increasing prices to all consumers of marine seismic surveys performed using laterally steerable streamers and 4D marine seismic surveys.

## ANSWER TO COUNTERCLAIM PARAGRAPH NO. 131:

WesternGeco denies the allegations of Counterclaim Paragraph 131.

## COUNTERCLAIM PARAGRAPH NO. 132:

On information and belief, there is a dangerous probability that WesternGeco's attempt to monopolize the relevant market and submarkets will be successful if WesternGeco's behavior of asserting fraudulently procured patents is not enjoined.

## ANSWER TO COUNTERCLAIM PARAGRAPH NO. 132:

WesternGeco denies the allegations of Counterclaim Paragraph 132.

## COUNTERCLAIM PARAGRAPH NO. 133:

As a result of WesternGeco's actions in violation of United States antitrust laws, ION Geophysical has been damaged by at least loss of sales, loss of customer goodwill, business disparagement, and the cost of defending against WesternGeco's improperly procured '038 Patent.  Accordingly, ION Geophysical has standing under Section 4 of the Clayton Act to bring this counterclaim.

## ANSWER TO COUNTERCLAIM PARAGRAPH NO. 133:

WesternGeco denies the allegations of Counterclaim Paragraph 133.

## GENERAL DENIAL

WesternGeco further denies each and every allegation contained in the Counterclaims to which WesternGeco has not specifically responded.

## DEFENSES

WesternGeco alleges and asserts the following defenses in response to the allegations of ION's Counterclaim, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

## FIRST AFFIRMATIVE DEFENSE

134.    The counterclaims are barred for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

135.    ION's counterclaims are barred, in whole or in part, by the *Noerr-Pennington* doctrine
and/or the First Amendment of the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE

136.    ION's counterclaims are barred, in whole or in part, because Defendants lack standing to
assert a claim against WesternGeco.

## FOURTH AFFIRMATIVE DEFENSE

137.    ION's counterclaims are barred, in whole or in part, because one or more claims of U.S.
Patent No. 6,525,992 are invalid and/or unenforceable for failing to comply with one or
more provisions of the patent laws, 35 U.S.C. § 1 *et seq.*, including but not limited to 35
U.S.C. §§ 101, 102, 103 and 112, or is unenforceable.  WesternGeco reserves the right to
assert any other basis for invalidity or unenforceability, or any other defense, that
discovery may reveal.

## FIFTH AFFIRMATIVE DEFENSE

138.    ION's claims for relief and prayer for damages are barred, in whole or in part, by 35
U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE

139.    ION is estopped from construing the claims of U.S. Patent No. 6,525,992 in such a way
as may cover any WesternGeco product or process by reasons of statements made to the

United States Patent and Trademark Office during the prosecution of the applications that led to the issuance of the patents.

### SEVENTH AFFIRMATIVE DEFENSE

140. The '992 patent is completely and permanently unenforceable due to inequitable conduct before the United States Patent & Trademark Office ("USPTO"). Examples of this inequitable conduct are discussed below, and WesternGeco believes that additional examples are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

141. By October 28, 1993, GECO A.S. employees had authored the "NESSIE-4 Feasibility Report: Integrated Birds," a copy of which is attached hereto as Exhibit 2.

142. The October 28, 1993 report discloses streamer positioning devices for horizontal steering of streamers. It includes the disclosure of a positing device with "two wings" where "[b]oth the wing pitch angles will be controlled independently."

143. The October 28, 1993 report is publicly available. For example, the USPTO and/or the Australian Patent Office ("APO") maintain copies of the report in their publicly available files.

144. Upon information and belief, ION and/or ION's counsel had actual or constructive knowledge of the October 28, 1993 report prior to filing ION's Counterclaim in this case.

145. By February 17, 1995, Simon Bittleston had authored a paper titled "Position Control of Marine Seismic Streamers," a copy of which is attached hereto as Exhibit 3.

146.    The February 17, 1995 paper discloses positioning devices for steering streamers which "provide the means to force the streamer both horizontally and vertically." It includes the disclosure of a positioning device with "two wings" that "are independently controlled."

147.    The February 17, 1995 paper is publicly available. For example, the USPTO and/or the APO maintain copies of the report in their publicly available files.

148.    Upon information and belief, ION and/or ION's counsel had actual or constructive knowledge of the February 17, 1995 paper prior to filing ION's Counterclaim in this case.

149.    Simon Bittleston and/or other GECO A.S. employees met with representatives of DigiCOURSE after April 25, 1995. During this meeting Simon Bittleston and/or other GECO A.S. employees discussed with DigiCOURSE the use of streamer positioning devices to control the horizontal and vertical locations of streamers.

150.    The information disclosed by Simon Bittleston and/or other GECO A.S. employees to DigiCOURSE in 1995 represents prior art to, inventorship of, and/or co-inventorship of the subject matter claimed by the '992 patent.

151.    As an example of the inequitable conduct before the USPTO that renders the '992 patent unenforceable, as part of the filing and prosecution of the '992 patent, the named inventors and/or others with a duty of candor and good faith in dealing with the USPTO failed to disclose this prior art, inventorship, and/or co-inventorship with intent to deceive the USPTO into granting the '992 patent.

152.   Upon information and belief, a reasonable Patent Examiner would have considered this prior art, inventorship, and/or co-inventorship highly material to the patentability of the claims of the '992 patent.

### EIGHTH AFFIRMATIVE DEFENSE

153.   ION's counterclaims are barred, in whole or in part, because WesternGeco did not engage in any pattern or practice of illegal activity.

### NINTH AFFIRMATIVE DEFENSE

154.   ION's counterclaims are barred, in whole or in part, because any act or omission by or on behalf of WesternGeco alleged in the Counterclaims was legally or equitably protected by applicable privileges, constituted *bona fide* business competition, and/or was undertaken in pursuit of legitimate business interests, and not for the purpose or effect of injuring competition.

### TENTH AFFIRMATIVE DEFENSE

155.   ION's counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

156.   ION's counterclaims are barred, in whole or in part, by the applicable statutes of limitations and/or the doctrines of laches, estoppel, waiver, and/or acquiescence.

### TWELFTH AFFIRMATIVE DEFENSE

157.   ION's counterclaims are barred by the doctrine of preemption.

## THIRTEENTH AFFIRMATIVE DEFENSE

158.   ION's counterclaims are barred, in whole or in part, because the alleged conduct did not

lessen or harm competition in any relevant market.

## FOURTEENTH AFFIRMATIVE DEFENSE

159.   WesternGeco has not infringed any claim of the of the '992 patent, either directly,

indirectly, literally, or under the doctrine of equivalents.

## <u>COUNTERCLAIMS</u>

WesternGeco alleges and asserts the following counterclaims in response to the

allegations of ION's Counterclaim:

## FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT (NON-INFRINGEMENT)

160.   WesternGeco repeats and incorporates by reference Complaint Paragraphs 1-41 and

Answer Paragraphs 134-159.

161.   ION alleges ownership of U.S. Patent No. 6,525,992 (the '992 Patent) and has brought

claims against WesternGeco alleging infringement of the '992 Patent.

162.   WesternGeco has not and does not infringe the '992 Patent, either directly or indirectly,

literally or under the doctrine of equivalents.  WesternGeco has not contributed to any

infringement by others or induced others to infringe the '992 Patent.

163.   An actual case or controversy exists between WesternGeco and ION based on ION

having asserted a counterclaim against WesternGeco alleging infringement of the '992

Patent.

164.   WesternGeco has been injured and damaged by ION having asserted a counterclaim alleging infringement of the '992 Patent, which is not infringed by WesternGeco.

165.   Declaratory relief is appropriate and necessary to establish that WesternGeco does not infringe the '992 Patent.

**SECOND COUNTERCLAIM**

**DECLARATORY JUDGMENT (INVALIDITY)**

166.   WesternGeco repeats and incorporates by reference Complaint Paragraphs 1-41 and Answer Paragraphs 134-165.

167.   ION alleges ownership of the '992 Patent and has brought claims against WesternGeco alleging infringement of the '992 Patent.

168.   WesternGeco alleges that one or more claims of the '992 Patent are invalid and/or unenforceable for failing to comply with one or more provisions of the patent laws, 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112, or is unenforceable.

169.   An actual case or controversy exists between WesternGeco and ION based on ION having asserted a counterclaim against WesternGeco alleging infringement of the '992 Patent.

170.   WesternGeco has been injured and damaged by ION having alleged WesternGeco of infringing the '992 Patent, which is invalid.

171.   Declaratory relief is appropriate and necessary to establish that the '992 Patent is invalid.

## THIRD COUNTERCLAIM
## DECLARATORY JUDGMENT (UNENFORCEABILITY)

172. WesternGeco repeats and incorporates by reference Complaint Paragraphs 1-41 and Answer Paragraphs 134-171.

173. The '992 is invalid or unenforceable because it was procured through inequitable conduct before the PTO. Examples of this inequitable conduct are discussed below, and WesternGeco believes that additional examples are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

174. By October 28, 1993, GECO A.S. employees had authored the "NESSIE-4 Feasibility Report: Integrated Birds," a copy of which is attached hereto as Exhibit 2.

175. The October 28, 1993 report discloses streamer positioning devices for horizontal steering of streamers. It includes the disclosure of a positing device with "two wings" where "[b]oth the wing pitch angles will be controlled independently."

176. The October 28, 1993 report is publicly available. For example, the USPTO and/or the APO maintain copies of the report in their publicly available files.

177. Upon information and belief, ION and/or ION's counsel had actual or constructive knowledge of the October 28, 1993 report prior to filing ION's Counterclaim in this case.

178. By February 17, 1995, Simon Bittleston had authored a paper titled "Position Control of Marine Seismic Streamers," a copy of which is attached hereto as Exhibit 3.

179.    The February 17, 1995 paper discloses positioning devices for steering streamers which "provide the means to force the streamer both horizontally and vertically." It includes the disclosure of a positioning device with "two wings" that "are independently controlled."

180.    The February 17, 1995 paper is publicly available. For example, the USPTO and/or the APO maintain copies of the report in their publicly available files.

181.    Upon information and belief, ION and/or ION's counsel had actual or constructive knowledge of the February 17, 1995 paper prior to filing ION's Counterclaim in this case.

182.    Simon Bittleston and/or other GECO A.S. employees met with representatives of DigiCOURSE after April 25, 1995. During this meeting Simon Bittleston and/or other GECO A.S. employees discussed with DigiCOURSE the use of streamer positioning devices to control the horizontal and vertical locations of streamers.

183.    The information disclosed by Simon Bittleston and/or other GECO A.S. employees to DigiCOURSE in 1995 represents prior art to, inventorship of, and/or co-inventorship of the subject matter claimed by the '992 patent.

184.    As an example of the inequitable conduct before the USPTO that renders the '992 patent unenforceable, as part of the filing and prosecution of the '992 patent, the named inventors and/or others with a duty of candor and good faith in dealing with the USPTO failed to disclose this prior art, inventorship, and/or co-inventorship with intent to deceive the USPTO into granting the '992 patent.

185.   Upon information and belief, a reasonable Patent Examiner would have considered this prior art, inventorship, and/or co-inventorship highly material to the patentability of the claims of the '992 patent.

186.   An actual case or controversy exists between WesternGeco and ION based on ION having asserted a counterclaim against WesternGeco alleging infringement of the '992 Patent.

187.   WesternGeco has been injured and damaged by ION having alleged WesternGeco of infringing the '992 Patent, which is unenforceable.

188.   Declaratory relief is appropriate and necessary to establish that the '992 Patent is unenforceable.

**FOURTH COUNTERCLAIM**
**INVENTORSHIP**

189.   WesternGeco repeats and incorporates by reference Complaint Paragraphs 1-41 and Answer Paragraphs 134-188.

190.   Upon information and belief, the named inventors and/or the attorney prosecuting the application leading to the '992 Patent improperly failed to identify Simon Bittleston and/or other employees of GECO A.S. as inventor(s) of the '992 Patent.

191.   WesternGeco hereby sues to correct the '992 Patent's inventorship pursuant to 35 U.S.C. § 256 to include these representatives.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, WesternGeco prays for judgment:

31

A.      Awarding WesternGeco the relief prayed for in WesternGeco's Complaint;

B.      Declaring that WesternGeco has not infringed the '992 patent;

C.      Declaring that the '992 patent is invalid;

D.      Declaring that the '992 patent is unenforceable;

E.      Directing the USPTO to add Simon Bittleston and/or other GECO A.S. employees as the inventor(s) or co-inventor(s) of the '992 patent;

F.      Finding that WesternGeco has not tortuously interfered with any ION contract or prospective business relationship;

G.      Finding that that WesternGeco has not engaged in any business disparagement of ION;

H.      Finding that WesternGeco has not breached any contract with ION;

I.      Finding that WesternGeco has not committed conversion of any ION property;

J.      Finding that the inventorship of the Bittleston patents is proper;

K.      Finding that WesternGeco has not committed any antitrust violation;

L.      Declaring this case to be exceptional within the meaning of 35 U.S.C. § 285 and awarding WesternGeco the attorney fees, costs, and expense it incurs in this action;

M.      Finding that ION's counsel has unreasonably and vexatiously multiplied the proceedings in this case and awarding attorneys' fees and costs pursuant to 28 U.S.C. § 1927;

N.      Awarding WesternGeco such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff WesternGeco hereby demands a trial by jury for all the issues so triable.


Dated: July 9, 2009

Respectfully submitted,

Lee L. Kaplan
SMYSER KAPLAN & VESELKA, L.L.P.
Bank of America Center
700 Louisiana, Suite 2300
Houston, Texas 77002
Tel:  (713) 221-2323
Fax:  (713) 221-2320
lkaplan@skv.com

*Of Counsel:*

John M. Desmarais, P.C.
john.desmarais@kirkland.com
Timothy K. Gilman
timothy.gilman@kirkland.com
KIRKLAND & ELLIS L.L.P.
601 Lexington Avenue
New York, NY 10022-4675
Tel:  (212) 446-4800
Fax:  (212) 446-4900

*Attorneys for Plaintiff/Counterclaim Defendant*
*WesternGeco L.L.C.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 9th, 2009.

Lee L. Kaplan