IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WESTERNGECO L.L.C., § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. 4:09-cv-01827 |
| § | |
| ION GEOPHYSICAL CORPORATION, § | |
| § | |
| Defendant. § | JURY TRIAL DEMANDED |

### ION GEOPHYSICAL CORPORATION'S ANSWER TO WESTERNGECO L.L.C.'S COUNTERCLAIM

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant ION Geophysical Corporation ("ION Geophysical") files this Answer to Plaintiff WesternGeco L.L.C.'s Counterclaim ("WesternGeco's Counterclaim"):

### ANSWER

1.   ION Geophysical admits the allegations in Paragraph 161 of WesternGeco's Counterclaims.

2.   ION Geophysical denies the allegations in Paragraph 162 of WesternGeco's Counterclaims.

3.   ION Geophysical admits it filed a counterclaim for infringement of U.S. Patent No. 6,525,992 (the "'992 Patent") against WesternGeco but denies the remaining allegations of Paragraph 163 of WesternGeco's Counterclaims.

4.   ION Geophysical denies the allegations in Paragraph 164 of WesternGeco's Counterclaims.

5.   ION Geophysical denies the allegations in Paragraph 165 of WesternGeco's Counterclaims.

6. Paragraph 166 of WesternGeco's Counterclaims states a legal conclusion which requires no response.

7. ION Geophysical admits the allegations in Paragraph 167 of WesternGeco's Counterclaims.

8. ION Geophysical admits the statutory sections cited by WesternGeco in Paragraph 167 concern the issues of invalidity but denies the remaining allegations in Paragraph 168 of WesternGeco's Counterclaims.

9. ION Geophysical admits it filed a counterclaim for infringement of the '992 Patent against WesternGeco but denies the remaining allegations of Paragraph 169 of WesternGeco's Counterclaims.

10. ION Geophysical denies the allegations in Paragraph 170 of WesternGeco's Counterclaims.

11. ION Geophysical denies the allegations in Paragraph 171 of WesternGeco's Counterclaims.

12. ION Geophysical makes no response to the allegations of WesternGeco's Third Counterclaim, Paragraphs 172 to 188, as these allegations are the subject of ION Geophysical's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed concurrently with this pleading. ION reserves its right to respond to the allegations in WesternGeco's Third Counterclaim, and to assert affirmative defenses and counterclaims with respect thereto, if the Court denies ION Geophysical's Motion to Dismiss.

13. As to Paragraph 189 of WesternGeco's Counterclaims states a legal conclusion which requires no response.

14. ION Geophysical denies the allegation in Paragraph 190 of WesternGeco's Counterclaims.

15. ION Geophysical admits that 35 U.S.C. § 256 allows for correction of inventorship but denies the remaining allegations in Paragraph 191 of WesternGeco's Counterclaims.

## GENERAL DENIAL

Subject to ION Geophysical's Motion to Dismiss filed concurrently herewith, ION Geophysical further denies each and every allegation contained in WesternGeco's Counterclaims to which ION has not specifically responded.

## AFIRMATIVE DEFENSES

1. WesternGeco has failed to state a claim upon which relief may be granted.

2. WesternGeco's counterclaims are barred under the equitable doctrine of unclean hands.

3. WesternGeco's counterclaims are barred in whole or in part by the equitable doctrines of laches, waiver, and equitable estoppel.

WHEREFORE, Plaintiff ION Geophysical Corporation respectfully requests that the Court enter a final judgment against Plaintiff WesternGeco L.L.C. as follows:

(i) awarding ION Geophysical the relief prayed for in ION Geophysical's Answer and Counterclaims;

(ii) denying WesternGeco's relief sought in its Complaint and Counterclaims;

(iii) declaring this case to be exceptional within the meaning of 35 U.S.C. § 285 and awarding ION Geophysical the attorney fees, costs, and expenses it incurs in this action; and

(iv)   awarding ION Geophysical such other and further relief to which it may show itself justly entitled.

Dated:  August 3, 2009.

>Respectfully submitted,
>
>/s/ David Burgert
>David Burgert, Esq.
>*LEAD ATTORNEY*
>State Bar No. 03378300
>dburgert@porterhedges.com
>Ray T. Torgerson.
>State Bar No. 24003067
>rtorgerson@porterhedges.com
>Paul A. Dyson
>State Bar No. 24059704
>pdyson@porterhedges.com
>PORTER & HEDGES, LLP
>1000 Main Street, 36th Floor
>Houston, Texas 77002-6336
>Telephone:  (713) 226-6668
>Facsimile:   (713) 226-6268
>
>**ATTORNEYS FOR DEFENDANT**
>**ION GEOPHYSICAL CORPORATION**

**CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that on the 3rd day of August 2009, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Lee L. Kaplan, Esq.<br>Attorney in Charge<br>SMYSER KAPLAN & VESELKA, L.L.P.<br>700 Louisiana, Suite 2300<br>Houston, TX 77002<br>Tel: 713-221-2323<br>Fax: 713-221-2320<br>E-mail: www.lkaplan@skv.com<br><br>ATTORNEYS FOR PLAINTIFF<br>WESTERNGECO L.L.C. | Timothy K. Gilman, Esq.<br>KIRKLAND & ELLIS L.L.P.<br>Citigroup Center<br>153 East 53rd Street<br>New York, NY 10022-4675<br>Tel: 212-446-4689<br>Fax: 212-446-4900<br>E-mail: tgilman@kirkland.com<br><br>John M. Desmarais, P.C.<br>KIRKLAND & ELLIS L.L.P.<br>601 Lexington Avenue - 36th Floor<br>New York, NY 10022-4675<br>Tel: 212-446-4639<br>Fax: 212-446-4900<br>E-mail: jdesmarais@kirkland.com |

                                            /s/ David Burgert<br>
                                            David L. Burgert