IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESTERNGECO L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:09-CV-01827 |
| | § | |
| ION GEOPHYSICAL CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## FUGRO GEOTEAM, INC.'S POST HEARING SUBMISSION ON WESTERNGECO'S MOTION TO COMPEL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Fugro Geoteam, Inc. and files this its Post Hearing Submission following the May 14, 2010 oral argument, heard in connection with WesternGeco's Motion to Compel. Fugro Geoteam, Inc. submits this Post Hearing Submission to clarify a few points raised during the hearing.

### I.

At the hearing, the Court inquired of Fugro Geoteam, Inc.'s counsel whether WesternGeco had been provided the name of the appropriate Fugro entity that might have the documents being sought. The answer is "yes." WesternGeco's Motion to Compel admits, at page 6, that:

> On November 19, 2009, counsel for WesternGeco conferred with Bradley A. Jackson, U.S. General Counsel for Fugro, Inc. (Ex. 23). During that conference and subsequent correspondence, Mr. Jackson refused to produce documents and indicated that Fugro-Geoteam was the Fugro entity with relevant information (Ex. 23; Ex. 24).

Consistent with its approach to the entire issue of "control" in this matter, WesternGeco uses the broad term "Fugro-Geoteam" rather than the name of the entity that was actually discussed, which was Fugro Norway A/S, the "operator" entity which appears on the website documents WesternGeco relied on in support of its Motion (Ex. 79-1, App. A, page 3 of 12, Ex. 81). In fact, the General Counsel for Fugro, Inc., Bradley A. Jackson, advised WesternGeco's attorney, Tim Gilman, that he would have to go to Fugro-Geoteam in Norway (A/S) to get any documents. It is in this context that Jackson's letter of November 20, 2009, to Gillman (Ex. 23) makes sense. The November 20, 2009 (Ex. 23) letter clearly discusses the issue of the appropriateness of service of a subpoena in the United States as opposed to the advices that counsel would have to obtain the documents from a foreign entity. WesternGeco's Exhibit 25, a letter from Gillman to Jackson dated December 22, 2009, demonstrates that counsel had been advised that Fugro Geoteam, Inc., the entity actually subpoenaed, would not have any documents responsive to the subpoena and that counsel was seeking documents from a foreign country, in this instance, Norway.

The point is that if WesternGeco had followed appropriate procedures for obtaining production of documents abroad beginning six months ago, they would likely have whatever documents may be responsive in hand. This also illustrates the applicability of the holding in *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*, 233 F.R.D. 143, 146 (D. Del. 2005), that where there is an alternative means for obtaining documents, litigants must follow that alternative. The court in *Power Integrations* held:

> Further, the Court understands that Power Integrations has several options available to it to obtain the discovery it seeks. Power Integrations may apply the processes of the Hague Convention to subpoena LGE-Korea, the party with actual possession and control over the document Power Integrations seeks. Because alternative avenues exist for Powers Integrations to pursue the requested information, and the circumstances in this case do not justify the Court

> disregarding the "corporate formalities" associated with related but independent corporate entities to obtain documents in the possession and immediate control of a non-party parent corporation, the Court will grant LGE-USA's Motion to Quash.

Finally, it is illustrative of WesternGeco's view that a United States litigant may run roughshod over such international considerations as evidenced by the Hague Convention just so its lawyers may have records produced to them locally, which is more convenient for them.

## II.

A second point that requires addressing involves WesternGeco's continuing arm waving and hyperbole in contrast to each of the non-parties in this case which have submitted sworn affidavits in opposition to WesternGeo's Motion to Compel. At the hearing, WesternGeco posited that the regulatory filing by another non-party, Statoil, demonstrated the operation of the Fugro-Geoteam entities as a single entity held out to third parties as such. WesternGeco relied on the possibility of future work offshore Alaska as representative of Fugro-Geoteam, Inc.'s use of Ion infringing products on vessels it is in charge of.

First, the uncontroverted Affidavit of Hans Christian Vaage, filed with Fugro Geoteam's Inc.'s Reply, establishes, among other salient points, that Fugro Geoteam, Inc. has never engaged in such activities before and that the company came into existence only two years ago. Second, simple logic dictates that a proposal for future work does not translate into evidence of numerous past activities. Finally, the regulatory filing by Statoil for future work which will not commence until August of 2010 clearly demonstrates different ownership of the vessel to be used and that the operator will be the Norwegian company, Fugro-Geoteam A/S, not Fugro Geoteam, Inc., which will simply act as a project manager using one employee who will not even be onboard the vessel. Identifying separate entities involved in a potential future job simply does not translate into those individual companies holding themselves out as a single entity.

## III.

As a third and final matter, the Court was referred to authority from the United States Court of Appeals for the Fifth Circuit Authority holding specifically that "access" to documents does not meet the legally required standard of "control" over documents. The citation to the case is *Wiwa v. Royal Dutch Petroleum Company*, 392 F.3d 812, 821 (5th Cir. 2004). The *Wiwa* court, interpreting Federal Rule 34, specifically held that the rule requires the production of documents in the "possession, custody, or control" and that these terms could not broadly be read to include "access to". Other courts have similarly interpreted *Wiwa* in this manner. *See, e.g., Maale, III v. Caicos Beach Club Charter, Ltd.*, 2010 U.S. Dist. LEXIS 10559 at 2 (S.D. Fla. 2010) (citing *Wiwa* for the proposition that: "The word 'control' has a narrower meaning than 'access to'"); *Duran v. Portfolio Recovery Associates, LLC*, 2008 U.S. Dist. LEXIS 108433 at 9 (W.D. Tex. 2008) ("The documents a party requests to be produced must be in the 'custody, control or possession' of the other party, rather than the other party merely having access to the documents").

WHEREFORE, PREMISES CONSIDERED, Fugro Geoteam, Inc. files this its Post Hearing Submission on WesternGeco's Motion to Compel, and requests that WesternGeco's Motion to Compel be denied.

Respectfully submitted,

/s/ John M. Elsley
John M. Elsley
State Bar No.: 06591950
Pennzoil Place
711 Louisiana Street, Suite 500
Houston, Texas 77002-2716
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
john.elsley@roystonlaw.com

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on the following counsel of record via CM/ECF on this the 17th day of May, 2010:

Lee L. Kaplan
Smyser, Kaplan & Veselka, L.L.P.
Bank of America Center
700 Louisiana, Suite 2300
Houston, Texas 77002

David Lee Burgert
Porter & Hedges
1000 Main Street, Suite 3600
Houston, Texas 77002-6336

Michael Heim
Heim, Payne & Chorush, LLP
600 Travis Street, Suite 6710
Houston, Texas 77002

Mr. Phillip B. Dye
Vinson & Elkins
First City Tower
1001 Fannin Street, Suite 2500
Houston, Texas 77002

And upon the following counsel of record via facsimile:

>John M. Desmarais, P.C.
>Timothy K. Gilman
>Sarah K. Tsou
>Rochelle Lee
>Kirkland & Ellis LLP
>601 Lexington Avenue
>New York, New York 10022
>Facsimile: (212) 446-4900

/s/ John M. Elsley
Of Royston, Rayzor, Vickery & Williams, L.L.P.