UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESTERNGECO LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-1827 |
| | § | |
| ION GEOPHYSICAL CORPORATION, | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Before the Court is the Motion to Compel Third-Party Production by Plaintiff WesternGeco L.L.C. ("Plaintiff") (Doc. No. 81). In its Motion to Compel, Plaintiff seeks production of documents from Fugro-Geostream, Inc. ("FGI"), Petroleum Geo-Services, Inc. ("PGSI"), and Polarcus Limited ("PL"). Plaintiff alleges that each of the third-parties uses products manufactured by Defendant Ion Geophysical Corporation ("Defendant"), whom Plaintiff is suing for patent infringement. Plaintiff further alleges that the documents sought are relevant to the counterclaims that Defendant is pursuing against Plaintiff for, among other things, tortious interference with Defendant's business relations and antitrust violations. FGI, PGSI, and PL object on various grounds, and argue that the documents requested are in the possession and control of overseas entities from whom no documents have been sought.

The arguments of Plaintiff and each of these third-parties will be considered in turn.

**I.     FGI**

As to FGI, there appears to be no dispute that the documents Plaintiff seeks do not belong to FGI. But the relevant issue is whether the documents sought are within the "possession,

custody, or control" of the subpoenaed party. F.R.Civ.P. 45(a)(1)(A)(iii). FGI has attached to its response to the Motion to Compel an affidavit from Mr. Hans Christian Vaage, the President of FGI. (FGI Resp., Doc. No. 92, Ex. A.) In that affidavit, Mr. Vaage denies that FGI is in possession of any of the requested documents and also denies that FGI is "housing" those documents. (*Id*. ¶ 12.) Mr. Vaage further denies that FGI owns or charters the particular vessels about which Plaintiff seeks documents. (*Id*. ¶ 13.) He attests that FGI was incorporated only two years ago, and, along with other affiliates, operates under the ultimate ownership of a holding company, Fugro N.V., which is a Netherlands limited liability company. (*Id*. ¶ 8.)

Plaintiff argues, however, that FGI cannot distance itself from three other "Fugro-Geoteam" entities. Plaintiff contends that all four entities are wholly-owned subsidiaries of the same parent company, have overlapping management personnel, and use a single brand name. Plaintiff also makes sound arguments that the various affiliates of FGI hold themselves out as being "highly centralized, but cohesive," and that a recent annual report of Fugro N.V., the holding company, states "Capacity utilisation and cooperation are optimised through the exchange of equipment, employees and expertise between various activities."

In *Wiwa v. Royal Dutch Petroleum Co.*, the Fifth Circuit considered a subpoena that required a non-party former employee of the defendant in Nigeria to produce documents belonging to the defendant even though the party subject to the subpoena then lived in Texas. 392 F.3d 812 (5th Cir. 2004). The Court held that the language of the subpoena that required the third party to produce documents "to which he had access" was too broad. *Id*. at 821. In particular, the Court believed that the request went beyond the Federal Rules of Civil Procedure limitation to documents under his "possession, custody, or control." The case is not identical to

this one, of course, because the third party was an individual rather than an affiliated entity of the entity that allegedly had access. But, the case does stand for the proposition that "access," as a standard for document production, is too broad.

Plaintiff relies on authority from outside the Fifth Circuit, including authority interpreting Federal Rule of Civil Procedure 34(a), which uses the same "possession, custody, or control" language as Rule 45. *See e.g.*, *Camden Iron and Metal, Inc. v. Marubeni Am. Corp.*, 138 F.R.D. 438, 442 (D.N.J. 1991) (noting that "Rule 34(a) does not require plaintiff to demonstrate an alter ego relationship in order to show that a litigant 'controls' documents or things that are possessed by a parent corporation"); *Halliburton Energy Servs., Inc. v. M-I LLC,* 1:06MC001, 2006 WL 3085622, at *1 (S.D. Ohio Oct. 27, 2006) (holding that control means "the ability to obtain and . . . is derived from the closeness, connection and practical interaction" between the various related entities).

The Court is entirely sympathetic to Plaintiff's desire to obtain documents from third parties without going through the expensive and time-consuming effort implicit in trying to reach a foreign corporation. The Court also acknowledges that Fifth Circuit authority is surprisingly sparse. Nonetheless, the *Wiwa* decision, a recent and unanimous opinion, does counsel that— even assuming FGI does have access to documents in the possession of its affiliates—this is insufficient to establish possession, custody, or control as required under the Federal Rules. Plaintiff's Motion to Compel must accordingly be denied as to FGI.

  **II. PGSI**

PGSI has produced documents that it acknowledges are within its control. It objects to further production on various grounds. The affidavit of Mr. James Brasher, Vice President and Senior Legal Counsel of PGSI, avers that Petroleum Geo-Services ASA, a public limited liability

company in Norway, is the parent of PGSI. (PGSI Resp., Doc. No. 93, Ex. 1 ¶ 3.) Mr. Brasher also says that PGSI "has no legal right, contractual or otherwise, to access the documents of" its parent. (*Id*. ¶ 6.) Indeed, he attests that PGSI approached its parent about gaining access to the documents sought in Plaintiff's subpoena and was refused. (*Id*. ¶ 8.)

Mr. Brasher also makes a passing reference to the law of Norway, the law applicable to FGSI's parent, and notes that "Norwegian privacy laws could inhibit access to the file and document of" PGSI's employees. (*Id.* ¶ 12.) Because personal information is not being sought, the Court cannot accord this concern any weight. Mr. Brasher also refers to proprietary information that might be implicated in the requested production. (*Id*. ¶ 15.) PGSI would, however, be able to take advantage of the Protective Order in place in this case. Without any suggestion from PGSI that this protection would be inadequate, the concern as to divulging proprietary information seems also to deserve little weight.

In response to PGSI's objections to production, Plaintiff argues that PGSI and Petroleum Geo-Services ASA share officers, company reports, email domains and websites, and have financial reports that consolidate revenue from both entities in a single statement. In sum, Plaintiff contends that the various entities operate as a single, world-wide integrated company with substantial contacts in Houston. Plaintiff cites *First Nat'l City Bank v. IRS,* 271 F.2d 616, 618 (2d Cir. 1959) (holding that, where a branch or subsidiary has access to the documents in another branch when the need arises in the ordinary course of business, there is sufficient control over such documents).

As with FGI, however, although Plaintiff's arguments are substantial ones, Plaintiff has not established that PGSI has control over the relevant documents in the sense that the Fifth

Circuit appears to contemplate because, as discussed above, access to documents is not sufficient. The Motion to Compel as to PGSA must be denied.

### III. PL

PL's initial objection to Plaintiff's subpoena is that it was served on an employee of PL who is not "an officer, a managing or general agent, or any other agent authorized by appointment or by law to received service of process." FED. R. CIV. P. 4(h)(1)(B). A party vested with general powers involving the exercise of independent judgment and discretion is such an agent. *Jim Fox Enterprises, Inc. v. Air France*, 664 F.2d 63, 64 (5th Cir. 1981). The person served should at least be "responsible for any substantial aspect of the corporation's operations, i.e. was a managing or general agent." *Fyfee v. Bumbo Ltd.*, 2009 WL 2996885, at *3 (S.D. Tex. Sept. 16, 2009). Indeed, the Fifth Circuit has take an even more restrictive view of service of process rules, holding that the corporate entity sought to be served must have actually authorized the agent to accept service of process on its behalf. *See Lisson v. ING Groep*, 262 Fed. Appx. 567, 569 (5th Cir. 2007) (unpublished) (per curiam).

As PL correctly notes, "When service of process is challenged, the serving party bears the burden of proving its validity." *Sys. Signs Supplies v. United States Dep't of Justice,* 903 F.2d 1011, 1013 (5th Cir. 1990). Plaintiff has not carried this burden here. PL attaches to its brief the Declaration of C. Richard Price, the individual upon whom process was served in this case. In his declaration, Mr. Price states that he does not have the authority to enter into sales contracts on behalf of PL, that he is not an officer, director, or managing agent of PL, and that he is not authorized to accept service of process for PL. (PL Resp, Doc. No. 90, Ex. B ¶ 3.) Plaintiff offers no persuasive evidence that Mr. Price actually has sufficient authority to qualify as an officer, general agent, or managing agent. Thus, it is evident that Mr. Price is not a managing or general

agent as contemplated by Rule 4(h)(1)(B). Accordingly, the Court is unable to order relief against PL.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Compel (Doc. No. 81) is **DENIED**.

**IT IS SO ORDERED**.

Signed at Houston, Texas on this 2nd day of June, 2010.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE