IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESTERNGECO L.L.C., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 4:09-cv-1827 |
| ION GEOPHYSICAL CORPORATION, FUGRO-GEOTEAM, INC., FUGRO-GEOTEAM AS, FUGRO NORWAY MARINE SERVICES AS, FUGRO, INC., FUGRO (USA), INC., and FUGRO GEOSERVICES, INC. | ) ) ) ) ) ) ) | Hon. Keith Ellison JURY DEMANDED |
| Defendants. | ) ) | |

## **AMENDED FUGRO COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff WesternGeco L.L.C., for its Complaint against Defendants Fugro-Geoteam, Inc., Fugro-Geoteam AS, Fugro Norway Marine Services AS, Fugro, Inc., Fugro (USA), Inc. and Fugro GeoServices, Inc. (collectively, "Fugro" or the "Fugro entities"), hereby alleges as follows and demands a jury trial on all issues so triable.

## **THE PARTIES**

1. Plaintiff WesternGeco L.L.C. ("WesternGeco") is a Delaware corporation having a principal place of business at 10001 Richmond Avenue, Houston, Texas 77042-4299.

2. Upon information and belief, Fugro-Geoteam, Inc. is a Texas corporation and a wholly-owned subsidiary of Fugro N.V. having a place of business at 6100 Hillcroft, Houston, Texas 77081.

3. Upon information and belief, Defendant Fugro-Geoteam AS is a Norwegian corporation and a wholly-owned subsidiary of Fugro N.V. having a place of business at Hoffsveien 1C, Oslo, 0213, Norway.

4. Upon information and belief, Defendant Fugro Norway Marine Services AS is a Norwegian corporation and a wholly-owned subsidiary of Fugro N.V. having a place of business at Hoffsveien 1C, Oslo, 0213, Norway.

5. Upon information and belief, Fugro, Inc. is a Texas corporation and a wholly-owned subsidiary of Fugro N.V. having a place of business at 6100 Hillcroft, Houston, Texas 77081.

6. Upon information and belief, Fugro (USA), Inc. is a Delaware corporation and a wholly-owned subsidiary of Fugro N.V. having a place of business at 6100 Hillcroft, Houston, Texas 77081.

7. Upon information and belief, Fugro GeoServices, Inc. is a Delaware corporation and a wholly-owned subsidiary of Fugro N.V. having a place of business at 6100 Hillcroft, Houston, Texas 77081.

## PRIOR PLEADINGS

8. This Amended Complaint amends WesternGeco's June 16, 2010 Complaint against Fugro in Case No. 4:10-cv-02120. This amended complaint does not affect or modify WesternGeco's June 12, 2009 Complaint against ION Geophysical Corp. in the above-captioned matter. (D.I. 1) To the extent necessary, WesternGeco hereby incorporates that Complaint against ION Geophysical Corp. (D.I. 1) in its entirety into this Amended Complaint.

## NATURE OF THE ACTION

9. This is a civil action for the willful infringement of United States Patents No. 6,691,038 ("the '038 patent"), 6,932,017 ("the '017 patent"), 7,080,607 ("the '607 patent"), 7,162,967 ("the '967 patent"), and 7,293,520 ("the '520 patent"). This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the infringement action pursuant to 28 U.S.C. §§ 2201–2202, and 28 U.S.C. §§ 1331 and 1338(a).

11. Fugro is subject to personal jurisdiction in this Court as evidenced by, *inter alia*, its presence in Texas and its systematic and continuous contacts with the State of Texas.

12. Upon information and belief, Fugro is also subject to personal jurisdiction in this Court because Fugro regularly sells products and services to customers within this District, and has also sold infringing products and services to customers within this District. For example, upon information and belief, the Fugro entities have offered for sale infringing products and services relying, at least in part, on equipment, services and/or support provided from this judicial district.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS

14. On February 10, 2004, the '038 patent, titled "Active Separation Tracking And Positioning System For Towed Seismic Arrays," was duly and legally issued to WesternGeco as assignee. WesternGeco is the current assignee of the '038 patent, and is the

owner of the right to sue and to recover for any current or past infringement of that patent. A copy of the '038 patent is attached hereto as Exhibit A.

15. On August 23, 2005, the '017 patent, titled "Control System For Positioning Of Marine Seismic Streamers," was duly and legally issued to WesternGeco as assignee. WesternGeco is the current assignee of the '017 patent, and is the owner of the right to sue and to recover for any current or past infringement of that patent. A copy of the '017 patent is attached hereto as Exhibit B.

16. On July 25, 2006, the '607 patent, titled "Seismic Data Acquisition Equipment Control System," was duly and legally issued to WesternGeco as assignee. WesternGeco is the current assignee of the '607 patent, and is the owner of the right to sue and to recover for any current or past infringement of that patent. A copy of the '607 patent is attached hereto as Exhibit C.

17. On January 16, 2007, the '967 patent, titled "Control System For Positioning Of Marine Seismic Streamers," was duly and legally issued to WesternGeco as assignee. WesternGeco is the current assignee of the '967 patent, and is the owner of the right to sue and to recover for any current or past infringement of that patent. A copy of the '967 patent is attached hereto as Exhibit D.

18. On November 13, 2007, the '520 patent, titled "Control System For Positioning Of A Marine Seismic Streamers," was duly and legally issued to WesternGeco as assignee. WesternGeco is the current assignee of the '520 patent, and is the owner of the right to sue and to recover for any current or past infringement of that patent. A copy of the '520 patent is attached hereto as Exhibit E.

## FACTUAL BACKGROUND

19. Upon information and belief, Fugro operates as a single, world-wide, integrated company with substantial contacts in Houston, Texas.

20. For example, the Fugro entities share the same website, http://www.fugro.com. Upon information and belief, Fugro's website is accessible nationally and internationally, and is active in interstate commerce.

21. The 2009 Annual Report of Fugro N.V. states that "[e]ffective cooperation between [Fugro's] business units is promoted at various levels. . . . Capacity utilisation and cooperation are optimised through the exchange of equipment, employees and expertise between the various activities . . . [and] [t]he integration of information systems and the utilisation of scale advantages enhance the service provided to clients."

22. For example, upon information and belief, the Fugro entities share overlapping directors and management with each other and with their parent, Fugro N.V.

23. Upon information and belief, Fugro conducts marine towed streamer surveys using, *inter alia*, ION Geophysical Corporation's ("ION's") DigiFIN and Compass Birds or DigiBIRD and/or Orca command and control software.

### Fugro's Activities in the United States

24. Upon information and belief, "Fugro-Geoteam," a business or marketing brand encompassing some or all of the Fugro entities, has worldwide responsibility for marine seismic data acquisition services within Fugro.

25. According to a December 18, 2009 Request for Geological and Geophysical Permit (the "2009 Request"), Fugro-Geoteam, Inc. has contracted with Statoil USA E&P, Inc. ("Statoil") to conduct "[g]eophysical data acquisition activities" for the collection of

three-dimensional (3D) marine seismic data (the "2009 planned marine seismic survey"). (2009 Request, Plan of Operations, p. 1) A copy of the 2009 Request is attached hereto as Exhibit F.

26. The 2009 planned marine seismic survey will be conducted in the Chukchi Sea, near the coast of Alaska. (Ex. F at Plan of Operations, p. 1)

27. The 2009 planned marine seismic survey is scheduled to start on July 15, 2010 and end on November 30, 2010. (Ex. F at Plan of Operations, p. 3)

28. Fugro's services in conducting the 2009 planned marine seismic survey include providing a marine vessel and towing an "array of airgun and hydrophone streamers for data acquisition." (Ex. F at Plan of Operations, p. 1)

29. The M/V Geo Celtic, the seismic vessel being used for the 2009 planned marine seismic survey, is operated by Fugro-Geoteam AS and managed by Fugro Norway Marine Services AS. (Ex. F at Appx. A, p. 3) The survey will be conducted by Fugro-Geoteam, Inc. (*Id.* at Plan of Operations, p. 1)

30. The listed contact addresses for the Fugro entities for the 2009 planned marine seismic survey is "6100 Hillcroft" in Houston, Texas ("Fugro's Houston office"). (*Id.* at Appx. C, MMS Form 327, p. 6)

31. Fugro-Geoteam, Inc., Fugro, Inc., Fugro (USA), Inc., and Fugro GeoServices, Inc. are all located at Fugro's Houston office.

32. Upon information and belief, Fugro's 2009 planned marine seismic survey will utilize ION's DigiFIN, Compass Bird or DigiBIRD, DigiRANGE II, and Orca command and control software. According to the 2009 Request, Fugro's 2009 planned marine seismic survey achieves "[s]treamer control" and "[s]treamer positioning" through the use of, *inter alia*, these products and systems. (*Id.* at Appx. A, pp. 9, 11)

33. Upon information and belief, the Fugro entities have offered for sale products and services for Fugro's 2009 planned marine seismic survey relying, in part, on equipment, services and/or support provided from Fugro's Houston office.

## COUNT I – INFRINGEMENT OF THE '038 PATENT

34. WesternGeco repeats and incorporates by reference the allegations set forth in paragraphs 1-33 above.

35. Fugro has infringed the '038 patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or supplying in or from the United States products and services relating to steerable streamers (including but not limited to products and services incorporating DigiFIN and ORCA) and/or inducing and/or contributing to such conduct, without authority and in violation of 35 U.S.C. § 271(a),[1] (b), (c) and/or (f).

36. Fugro does not have any license or other authority from WesternGeco or any other person or entity to practice the subject matter claimed by the '038 patent.

37. WesternGeco has, at all relevant times, complied with the notice provisions of 35 U.S.C. § 287(a) with respect to the '038 patent.

38. Upon information and belief, Fugro has been aware of the '038 patent at all relevant times.

---

[1] On March 2, 2011, the Court found that "the acts of direct infringement the Fugro Norway Defendants are alleged to have performed while surveying Statoil's lease holdings in the Chukchi Sea are outside the territory of the United States and thus not actionable under 35 U.S.C. § 271(a)." (D.I. 144 at 43) WesternGeco respectfully disagrees with this determination, and reserves the right to seek reconsideration and/or appeal of this decision as this case proceeds.

39. Upon information and belief, Fugro has willfully infringed the '038 patent. Fugro's willful infringement of the '038 patent renders this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT II – INFRINGEMENT OF THE '017 PATENT

40. WesternGeco repeats and incorporates by reference the allegations set forth in paragraphs 1-39 above.

41. Fugro has infringed the '017 patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or supplying in or from the United States products and services relating to steerable streamers (including but not limited to products and services incorporating DigiFIN and ORCA) and/or inducing and/or contributing to such conduct, without authority and in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f).

42. Fugro does not have any license or other authority from WesternGeco or any other person or entity to practice the subject matter claimed by the '017 patent.

43. WesternGeco has, at all relevant times, complied with the notice provisions of 35 U.S.C. § 287(a) with respect to the '017 patent.

44. Upon information and belief, Fugro has been aware of the '017 patent at all relevant times.

45. Upon information and belief, Fugro has willfully infringed the '017 patent. Fugro's willful infringement of the '017 patent renders this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT III – INFRINGEMENT OF THE '607 PATENT

46. WesternGeco repeats and incorporates by reference the allegations set forth in paragraphs 1-45 above.

47. Fugro has infringed the '607 patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or supplying in or from the United States products and services relating to steerable streamers (including but not limited to products and services incorporating DigiFIN and ORCA) and/or inducing and/or contributing to such conduct, without authority and in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f).

48. Fugro does not have any license or other authority from WesternGeco or any other person or entity to practice the subject matter claimed by the '607 patent.

49. WesternGeco has, at all relevant times, complied with the notice provisions of 35 U.S.C. § 287(a) with respect to the '607 patent.

50. Upon information and belief, Fugro has been aware of the '607 patent at all relevant times.

51. Upon information and belief, Fugro has willfully infringed the '607 patent. Fugro's willful infringement of the '607 patent renders this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT IV – INFRINGEMENT OF THE '967 PATENT

52. WesternGeco repeats and incorporates by reference the allegations set forth in paragraphs 1-51 above.

53. Fugro has infringed the '967 patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or supplying in or from the United States products and services relating to steerable streamers (including but not limited to products and services incorporating DigiFIN and ORCA) and/or inducing and/or contributing to such conduct, without authority and in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f).

54. Fugro does not have any license or other authority from WesternGeco or any other person or entity to practice the subject matter claimed by the '967 patent.

55. WesternGeco, has at all relevant times, complied with the notice provisions of 35 U.S.C. § 287(a) with respect to the '967 patent.

56. Upon information and belief, Fugro has been aware of the '967 patent at all relevant times.

57. Upon information and belief, Fugro has willfully infringed the '967 patent. Fugro's willful infringement of the '967 patent renders this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT V – INFRINGEMENT OF THE '520 PATENT

58. WesternGeco repeats and incorporates by reference the allegations set forth in paragraphs 1-57 above.

59. Fugro has infringed the '520 patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or supplying in or from the United States products and services relating to steerable streamers (including but not limited to products and services incorporating DigiFIN and ORCA) and/or inducing and/or contributing to such conduct, without authority and in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f).

60. Fugro does not have any license or other authority from WesternGeco or any other person or entity to practice the subject matter claimed by the '520 patent.

61. WesternGeco has, at all relevant times, complied with the notice provisions of 35 U.S.C. § 287(a) with respect to the '520 patent.

62. Upon information and belief, Fugro has been aware of the '520 patent at all relevant times.

63. Upon information and belief, Fugro has willfully infringed the '520 patent. Fugro's willful infringement of the '520 patent renders this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT VI – DECLARATORY JUDGMENT OF INFRINGEMENT

64. WesternGeco repeats and incorporates by reference the allegations set forth in paragraphs 1-63 above.

65. According to a September 1, 2010 Request for Geological and Geophysical Permit (the "2010 Request"), Fugro-Geoteam AS and/or Fugro Geoteam, Inc. did or will conduct "[g]eophysical exploration for mineral resources" on behalf of Fugro Multi Client Services, Inc. (the "2010 planned marine seismic survey"). (2010 Request at WG00898418-419, D.I. 143-1 at 11-12) A copy of the 2010 Request is attached hereto as Ex. G.

66. The 2010 planned marine seismic survey was and/or will be conducted in the Gulf of Mexico. (Ex. G at WG00898418)

67. Fugro's 2010 planned marine seismic survey did and/or will operate out of Galveston, Texas and/or Fourchon, Louisiana. (Ex. G at WG00898419, D.I. 143-1 at 12)

68. The 2010 planned marine seismic survey was and/or is scheduled to start on October 1, 2010 and end on September 31, 2011 and/or is scheduled for March 21, 2011 through March 20, 2012. (Ex. G at WG00898419, D.I. 143-1 at 12)

69. Fugro's services in conducting the 2010 planned marine seismic survey include providing a marine vessel and "Wide Azimuth Multi streamer, multi airgun source recording seismic data (approximately 3,150 [or 3,500] square miles), and gravity." (Ex. G at WG00898420; D.I. 143-1 at 12)

70. The R/V Geo Pacific, M/V Geo Coral, M/V Geo Caspian, and R/V Geo Barents, the seismic vessels being used for the 2010 planned marine seismic survey, are operated by Fugro-Geoteam AS or Fugro Norway Marine Services AS and managed by Fugro Norway Marine Services AS. (Ex. G at WG00898424-425, WG00898428-433) The survey was and/or will be conducted by Fugro-Geoteam AS and/or Fugro Geoteam, Inc. (Ex. G at WG00898419, D.I. 143-1 at 12)

71. The listed contact addresses for the Fugro entities for the 2010 planned marine seismic survey are 6100 Hillcroft in Houston, Texas (Fugro-Geoteam AS and/or Fugro Geoteam, Inc.) and 6100 Hillcroft in Houston, TX (Fugro Multi Client Services, Inc.). (Ex. G at WG00898419, D.I. 143-1 at 12)

72. Upon information and belief, Fugro's 2010 planned marine seismic survey did and/or will utilize ION's DigiFIN, Compass Bird or DigiBIRD, DigiRANGE II, and Orca command and control software. According to the 2010 Request, Fugro's planned marine seismic survey records seismic data with "Wide Azimuth Multi streamer" and "Solid Streamers" through the use of, *inter alia*, these products and systems. (Ex. G at WG00898420, WG00898435)

73. To the extent that Fugro has not already performed all or a portion of the infringing acts indicated in the 2009 Request and/or the 2010 Request, and/or is planning additional acts of direct, contributory or inducing infringement within the United States of America, its territories and possessions similar to those set forth in the 2009 Request and/or the 2010 Request, an actual controversy has arisen and now exists between the parties concerning Fugro's infringement of the '038 patent, the '017 patent, the '607 patent, the '967 patent and the '520 patent.

74. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, WesternGeco requests a declaration of the Court that Fugro's prospective actions, including the 2009 planned marine seismic survey to be conducted in the Chukchi Sea operating out of Dutch Harbor, Nome, Barrow, and/or Wainwright, Alaska and the 2010 planned marine seismic survey to be conducted in the Gulf of Mexico operating out of Galveston, Texas and/or Fourchon, Louisiana or other similar activities within the United States, its territories and possessions, infringe the '038 patent, the '017 patent, the '607 patent, the '967 patent and/or the '520 patent literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or supplying in or from the United States products and services relating to steerable streamers (including but not limited to products and services incorporating DigiFIN and ORCA) and/or inducing and/or contributing to such conduct, without authority and in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff WesternGeco prays for judgment:

A. Adjudging that Defendant Fugro has infringed the '038 patent;

B. Adjudging that Defendant Fugro has infringed the '017 patent;

C. Adjudging that Defendant Fugro has infringed the '607 patent;

D. Adjudging that Defendant Fugro has infringed the '967 patent;

E. Adjudging that Defendant Fugro has infringed the '520 patent;

F. Awarding WesternGeco damages adequate to compensate for Fugro's infringement of the '038 patent, the '017 patent, the '607 patent, the '967 patent, and the '520 patent, together with interest and costs as fixed by the Court;

G. Adjudging that Fugro's infringement of the '038 patent, the '017 patent, the '607 patent, the '967 patent, and the '520 patent has been willful and trebling all damages awarded to WesternGeco for such infringement pursuant to 35 U.S.C. § 284;

H. Declaring that Fugro's prospective actions, including the 2009 planned marine seismic survey to be conducted in the Chukchi Sea operating out of Dutch Harbor, Nome, Barrow, and/or Wainwright, Alaska, and the 2010 planned marine seismic survey to be conducted in the Gulf of Mexico operating out of Galveston, Texas and/or Fourchon, Louisiana or other similar activities within the United States, its territories and possessions, infringe the '038 patent, the '017 patent, the '607 patent, the '967 patent and/or the '520 patent.

I. Enjoining Fugro or any of its agents or related entities from making, using, offering to sell, selling and/or supplying in or from the United States products and services that practice the subject matter of the '038 patent, the '017 patent, the '607 patent, the '967 patent, and the '520 patent pursuant to 35 U.S.C. § 283;

J. Enjoining Fugro or any of its agents or related entities from making, using, offering to sell, selling and/or supplying in or from the United States components of systems or methods that practice, or otherwise aiding or inducing Fugro's customers or other persons or entities to practice, the subject matter of the '038 patent, the '017 patent, the '607 patent, the '967 patent, and the '520 patent pursuant to 35 U.S.C. § 283;

K.  Declaring this case to be exceptional within the meaning of 35 U.S.C. § 285 and awarding WesternGeco the attorney fees, costs and expenses it incurs in this action; and

L.  Awarding WesternGeco such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff WesternGeco hereby demands a trial by jury for all the issues so triable.

Dated: March 14, 2011

*Of Counsel:*

Gregg F. LoCascio, P.C.
gregg.locascio@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Tel.: (202) 879-5000
Fax: (202) 879-5200

Timothy K. Gilman
timothy.gilman@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel.: (212) 446-4800
Fax: (212) 446-4900

By: /s/ Lee L. Kaplan

Lee L. Kaplan
SMYSER KAPLAN
 & VESELKA, L.L.P.
Bank of America Center
700 Louisiana, Suite 2300
Houston, TX 77002

*Attorneys for Plaintiff
WesternGeco L.L.C.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record pursuant to Federal Rules of Civil Procedure on this the 14th day of March, 2011.

                                                                   Lee L. Kaplan