IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESTERNGECO L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:09-cv-01827 |
| | § | |
| ION GEOPHYSICAL CORPORATION, | § | |
| et al., | § | Judge Keith P. Ellison |
| | § | |
| Defendants. | § | |

**MOTION TO DISMISS WESTERNGECO'S AMENDED COMPLAINT BY THE FUGRO DEFENDANTS PURSUANT TO RULE 12(B)(6)**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Fugro-Geoteam, Inc., Fugro, Inc., Fugro (USA), Inc., and Fugro Geoservices, Inc., (the "Fugro US Defendants") and Fugro-Geoteam AS, and Fugro Norway Marine Services AS (the "Fugro Norway Defendants") (collectively the "Fugro Defendants"), file this Motion to Dismiss WesternGeco's Amended Complaint Pursuant to Rule 12(b)(6).

**I.     Nature and Stage of the Proceedings**

On March 2, 2011, the Court issued a Memorandum and Order denying the Fugro Norway Defendants' Motion to Dismiss for lack of personal jurisdiction, while granting in part the Fugro Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) and, in the Alternative, Rule 12(e) Motion for a More Definite Statement.

On March 14, 2011, WesternGeco filed an Amended Complaint.

This submission challenges new allegations included in the Amended Complaint and demonstrates why they are insufficient to state a claim for which relief can be granted. In addition,

this submission shows the need for reconsideration of certain conclusions reached in the order of March 2, 2011. Finally, at least one panel of the Fifth Circuit has stated that a motion to dismiss filed in response to an original complaint does not address a later amended complaint. *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 302 (5th Cir. 1989). Therefore, a failure to challenge the sufficiency of portions of WesternGeco's Amended Complaint that were challenged in the motion to dismiss the original Complaint might be argued to be a failure to preserve the issues. *See Id*. Accordingly, the Fugro Defendants reassert the positions asserted in the previous motions, in large part through incorporation by reference of previous briefs. Fed. R. Civ. P. 10(c).

## II.  Argument and Authorities

**A. New allegations in the amended complaint are insufficient to state a claim for which relief can be granted.**

WesternGeco now alleges that a proposed survey in the Gulf of Mexico, for which a permit application has been made, supports allegations of direct infringement under 35 USC § 271(a). (Dkt. 145, p. 11-13). It is undisputed that this survey is proposed to take place outside the territory of the United States, in the vicinity of $28^\circ$ N, $91^\circ$ W. (Dkt. 145, Exhibit G, WG00898423). As this Court has already held, a survey outside the territory of the United States cannot constitute direct infringement of any United States Patent. (Dkt. 144, p. 43). Therefore, the Amended Complaint's allegations relying on the prospective Gulf of Mexico survey are insufficient to state a claim for which relief can be granted.

B. **Reconsideration Regarding 35 USC § 272 – "Data" is not "manufactured" under the patent law.**

The March 2 Order states that 35 USC § 272, which precludes an infringement claim for vessels temporarily in the United States (such as the vessels identified in the Amended Complaint), did not apply to the proposed survey activities off Alaska. The basis for this conclusion was that the allegedly infringing devices would be used to "manufacture 3D data," for sale in the United States. (Dkt. 144, p. 47-48).

The Fugro Defendants request reconsideration of that determination, for the reason that the order interprets "manufacture" of "anything" incorrectly under applicable law.

The March 2 Order notes that § 272 includes an exception where "the invention … is used for the manufacture of anything to be sold in or exported from the United States." 35 USC § 272. However, the Supreme Court and the Federal Circuit have consistently interpreted the term "manufacture," under the patent law, as requiring a physical product and as excluding information and signals containing information.

For example, 35 USC § 101 provides that patents may be obtained for "any new and useful . . . manufacture . . .". The Supreme Court interpreted "manufacture" as used in that statute to mean "the production of articles for use from raw or prepared materials by giving to these materials new forms, qualities, properties, or combinations. . . ." *Diamond v. Chakrabarty*, 447 U.S. 303, 308 (U.S. 1980) (quoting *American Fruit Growers, Inc. v. Brogdex Co.*, 283 U.S. 1, 11 (1931)). Interpreting the same statute, the Federal Circuit, said that "manufacture" means "tangible" articles or commodities -- transient electric or electromagnetic transmissions do not fit the definition. *In re Nuijten*, 500 F.3d 1346, 1356-57 (Fed. Cir. 2007). In 2003, interpreting another portion of the patent statute using the term "manufacture," the Federal Circuit held that "the production of information is not within the scope of processes of 'manufacture.'" *Bayer AG v.*

3

*Housey Pharms., Inc.*, 340 F.3d 1367, 1371-1372 (Fed. Cir. 2003) (citations omitted). *See also, NTP v. Research in Motion,* 418 F.3d 1282, 1323 (Fed. Cir. 2005) ("[b]ecause the 'transmission of information,' like the 'production of information,' does not entail the manufacturing of a physical product, § 271(g) does not apply to the asserted method claims in this case any more than it did in *Bayer*.")

In summary, the term "manufacture," in every section of the patent statute where it has been interpreted, requires the making of a physical product; it does not include raw information or an electromagnetic signal containing information. Therefore, collection and processing of seismic data cannot, as a matter of law, be a use "for the manufacture of anything to be sold in or exported from the United States," under 35 USC § 272.

Accordingly, the Amended Complaint should be dismissed for failure to state a claim on the ground that the actions alleged to be performed by the vessels identified in the Amended Complaint, whether occurring in or out of the United States, are exempted from infringement claims by § 272.

**C. Reconsideration Regarding "Sale" and "Offer for Sale" – The alleged inventions never exist in the United States; they cannot be sold or offered in the United States.**

The March 2 Order also relies on WesternGeco's conclusory allegations of "sale" and "offers to sell" that are alleged to have occurred in the United States. However, the acts of "sale" or "offer for sale" have to be of things within the United States. *Transocean Offshore Deepwater Drilling, Inc. v. Stena Drilling Ltd.*, 659 F. Supp. 2d 790, 795-96 (S.D. Tex. 2009) (Rosenthal, J.) (offers for sales outside the United States and sales support are not infringements); *Cybiotronics, Ltd. v. Golden Source Elecs., Ltd.*, 130 F. Supp. 2d 1152, 1171-72 (C.D. Cal. 2001) (offers to sell and sales where products were never present in the United States were not infringements).

4

Further, § 271(a) sales and offers have to be of the assembled system defined in the claims – not components. *Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518, 528 (1972) ("No wrong is done the patentee until the combination is formed. His monopoly does not cover the manufacture or sale of separate elements capable of being, but never actually, associated to form the invention. Only when such association is made is there a direct infringement of his monopoly, and not even then if it is done outside the territory for which the monopoly was granted"); *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 443 (2007) (prior to the enactment of 271(f), Deepsouth could not "be held liable as a direct infringer, for it did not make, sell, or use the patented invention--the fully assembled deveining machine--within the United States."), *Rotec Indus. v. Mitsubishi Corp.*, 215 F.3d 1246, 1252, note 2 (Fed. Cir. 2000)("[O]ne may not be held liable under § 271(a) for "making" or "selling" less than a complete invention."), *see NTP, Inc. v. Research in Motion,* Ltd., 418 F.3d 1282, 1313 (Fed. Cir. 2005) ("Section 271(a) is only actionable against patent infringement that occurs within the United States.").

Importantly, it is undisputed that the Ion Digifin, standing alone, does not directly infringe any of the asserted patents under § 271(a). It is also undisputed that the physical system WesternGeco alleges infringes its patents is not assembled until many pieces, which are not patented by WesternGeco, are put together and deployed behind a vessel outside the territory of the United States. Therefore, whatever could be sold or offered for sale in the United Stated cannot be the alleged inventions.

Regarding the methods claimed to be inventions in the asserted patents, the effect of the court's holding that the EEZ is outside the territory of the United States is that the methods claimed in the asserted patents are used, if anywhere, outside the territory of the United States. Further, methods claims cannot be infringed by a "sale" or "offer;" method claims are infringed

only by use. *Joy Technologies v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993) ("A method claim is directly infringed only by one practicing the patented method."); *see NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1319-20 (Fed. Cir. 2005) ("Congress has consistently expressed the view that it understands infringement of method claims under section 271(a) to be limited to use.").

In summary, the Amended Complaint, the definitions of the alleged inventions in the claims of the asserted patents, and the court's determination that the EEZ, more than twelve miles offshore, is outside the territory of the United States, combine to require a holding that the accused systems and methods only exist outside the territory of the United States. Therefore, the Amended Complaint fails to assert an infringing act, in the United States, of "sale" or an "offer for sale" of the entire alleged invention defined by any of the asserted patents' claims. Accordingly, the allegations of infringement by "sale" or "offer" fail to save the Amended Complaint.

**D. Reconsideration Regarding Contributory Infringement and Inducement – Precluded Because There Is No Direct Infringement in the United States**

The March 2 Order also left intact WesternGeco's allegations of inducement and contributory infringement. (Dkt. 144 at 43-44). However, the only actions WesternGeco alleges to be direct infringements, by any or all of the Fugro Defendants, are actions that either occur outside the territory of the United States or are exempted from infringement under § 272. Therefore, those allegations do not support a claim of direct infringement. Without direct infringement, no action in or out of the United States can create liability under inducement or contributory infringement. *See Epcon Gas Sys. Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1033 (Fed. Cir. 2002) (there can

be no indirect infringement without direct infringement) [1] Accordingly, the allegations of contributory infringement and inducement should be dismissed.

### E. Reconsideration of "Supply" and § 271(f)

The March 2 Order relied on a single phrase in Exhibit F to the original Complaint to say that the Complaint's allegations under § 271(f) met Rule 8. (Dkt 144 at p. 45-46). However, that section of the statute does not prohibit the mere "supply" of something from the United States; there are other specific elements to that statute that are not pleaded in the Amended Complaint itself nor shown in the evidence WesternGeco cites. For example, Exhibit F of the original Complaint does not make a showing that "all or a substantial portion of the components" of the alleged invention defined in the asserted patents were to be supplied from the United States, as is required under § 271(f)(1). Exhibit F also fails to show that anything supplied from Alaska would be "especially made or especially adapted for use" in any alleged invention and that such a component is not "a staple article or commodity... suitable for substantial noninfringing use..." (all of which is required for infringement under § 271(f)(2)).

The exhibit merely shows that the vessels would be "supplied." However, vessels are typically supplied with fuel, food, and other comodities. The requirements of § 271(f) as to what is to be supplied, should not be inferred from the exhibit's mention of "supply," generally. WesternGeco also failed to make a showing under 271(f)(1) or (2) with regard to the Gulf of Mexico survey.

---

[1] "It is well settled that there can be no inducement of infringement without direct infringement by some party. *Met-Coil Sys. Corp. v. Korners Unlimited, Inc.*, 803 F.2d 684, 687, 231 U.S.P.Q. (BNA) 474, 477 (Fed. Cir. 1986). Upon a failure of proof of direct infringement, any claim of inducement of infringement also fails. *Moleculon Research Corp. v. CBS, Inc.*, 872 F.2d 407, 410, 10 U.S.P.Q.2D (BNA) 1390, 1393 (Fed. Cir. 1989). A finding of contributory infringement likewise requires underlying proof of direct infringement. *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1374, 21 U.S.P.Q.2D (BNA) 1321, 1332 (Fed. Cir. 1991)."

Further, the Amended Complaint fails to plead the intent required under either subsection of § 271.

The conclusory statements in the Amended Complaint and the exhibits attached to it are too thin to even imply all the facts required by 271(f)(1) or (2). WesternGeco has failed to plead actions in the United States that could result in liability by the Fugro Defendants under § 271(f).

**F. The Fugro Defendants incorporate prior pleadings and reassert positions decided in the March 2 Order.**

The Fugro Defendants hereby incorporate and adopt by reference the following prior pleadings in their entirety, including all exhibits:

| Docket No. | Title |
|---|---|
| 123 | MOTION TO DISMISS BY DEFENDANTS FUGRO-GEOTEAM, INC., FUGRO, INC., FUGRO (USA), INC. AND FUGRO GEOSERVICES, INC. PURSUANT TO RULE 12(b)(6) AND, IN THE ALTERNATIVE, RULE 12(e) MOTION FOR A MORE DEFINITE STATEMENT |
| 125 | REPLY TO PLAINTIFF WESTERNGECO'S OPPOSITION TO MOTION TO DISMISS BY DEFENDANTS FUGRO-GEOTEAM, INC., FUGRO, INC., FUGRO (USA), INC. AND FUGRO GEOSERVICES, INC. PURSUANT TO RULE 12(B)(6) AND, IN THE ALTERNATIVE, RULE 12(E) MOTION FOR A MORE DEFINITE STATEMENT |
| 128 | RESPONSE TO PLAINTIFF WESTERNGECO'S SUR-REPLY REGARDING MOTION TO DISMISS |
| 133 | JOINDER IN MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) AND, IN THE ALTERNATIVE, RULE 12(E) MOTION FOR A MORE DEFINITE STATEMENT BY DEFENDANTS FUGRO-GEOTEAM AS AND FUGRO NORWAY MARINE SERVICES AS |
| 135 | REPLY OF FUGRO-GEOTEAM AS AND FUGRO NORWAY MARINE SERVICES AS TO PLAINTIFF'S OPPOSITION TO THEIR MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT REGARDING PERSONAL JURISDICTION |
| 139 | RESPONSE OF FUGRO-GEOTEAM AS AND FUGRO NORWAY MARINE SERVICES AS TO WESTERNGECO'S SUR-REPLY REGARDING PERSONAL JURISDICTION |
| 143 | RESPONSE TO WESTERNGECO'S SUPPLEMENTAL EVIDENCE BY FUGRO GEOTEAM, INC., FUGRO, INC., FUGRO (USA), INC., FUGRO GEOSERVICES, INC., FUGRO-GEOTEAM AS, AND FUGRO NORWAY MARINE SERVICES AS |

First, the Amended Complaint relies on actions occurring outside the territory of the United States that cannot be an infringement of United States patents. The Fugro Defendants request dismissal of the Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), at least to the extent of dismissal of the original Complaint, for the reasons previously briefed.

Next, three defendants (Fugro, Inc., Fugro (USA), Inc., and Fugro Geoservices, Inc.) request dismissal on the additional ground that there is no allegation of infringement as to any of them in any location, for the reasons previously briefed.

Further, the deficiencies of the Amended Complaint under Rule 8 are the same as those of the original Complaint, as briefed previously; the Amended Complaint should be dismisses for failure to meet Rule 8.

The deficiencies of the allegations regarding personal jurisdiction have also been addressed in prior pleadings, and the Fugro Norway Defendants again request dismissal for lack of personal jurisdiction.

### III.   Conclusion

For the reasons set forth above, the Fugro Defendants respectfully ask the Court to dismiss the Amended Complaint with prejudice as failing to state a claim upon which relief can be granted. The Fugro Defendants further respectfully ask the Court to dismiss the Amended Complaint with prejudice as to Fugro-Geoteam AS, and Fugro Norway Marine Services AS for lack of personal jurisdiction.

Dated: March 28, 2010                           Respectfully submitted,


*/s/ Jason A. Saunders*
Gordon Arnold
Texas Bar No.: 01342410
Federal ID No.: 12483
Attorney-in-Charge
garnold@arnold-iplaw.com
Jason A. Saunders
Texas Bar No.: 24042406
Federal ID No.: 557143
jsaunders@arnold-iplaw.com
Arnold & Knobloch L.L.P.
4900 Woodway, Suite 900
Houston, Texas 77056
Telephone: (713) 972-1649
Facsimile:   (713) 972-1180

John M. Elsley
Texas Bar No.: 06591950
Federal ID No.: 2828
Rachel de Cordova
Texas Bar No.: 24049842
Federal ID No.: 680529
Royston, Rayzor, Vickery & Williams, L.L.P.
711 Louisiana, Suite 500
Houston, Texas 77002-6418
Telephone: (713) 224-8380
Facsimile: (713) 225-9945

ATTORNEYS FOR DEFENDANTS,
FUGRO-GEOTEAM, INC.,
FUGRO, INC.,
FUGRO (USA), INC., AND
FUGRO GEOSERVICES, INC.
FUGRO-GEOTEAM AS
FUGRO NORWAY MARINE SERVICES AS

## CERTIFICATE OF SERVICE

I hereby certify that, on this March 28, 2011, a true and correct copy of the *Motion to Dismiss Amended Complaint by the Fugro Defendants Pursuant to Rule 12(b)(6)* was served on all counsel of record ***via CM/ECF***.

>*/s/ Jason A. Saunders*
>Jason A. Saunders
>Arnold & Knobloch L.L.P.