# EXHIBIT 5

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| WESTERNGECO L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:09-cv-01827 |
| | § | |
| ION GEOPHYSICAL CORPORATION, | § | |
| FUGRO-GEOTEAM, INC., FUGRO- | § | Judge Keith P.  Ellison |
| GEOTEAM AS, FUGRO NORWAY | § | |
| MARINE SERVICES AS, FUGRO, INC., | § | |
| FUGRO (USA), INC., AND FUGRO | § | |
| GEOSERVICES, INC. | § | |
| | § | |
| Defendants. | § | |

### THE FUGRO DEFENDANTS' OBJECTIONS TO WESTERNGECO'S
### FIRST SET OF INTERROGATORIES TO FUGRO (NOS. 1-7)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the District
Local Civil Rules and the District Local Rules of Practice for Patent Cases (the "Local Rules"),
Defendants Fugro-Geoteam, Inc., Fugro-Geoteam AS, Fugro Norway Marine Services AS,
Fugro, Inc., Fugro (USA), Inc., and Fugro Geoservices, Inc. (collectively "the Fugro
Defendants") hereby provide their objections to Plaintiff WesternGeco L.L.C.'s
("WesternGeco") First Set of Interrogatories to Fugro (Nos. 1-7) as follows:

### RESERVATION OF RIGHTS

The Fugro Defendants make the objections herein (collectively, "the Objections") based
on their interpretation and understanding of WesternGeco's Interrogatories and based on their
current knowledge, understanding, and belief as to the facts and information available to them as

of the date of the Objections.  If WesternGeco subsequently asserts an interpretation of any interrogatory that differs from the Fugro Defendants' understanding, the Fugro Defendants reserve the right to complete their investigation and discovery of the facts, and to rely at trial or in other proceedings on documents and information in addition to the information provided herein, regardless of whether such information is newly discovered or newly in existence. However, the Objections shall not constitute an admission by the Fugro Defendants that any of the Interrogatories, any objections or responses, or any documents produced in connection therewith, are admissible as evidence in any trial or other proceeding.  The Fugro Defendants specifically reserve the right to object on any grounds, at any time, to the admission of any interrogatory or any objection or response or any document produced in connection therewith in any such trial or other proceeding. Also, additional discovery and investigation may lead to additions to, changes in, or modifications of these objections and any responses. Therefore, these objections and any responses are provided without prejudice to the Fugro Defendants' right to revise, amend, correct, supplement, modify or clarify these objections and any responses to the extent required or allowed by Fed. R. Civ. P. 26(e).

The Fugro Defendants do not waive any objection made in these Objections, nor any claim of privilege, whether expressly asserted or not, by providing any information or identifying any document or thing in response to any interrogatory. The inadvertent disclosure of such information, or the inadvertent identification or production of such a document, shall not constitute a waiver of any applicable privilege as to that information, that document or any other information or document identified or produced by the Fugro Defendants. All objections as to privilege, immunity, relevance, authenticity or admissibility of any information or documents referred to herein are expressly reserved. Further, these Objections and any responses are not a

concession that any individual identified by the Fugro Defendants may be called as a witness or that such person possesses discoverable information, or that the subject matter of any particular interrogatory or response thereto is relevant to this action.

The information set forth in these Responses is information available to the Fugro Defendants as of the date of these Objections; however, discovery is ongoing and the Fugro Defendants may discover or develop additional materials or responses as this matter progresses.

## GENERAL OBJECTIONS

The Fugro Defendants state the following general objections to WesternGeco's Interrogatories, which the Fugro Defendants incorporates as objections to each individual interrogatory, in addition to the individual objections set forth separately below.

1. The Fugro Defendants object to the Interrogatories as untimely and prohibited by Federal Rule of Civil Procedure 26(d). "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). WesternGeco and the Fugro Defendants have not conferred as required by Rule 26(f); therefore, WesternGeco may not now seek discovery from the Fugro Defendants.

2. The Fugro Defendants object to the Requests as unduly burdensome, harassing, and untimely in that discovery is not appropriate at this stage of the case as set forth in the letters to counsel for WesternGeco of 8 July 2011 and 22 July 2011, attached as Exhibit A to these objections. As explained in those letters, discovery is improper prior to a responsive pleading and it is within the Court's discretion to stay discovery pending a final ruling on a motion to dismiss. There is no active scheduling order in this case and the Fugro Defendants have not filed an answer due to the pending motions to dismiss. The court has implicitly acknowledged that

discovery (at least discovery involving the Fugro Defendants) should be stayed by staying all deadlines in the case, not setting a scheduling conference, and not entering a new scheduling order. WesternGeco has implicitly acknowledged that discovery (at least discovery involving the Fugro Defendants) should be stayed by requesting a stay of all deadlines in the case, not requesting a scheduling conference, not providing infringement contentions, and not seeking any discovery for the last year.

3. The Fugro Defendants object to WesternGeco's Interrogatories and the definitions and instructions contained therein to the extent they purport to impose on the Fugro Defendants duties and/or responsibilities greater than those imposed by the Court's orders, the Federal Rules of Civil Procedure, and the Local Rules.

4. The Fugro Defendants object to WesternGeco's Interrogatories and the definitions and instructions contained therein to the extent they seek information and/or documents subject to an obligation of confidentiality to a third party or that the Fugro Defendants believes are sensitive, proprietary, constitute trade secrets, or are otherwise confidential. The Fugro Defendants agree to provide such information and/or documents, subject to the other objections stated herein, only in accordance with the terms and conditions of an agreed protective order (to be negotiated between WesternGeco and the Fugro Defendants) and any other applicable obligations of confidentiality.

5. The Fugro Defendants object to WesternGeco's Interrogatories and the definitions and instructions contained therein to the extent they seek information that is under the control of third parties and is, therefore, as easily accessible to WesternGeco as it is to the Fugro Defendants.

6.     The Fugro Defendants object to WesternGeco's Interrogatories and the definitions and instructions contained therein to the extent they seek information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest privilege, and/or any other applicable doctrine of privilege or immunity.

7.     The Fugro Defendants object to WesternGeco's Interrogatories and the definitions and instructions contained therein to the extent they seek information not relevant to the claims or defenses of any party to this action or are not reasonably calculated to lead to the discovery of admissible evidence relating to any such claim or defense.

8.     The Fugro Defendants object to WesternGeco's Interrogatories and the definitions and instructions contained therein to the extent that each calls for information that does not exist, that is not in the Fugro Defendants' possession, custody, or control, or that is equally available to WesternGeco.

9.     The Fugro Defendants object to WesternGeco's Interrogatories and the definitions and instructions contained therein to the extent they are not tailored to the subject matter of this lawsuit, or are so overbroad as to be unduly burdensome or oppressive.

10.     The Fugro Defendants object to Plaintiff's Interrogatories and the definitions and instructions contained therein to the extent they seek information for which the burden or expense of the proposed discovery outweighs any likely benefit in resolving the issues of this action.

11.     The Fugro Defendants object to WesternGeco's Interrogatories and the definitions and instructions contained therein to the extent they seek information that is the subject matter of expert testimony. The Fugro Defendants expressly reserve the right to rely upon expert testimony and opinions.

12.     The Fugro Defendants objects to WesternGeco's Interrogatories and the definitions and instructions contained therein to the extent they seek legal conclusions.

13.     The Fugro Defendants objects to WesternGeco's Interrogatories and the definitions and instructions contained therein to the extent that each is vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative or duplicative, or seeks information that is more conveniently or less expensively obtained from another source.

14.     The Fugro Defendants object to WesternGeco's Interrogatories and the definitions and instructions contained therein to the extent they seek information prematurely in light of the deadlines of the Court's orders, the Federal Rules, and the Local Rules.

15.     The Fugro Defendants object to WesternGeco's Interrogatories and the definitions and instructions contained therein as a whole on each of the above grounds. Insofar as WesternGeco's Interrogatories and the definitions and instructions therein seek documents or information to which any of the above Reservation of Rights and/or General Objections apply, the Fugro Defendants hereby incorporate such Reservation of Rights and/or General Objections into its specific objections and responses to such requests.  Accordingly, the failure to note any general objection in any specific objection or response below shall not be a waiver of such objection with respect to any interrogatory.

## OBJECTIONS TO WESTERNGECO'S DEFINITIONS AND INSTRUCTIONS

16.     The Fugro Defendants object to WesternGeco's definitions of the terms "WesternGeco" and "Fugro" on the grounds that they are vague, overly broad, unduly burdensome, harassing, and purport to impose obligations upon the Fugro Defendants that exceed the obligations imposed by the Federal Rules.  The Fugro Defendants further object to these definitions to the extent they purports to obligate officers, directors, agents, employees,

attorneys, or other persons that will not be called at trial and/or entities not named as defendants in this action, to respond to the Interrogatories. The Fugro Defendants further object to this definition to the extent it includes attorneys because such a definition improperly seeks to impose on the Fugro Defendants an obligation to procure privileged documents and documents that are not within its possession, custody, or control.

17.     The Fugro Defendants object to the definitions of the terms "Bird" and "Streamer Control Technology" on the grounds that they are vague, overly broad, unduly burdensome, harassing, and seek information that is not relevant to this action. The Fugro Defendants further object to the definitions of those terms to the extent each definition seeks to encompass information not relevant to any claim or defense in this action and/or seeks to encompass information not reasonably calculated to lead to admissible evidence. The Fugro Defendants further object to the definitions of those terms on the grounds that the terms defined are claim terms that have yet to be finally construed and, therefore, call for legal conclusions.

18.     The Fugro Defendants object to the definition of the term "Fugro Accused Products and Services" on the ground that it is vague, overly broad, unduly burdensome, harassing, and seek information that is not relevant to this action.  This objection is based in part on WesternGeco's failure to accuse any specific products or services of the Fugro Defendants of infringing the Asserted WesternGeco Claims.   The Fugro Defendants further object to the definition of that term to the extent that definition seeks to encompass information not relevant to any claim or defense in this action and/or seeks to encompass information not reasonably calculated to lead to admissible evidence.

19.     The Fugro Defendants object to the definition of the term "WesternGeco Accused Products and Services" on the grounds that it is vague, overly broad, unduly burdensome,

harassing, and seeks information that is not relevant to this action.  The Fugro Defendants further object to the definition of that term to the extent that definition seeks to encompass information not relevant to any claim or defense in this action and/or seeks to encompass information not reasonably calculated to lead to admissible evidence.  This objection is based in part on the Asserted ION Claims not being generally relevant to the dispute between WesternGeco and the Fugro Defendants.

20.     The Fugro Defendants object to the definition of the term "ION Accused Products and Services" on the grounds that it is vague, overly broad, unduly burdensome, harassing, and seeks information that is not relevant to this action.  This objection is based in part on the fact that information regarding ION's products being more easily and inexpensively from ION.  The Fugro Defendants further object to the definition of that term to the extent that definition seeks to encompass information not relevant to any claim or defense in this action and/or seeks to encompass information not reasonably calculated to lead to admissible evidence.

21.     The Fugro Defendants object to the definitions of the terms "ION Patent-In-Suit" and "Asserted ION Claims" on the grounds that they are vague, overly broad, unduly burdensome, harassing, and seek information that is not relevant to this action.  The Fugro Defendants further object to the definition of those terms to the extent each definition seeks to encompass information not relevant to any claim or defense in this action and/or seeks to encompass information not reasonably calculated to lead to admissible evidence.  This objection is based in part on the ION patents not being generally relevant to the dispute between WesternGeco and the Fugro Defendants.

22.     The Fugro Defendants object to WesternGeco's definition of the term "communication" on the grounds that it is vague, overly broad, unduly burdensome, harassing,

and purports to impose obligations upon the Fugro Defendants that exceed the obligations imposed by the Federal Rules.

23.     The Fugro Defendants object to WesternGeco's instruction regarding privilege and work product on the grounds that it is overbroad, unduly burdensome, harassing, and purports to impose obligations upon the Fugro Defendants that exceed the obligations imposed by the Federal Rules and this Court's orders.

24.     The Fugro Defendants object to the instruction regarding identification of documents to the extent that it is unduly burdensome, harassing, and purports to impose obligations upon the Fugro Defendants that exceed the obligations imposed by the Federal Rules and this Court's orders.

25.     The Fugro Defendants objects to WesternGeco's instruction on stating "all factual and legal bases" to the extent it seeks legal conclusions and calls for the disclosure of information protected by the attorney client privilege and work product doctrine.  The Fugro Defendants further object to this instruction to the extent that it is unduly burdensome, harassing, and purports to impose obligations upon the Fugro Defendants that exceed the obligations imposed by the Federal Rules and this Court's orders.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

## INTERROGATORY NO. 1:

Does Fugro contend that any of the WesternGeco Patents-In-Suit is not infringed and, if so, for each such contention, separately provide: the factual and legal bases for each contention, the identity (including addressees) and telephone number(s) of the person(s) most

knowledgeable about each defense including a description of their field of knowledge; and the identity of all documents relating to each defense.

## OBJECTIONS TO INTERROGATORY NO. 1:

The Fugro Defendants hereby incorporate their Reservation of Rights, General Objections and their Objections to WesternGeco's Definitions and Instructions as set forth above.  The Fugro Defendants further object to this interrogatory because it directly seeks information protected by the attorney client privilege and work product doctrine.  The Fugro Defendants further object to this interrogatory as premature in that WesternGeco has not provided the Fugro Defendants with the infringement contentions required under Patent Rule 3-1 or otherwise identified what products or services of the Fugro Defendants are accused of infringement or why they might infringe.   The Fugro Defendants further object to this interrogatory because it prematurely seeks information regarding expert testimony. The Fugro Defendants further object to this interrogatory because it is vague, overly broad, unduly burdensome, harassing, and seeks information that is not relevant this action to the extent it calls for information that is not responsive to infringement contentions from WesternGeco and calls for the identification of an unlimited number of individuals.   The Fugro Defendants further object to this interrogatory as an improper compound interrogatory that seeks to circumvent the restrictions on the number of interrogatories allowed to WesternGeco. The Fugro Defendants further object to this interrogatory as vague and unduly burdensome because "most knowledgeable" is subjective and not quantifiable.

**INTERROGATORY NO. 2:**

Does Fugro contend that any of the WesternGeco Patents-In-Suit is invalid and, if so, for each such contention, separately provide: the factual and legal bases for each contention (including any prior art relied upon), the identity (including address(es) and telephone number(s)) of the person(s) most knowledgeable about each defense including a description of their field of knowledge; and the identity of all documents relating to each defense.

**OBJECTIONS TO INTERROGATORY NO. 2:**

The Fugro Defendants hereby incorporate their Reservation of Rights, General Objections and their Objections to WesternGeco's Definitions and Instructions as set forth above. The Fugro Defendants further object to this interrogatory because it directly seeks information protected by the attorney client privilege and work product doctrine. The Fugro Defendants further object to this interrogatory as premature in that requests the Fugro Defendants' unenforceability contentions governed by Patent Rule 3-3 in contravention of Patent Rule 2-5. The Fugro Defendants further object to this interrogatory because it prematurely seeks information regarding expert testimony. The Fugro Defendants further object to this interrogatory because it is vague, overly broad, unduly burdensome, and harassing to the extent it calls for the identification of an unlimited number of individuals. The Fugro Defendants further object to this interrogatory as an improper compound interrogatory that seeks to circumvent the restrictions on the number of interrogatories allowed to WesternGeco. The Fugro Defendants further object to this interrogatory as vague and unduly burdensome because "most knowledgeable" is subjective and not quantifiable.

**INTERROGATORY NO. 3:**

Does Fugro contend that any of the WesternGeco Patents-In-Suit is unenforceable and, if so, for each such contention, separately provide: the factual and legal bases for each contention, the identity (including addressees) and telephone number(s)) of the person(s) most knowledgeable about each defense including a description of their field of knowledge; and the identity of all documents relating to each defense.

**OBJECTIONS TO INTERROGATORY NO. 3:**

The Fugro Defendants hereby incorporate their Reservation of Rights, General Objections and their Objections to WesternGeco's Definitions and Instructions as set forth above. The Fugro Defendants further object to this interrogatory because it directly seeks information protected by the attorney client privilege and work product doctrine. The Fugro Defendants further object to this interrogatory because it prematurely seeks information regarding expert testimony. The Fugro Defendants further object to this interrogatory because it is vague, overly broad, unduly burdensome, and harassing to the extent it calls for the identification of an unlimited number of individuals. The Fugro Defendants further object to this interrogatory as an improper compound interrogatory that seeks to circumvent the restrictions on the number of interrogatories allowed to WesternGeco. The Fugro Defendants further object to this interrogatory as vague and unduly burdensome because "most knowledgeable" is subjective and not quantifiable.

**INTERROGATORY NO. 4:**

Identify the date of, and facts and circumstances surrounding, Fugro's first awareness of each of WesternGeco's Patents-In-Suit, including the identity of the individual(s) involved, any

investigation into Fugro's potential infringement thereof and the validity and enforceability thereof, any actions Fugro undertook to avoid infringing WesternGeco's Patents-In-Suit, and whether Fugro sought and/or obtained any opinion(s) of counsel regarding WesternGeco's Patents-In-Suit.

**OBJECTIONS TO INTERROGATORY NO. 4:**

The Fugro Defendants hereby incorporate their Reservation of Rights, General Objections and their Objections to WesternGeco's Definitions and Instructions as set forth above.  The Fugro Defendants further object to this interrogatory because it directly seeks information protected by the attorney client privilege and work product doctrine.  The Fugro Defendants further object to this interrogatory as premature in that requests the Fugro Defendants' unenforceability contentions governed by Patent Rule 3-3 in contravention of Patent Rule 2-5.  The Fugro Defendants further object to this interrogatory because it is vague, overly broad, unduly burdensome, and harassing to the extent it calls for the identification of an unlimited number of individuals.  The Fugro Defendants further object to this interrogatory as an improper compound interrogatory that seeks to circumvent the restrictions on the number of interrogatories allowed to WesternGeco.  The Fugro Defendants further object to this interrogatory as vague and unduly burdensome because "most knowledgeable" is subjective and not quantifiable.

**INTERROGATORY NO. 5:**

Identify all marine seismic surveys that Fugro performed, is performing, or plans to perform in the future using, involving or employing DigiFIN, including the dates, vessels used, all associated locations (including the location out of which each survey is operated, any

locations out of which the operating vessel is repaired and/or supplied, any location from which any components or equipment for the survey are supplied, and the location of the actual survey), equipment used and any third parties involved, and describe the nature and extent of any involvement by ION, Fugro, or any other party in the arrangement, set up, configuration, deployment, monitoring, repair and/or use of any ION Accused Products during such survey.

## OBJECTIONS TO INTERROGATORY NO. 5:

The Fugro Defendants hereby incorporate their Reservation of Rights, General Objections and their Objections to WesternGeco's Definitions and Instructions as set forth above. The Fugro Defendants further object to this interrogatory as overbroad, unduly burdensome, and harassing in that it calls for information regarding activities outside the United States which are not relevant to the claims or defenses of any party to this action or are not reasonably calculated to lead to the discovery of admissible evidence relating to any such claim or defense. The Fugro Defendants further object to this interrogatory as an improper compound interrogatory that seeks to circumvent the restrictions on the number of interrogatories allowed to WesternGeco.

## INTERROGATORY NO. 6:

To the extent that Fugro contends that it should not be bound by any of the Court's claim constructions in the Court's July 16, 2010 Memorandum and Order (0.1.120), or that construction of any additional limitations, claim terms, or phrases is required, identify those constructions, limitations, claim terms and/or phrases, and state all factual and legal bases for each such contention.

**OBJECTIONS TO INTERROGATORY NO. 6:**

The Fugro Defendants hereby incorporate their Reservation of Rights, General Objections and their Objections to WesternGeco's Definitions and Instructions as set forth above. The Fugro Defendants further object to this interrogatory because it directly seeks information protected by the attorney client privilege and work product doctrine. The Fugro Defendants further object to this interrogatory as premature in that requests the Fugro Defendants' claim construction positions governed by Patent Rule 4 in contravention of Patent Rule 2-5. The Fugro Defendants further object to this interrogatory because it prematurely seeks information regarding expert testimony. The Fugro Defendants further object to this interrogatory because it is vague, overly broad, unduly burdensome, and harassing to the extent it calls for the identification of an unlimited number of individuals. The Fugro Defendants further object to this interrogatory as an improper compound interrogatory that seeks to circumvent the restrictions on the number of interrogatories allowed to WesternGeco.

**INTERROGATORY NO. 7:**

Describe in detail the corporate structure of Fugro since February 2003, including the identity of each entity or business unit within Fugro or related directly or indirectly to Fugro, including without limitation subsidiaries, parents, sisters, partnerships, and affiliates, that is or has been involved in marine seismic exploration, such description to include each entity's or business unit's involvement with marine seismic exploration, all office locations for that entity or business unit, all locations in and dates during which each entity or business unit has conducted, is currently conducting, or expects to conduct or otherwise be involved with marine seismic

exploration, and whether or not such marine seismic exploration involves the use of any of the ION Accused Products.

## OBJECTIONS TO INTERROGATORY NO. 7:

The Fugro Defendants hereby incorporate their Reservation of Rights, General Objections and their Objections to WesternGeco's Definitions and Instructions as set forth above. The Fugro Defendants further object to this interrogatory as overbroad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for information regarding entities and businesses units that are not relevant to any claim or defense in this case. The Fugro Defendants further object to this interrogatory as an improper compound interrogatory that seeks to circumvent the restrictions on the number of interrogatories allowed to WesternGeco.

Dated: July 27, 2011

*/s/ Jason A. Saunders*
Gordon Arnold
Texas Bar No.: 01342410
Federal ID No.: 12483
Attorney-in-Charge
garnold@arnold-iplaw.com
Jason A. Saunders
Texas Bar No.: 24042406
Federal ID No.: 557143
jsaunders@arnold-iplaw.com
Arnold & Knobloch L.L.P.
4900 Woodway, Suite 900
Houston, Texas 77056
Telephone: (713) 972-1649
Facsimile:   (713) 972-1180

John M. Elsley
Texas Bar No.: 06591950
Federal ID No.: 2828
Rachel de Cordova
Texas Bar No.: 24049842
Federal ID No.: 680529

Royston, Rayzor, Vickery & Williams,
L.L.P.
711 Louisiana, Suite 500
Houston, Texas 77002-6418
Telephone: (713) 224-8380
Facsimile: (713) 225-9945

**ATTORNEYS FOR DEFENDANTS,**
**FUGRO-GEOTEAM, INC.,**
**FUGRO, INC.,**
**FUGRO (USA), INC.,**
**FUGRO GEOSERVICES, INC., AND**
**FUGRO-GEOTEAM AS**
**FUGRO NORWAY MARINE**
**SERVICES**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 27th day of July, 2011, the foregoing The Fugro Defendants' Objections to WesternGeco's First Set of Interrogatories to Fugro (Nos. 1-17) was served on all counsel of record via electronic mail. The following were served via Federal Express and electronic mail:

Lee L. Kaplan
Smyser, Kaplan & Veselka, L.L.P.
700 Louisiana, Suite 2300
Houston, TX 77002

Timothy K. Gilman
Kirkland & Ellis LLP
601 Lexington Avenue, Suite 3600
New York, NY 10022

*/s/ Jason A. Saunders*
Jason A. Saunders

# EXHIBIT A

# ROYSTON RAYZOR

### Est. 1892

*John M. Elsley, Partner*
Direct Dial:  713.890.3236
john.elsley@roystonlaw.com
Internet:  www.roystonlaw.com

Royston, Rayzor, Vickery & Williams, LLP
Attorneys at Law.

Pennzoil Place
711 Louisiana Street, Suite 500
Houston, TX 77002-2716
Main:  713.224.8380
Fax:   713.225.9945

June 8, 2011

*Via E-mail: timothy.gilman@kirkland.com*
Timothy K. Gilman
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022

Re:    *WesternGeco v. Fugro*
          Our File:  56884

Dear Tim:

I acknowledge receipt of your letter of July 5, in which you follow up on our informal discussions of the week before.  I also acknowledge WesternGeco's offer to reach an amicable resolution with respect to the Fugro Defendants' Responses/Objections to WesternGeco's First Set of Requests to the Fugro Defendants for the Production of Documents and Things (Nos. 1-84) and WesternGeco's First Set of Interrogatories to the Fugro Defendants (Nos. 1-7).  The Fugro Defendants remain open to discuss a possible resolution, at your convenience.

As you observed in your July 5, 2011 letter, while discovery in this case between your client and ION has been ongoing, the Fugro Defendants were brought into this litigation much later.  The Fugro Defendants have not taken part in that discovery.  In fact, the Fugro Defendants have not answered the WesternGeco complaint that brought the Fugro Defendants into the suit.  Their only filings have been the pending motions to dismiss which remain pending once again by way of reconsideration after a lengthy hearing and renewed briefing on the subject.

According to the Federal Rules, and in the absence of an agreement to the contrary, discovery does not begin until a responsive pleading—i.e., an answer—has been filed.  This has been confirmed at the district court level:

> Discovery does not begin until after a responsive pleading has been filed by the defendant, and the court issues a scheduling order for initial disclosures.  Defendant has not filed an answer in this case [but had filed a motion to dismiss that was pending]; therefore, a scheduling order has not been entered.  Pursuant to the Federal

| Galveston | **Houston** | Corpus Christi | Rio Grande Valley | San Antonio |

> Rules of Civil Procedure, defendant may file a motion to dismiss prior to filing an answer. FED. R. CIV. P. 12. . . . Plaintiff should not seek discovery from defendant until a scheduling order has been issued.

*King v. Dormire*, No. 06-4132, 2007 WL 1342463, at *2 (W.D. Mo. May 4, 2007). Not having had such notice of the Court's denial of the Fugro Defendants' motion to dismiss, a responsive pleading is not yet due.

In your letter, you cite to *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, in which a defendant sought a protective order and stay of a scheduling order's discovery deadlines on the ground that it had interposed what it considered to be a strong, "clear cut" motion to dismiss. No. 08-0774, 2008 WL 2930482 (N.D. Tex. July 23, 2008). Reciting that the filing of a motion to dismiss may for good cause, but does not automatically, stay pending discovery in a case, the magistrate judge exercised his discretion to deny the defendant's motion. Here, unlike the defendant in *Glazer's Wholesale*, the Fugro Defendants do not seek to stay pending discovery deadlines agreed to by the parties or imposed by the Court; in fact, there is no Scheduling Order in place, which distinguishes this case from the *Glazer's Wholesale* case.

The Federal Rules of Civil Procedure protect litigants from costly and premature discovery in a number of ways, including the deferral of discovery until certain events have taken place under Rules 16 and 26. Furthermore, Judge Ellison undoubtedly has broad discretion and the inherent power to stay discovery against any defendant until preliminary questions that may dispose of the case against that defendant are determined. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Indeed, staying discovery is particularly appropriate in complex cases such as patent cases, where discovery tends to be broad, time-consuming and expensive. Judge Ellison apparently recognized that fact by removing the deadlines in the case and by not entering a new scheduling order.

The various Fugro entities are not obligated to engage in costly, international document production when any such discovery would be premature under the Federal Rules and potentially mooted by the motion to dismiss. Forcing the Fugro Defendants to respond to discovery at this juncture would be a circumvention of Judge Ellison's Order of June 2, 2010, should the Court rule favorably on the Fugro Defendants' Motion to Dismiss.

Your letter now advises that WesternGeco is willing to allow a modest extension of the deadline for the Fugro Defendants to respond until August 10, 2011 (a two week extension). As you are aware, in our conference of last week, we discussed the Fugro Defendants' proposal which would tie the Fugro Defendants' Objections/Responses to WesternGeco's discovery to the Court's ruling on the Fugro Defendants' Motion to Dismiss. We also discussed your counter-proposal of a thirty (30) day extension (60 days from service) although neither you, nor I, had authority to bind our principals to any agreement at the time of our discussions.

Timothy K. Gilman                                                    Page 3
July 8, 2011

　　　We do appreciate your counterproposal of a couple of weeks' extension to respond to your extensive requests, but at the present time, the Fugro Defendants remain committed to the initial offer the Fugro Defendants made via telephone; that is, to respond to discovery requests pursuant to the established timelines for federal litigation set forth in Rules 12(a)(4)(A) and 26(a). However, as stated previously, the Fugro Defendants remain open to discuss a possible resolution, at your convenience.

　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.


　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　John M. Elsley

JME:kl
56884:10068294

# ROYSTON RAYZOR

### EST. 1892

*John M. Elsley, Partner*
Direct Dial: 713.890.3236
john.elsley@roystonlaw.com
Internet: www.roystonlaw.com

Royston, Rayzor, Vickery & Williams, LLP
Attorneys at Law

Pennzoil Place
711 Louisiana Street, Suite 500
Houston, TX 77002-2716
Main: 713.224.8380
Fax: 713.225.9945

July 22, 2011

*Via E-mail: timothy.gilman@kirkland.com*
Timothy K. Gilman
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022

Re:    *WesternGeco v. Fugro*
       Our File: 56884

Dear Tim:

Thank you for your correspondence of July 14, 2011. In furtherance of our discussions regarding discovery in this action, please be advised that the Fugro defendants remain willing to consider a proposal which would tie their Objections/Responses to WesternGeco's discovery to the Court's ruling on the Fugro defendants' Motion to Dismiss.

After considering your July 14, 2011 correspondence, I believe that there is at least one point of agreement between WesternGeco and Fugro. WesternGeco and Fugro agree that Judge Ellison has broad discretion to stay discovery. In this respect, your letter states that "Fugro has failed for the last year to request such a stay." However, WesternGeco and ION filed a Joint Motion to Modify the Scheduling Order on July 19, 2010, requesting that "the pending deadlines and trial date for WesternGeco and ION be stayed." A proposed Order was submitted with that motion by WesternGeco, which was ultimately approved and signed by Judge Ellison, on July 20, 2010. Judge Ellison's signed Order provides "that the pending deadlines and August 5, 2009 Scheduling Order (D.I. 22), as amended on June 4, 2010 (D.I. 208), are stayed." For this reason, Fugro believes that it was not necessary for Fugro to request a stay of discovery.

| Galveston | **Houston** | Corpus Christi | Rio Grande Valley | San Antonio |

Timothy K. Gilman                                                           Page 2
July 22, 2011

     Finally, in accordance with the last paragraph of your July 14, 2011 correspondence, Fugro confirms that a legal hold order pertaining to relevant documents has been in place since June 2010.

          Very truly yours,

          ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.


By: _____
          John M. Elsley

JME:kl

56884:10071172