# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **WESTERNGECO L.L.C.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO.  4:09-cv-01827** |
| | § | |
| **ION GEOPHYSICAL CORPORATION,** | § | **Judge Keith P. Ellison** |
| **FUGRO-GEOTEAM, INC., FUGRO-** | § | |
| **GEOTEAM AS, FUGRO NORWAY** | § | |
| **MARINE SERVICES AS, FUGRO, INC.,** | § | |
| **FUGRO (USA), INC. and** | § | |
| **FUGRO GEOSERVICES, INC.,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |

## ION AND THE FUGRO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT ON PLAINTIFF WESTERNGECO L.L.C.'S METHOD CLAIMS FOR PATENT INFRINGEMENT

David L. Burgert
*ATTORNEY IN CHARGE*
Texas Bar No. 03378300
S.D. Texas No. 2084
dburgert@porterhedges.com
Ray T. Torgerson
Texas Bar No. 24003067
S.D. Texas No. 22846
rtorgerson@porterhedges.com
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas 77002-6336
Telephone: (713) 226-6668
Facsimile: (713) 226-6268

**ATTORNEYS FOR DEFENDANT
ION GEOPHYSICAL CORPORATION**

Gordon T. Arnold
*LEAD ATTORNEY*
Texas Bar No.: 01342410
garnold@arnold-iplaw.com
Jason A. Saunders
Texas Bar No.: 24042406
jsaunders@arnold-iplaw.com
Arnold & Knobloch, L.L.P.
4900 Woodway, Suite 900
Houston, Texas 77056
Telephone: (713) 972-1649
Facsimile: (713) 972-1180

John M. Elsley
Texas Bar No.: 06591950
Royston, Rayzor, Vickery & Williams, L.L.P.
711 Louisiana, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945

**ATTORNEYS FOR DEFENDANTS,
FUGRO-GEOTEAM, INC.,**

**FUGRO-GEOTEAM AS,**
**FUGRO NORWAY MARINE SERVICES AS,**
**FUGRO, INC.,**
**FUGRO (USA), INC., AND**
**FUGRO GEOSERVICES, INC.**

## TABLE OF CONTENTS

PROCEDURAL HISTORY..................................................................................................2

SUMMARY OF ARGUMENT ...........................................................................................2

STATEMENT OF THE ISSUE ...........................................................................................3

STANDARD OF REVIEW .................................................................................................3

ARGUMENTS AND AUTHORITIES................................................................................4

I.    ION AND THE FUGRO DEFENDANTS DO NOT DIRECTLY INFRINGE ANY
      OF WESTERNGECO'S ASSERTED METHOD CLAIMS UNDER 35 U.S.C. §
      271(A).........................................................................................................................4

      A.    Patent rights are territorial in nature.............................................................4

      B.    ION and the Fugro Defendants do not "make" or "use" any WesternGeco
            patented method in the United States. ..........................................................5

      C.    ION and the Fugro Defendants cannot infringe any of WesternGeco's
            asserted method claims under the "sells" or "offers to sell" prongs of 35
            U.S.C. § 271(a) because a method claim cannot be infringed under the
            "sells" or "offers to sell" prongs of § 271(a)................................................9

            1.    A method claim cannot be infringed under the "sells" or "offers to
                  sell" prongs of § 271(a)....................................................................10
            2.    The sale of, or the offer to sell, a device capable of performing a
                  patented method is not the sale of, or the offer to sell, the method. ...............13

II.   ION AND THE FUGRO DEFENDANTS CANNOT INFRINGE ANY OF
      WESTERNGECO'S ASSERTED METHOD CLAIMS UNDER 35 U.S.C. § 271(B)
      OR (C) BECAUSE THERE IS NO DIRECT INFRINGEMENT UNDER § 271(A). ..........15

      A.    No other entity using ION's towed streamer systems directly infringes any
            of WesternGeco's asserted method claims under 35 U.S.C. § 271(a). ..................15

      B.    Absent direct infringement under 35 U.S.C. § 271(a), no party can be liable
            for indirect infringement under § 271(b) or (c)...........................................15

III.  ION AND THE FUGRO DEFENDANTS CANNOT INFRINGE ANY OF
      WESTERNGECO'S ASSERTED METHOD CLAIMS UNDER 35 U.S.C. § 271(F)
      BECAUSE § 271(F) DOES NOT APPLY TO METHOD CLAIMS. ..................................16

CONCLUSION.................................................................................................................16

2689784v2

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986).............................................................................................4

*BMC Res., Inc. v. Paymentech, L.P.*,
  498 F.3d 1373 (Fed. Cir. 2007)..................................................................9, 15

*Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*,
  576 F.3d 1348 (Fed. Cir. 2009).............................................................................15

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986).............................................................................................4

*CLS Bank Int'l v. Alice Corp. Pty. Ltd.*,
  667 F. Supp. 2d 29 (D.D.C. 2009)..........................................................................11

*Deepsouth Packing Co. v. Laitram Corp.*,
  406 U.S. 518 (1972).............................................................................................4

*Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*,
  279 F.3d 1022 (Fed. Cir. 2002).............................................................................15

*In re Kollar*,
  286 F.3d 1326 (Fed. Cir. 2002).............................................................................10

*Joy Techs., Inc. v. Flakt, Inc.*,
  6 F.3d 770 (Fed. Cir. 1993)............................................................................. *passim*

*Litecubes, LLC v. N. Light Prods., Inc.*,
  523 F.3d 1353 (Fed. Cir. 2008).............................................................................4

*NTP, Inc. v. Research In Motion, Ltd.*,
  418 F.3d 1282 (Fed. Cir. 2005)....................................................................... *passim*

*Ocean Sci. & Eng'g, Inc. v. United States*,
  219 Ct. Cl. 1 (1979) ..........................................................................................5

*Optigen, LLC v. Int'l Genetics, Inc.*,
  777 F. Supp. 2d 390 (N.D.N.Y. 2011).....................................................................11

*Ormco Corp. v. Align Tech., Inc.*,
  463 F.3d 1299 (Fed. Cir. 2006)..............................................................................13

*Recycling Sciences Int'l, Inc. v. Soil Restoration & Recycling, L.L.C.*,
  No. 00 C 0311, 2001 WL 969040 (N.D. Ill. Aug. 24, 2001)........................................11

iv

*Rotec Indus., Inc. v. Mitsubishi Corp.*,
   215 F.3d 1246 (Fed. Cir. 2000) (Newman, concurring) ..........................................................13

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*,
   953 F.2d 1360 (Fed. Cir. 1991)........................................................................................13, 15

*Synaptic Pharm. Corp. v. MDS Panlabs, Inc.*,
   265 F. Supp. 2d 452 (D.N.J. 2002) ........................................................................................11

*Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins.*,
   597 F. Supp. 2d 897 (N.D. Iowa 2009)..................................................................................11

*Transocean Offshore Deepwater Drilling, Inc. v. GlobalSantaFe Corp.*,
   400 F. Supp. 2d 998 (S.D. Tex. 2005) (Lake, J.)..........................................................9, 11, 13

*Wahpeton Canvas Co. v. Frontier, Inc.*,
   870 F.2d 1546 (Fed. Cir. 1989)................................................................................................7

**STATUTES**

35 U.S.C. § 100..............................................................................................................5, 15

35 U.S.C. § 154....................................................................................................................4

35 U.S.C. § 271............................................................................................................. *passim*

**OTHER AUTHORITIES**

Proclamation No. 5928, 54 Fed. Reg. 777 (Dec. 27, 1988).........................................................7, 8

FED. R. CIV. P. 56(a) ............................................................................................................3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESTERNGECO L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO.  4:09-cv-01827 |
| | § | |
| ION GEOPHYSICAL CORPORATION, | § | Judge Keith P. Ellison |
| FUGRO-GEOTEAM, INC., FUGRO- | § | |
| GEOTEAM AS, FUGRO NORWAY | § | |
| MARINE SERVICES AS, FUGRO, INC., | § | |
| FUGRO (USA), INC. and | § | |
| FUGRO GEOSERVICES, INC., | § | |
| | § | JURY TRIAL DEMANDED |
| Defendants. | § | |

### ION AND THE FUGRO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT ON PLAINTIFF WESTERNGECO L.L.C.'S METHOD CLAIMS FOR PATENT INFRINGEMENT

Defendants ION Geophysical Corporation ("ION"), Fugro-Geoteam, Inc., Fugro-Geoteam AS, Fugro Norway Marine Services AS, Fugro, Inc., Fugro (USA), Inc., and Fugro Geoservices, Inc. ("the Fugro Defendants") (collectively "Defendants") move for summary judgment of non-infringement pursuant to Federal Rule of Civil Procedure 56 on Plaintiff WesternGeco L.L.C.'s ("WesternGeco") claims for patent infringement of WesternGeco's patent claims directed towards method inventions.  Specifically, summary judgment is appropriate on the following asserted method claims:

- ◆ U.S. Patent No. 6,932,017 (the "'017 Patent" or Ex. A) – Claims 1 – 9

- ◆ U.S. Patent No. 7,080,607 (the "'607 Patent" or Ex. B) – Claims 1 – 9

- ◆ U.S. Patent No. 7,162,967 (the "'967 Patent" or Ex. C) – Claims 1 and 4 – 10

- ◆ U.S. Patent No. 7,293,520 (the "'520 Patent" or Ex. D) – Claims 1 – 3 and 6 – 17

- ◆ U.S. Patent No. 6,691,038 (the "'038 Patent" or Ex. E) – Claims 26 – 32; 35 – 36; 38 –

1

42; and 45 – 50.

These are the only method claims alleged to be infringed by ION or the Fugro Defendants. *See* Ex. F, WesternGeco's Disclosure of Asserted Claims and Infringement Contentions to ION & Fugro, at *3-5.

## PROCEDURAL HISTORY

WesternGeco filed its Complaint against ION alleging patent infringement on June 12, 2009 related to five patents—the '017 Patent, the '607 Patent, the '967 Patent, the '520 Patent, and the '038 Patent (Doc. No. 1). Each of these patents includes apparatus and method claims. ION answered WesternGeco's Complaint and asserted various counterclaims and defenses (Doc. No. 6). Discovery thereafter commenced. On July 16, 2010, WesternGeco's action against ION was consolidated with its action against Fugro-Geoteam, Inc., Fugro-Geoteam AS, Fugro Norway Marine Services AS, Fugro, Inc., Fugro (USA), Inc., and Fugro Geoservices, Inc. (Doc. No. 119).

Also in July 2010, the Court provided its initial claim construction of the patents-in-suit (Doc. No. 120). The Court recently declined to construe any additional terms raised by the Fugro Defendants. Trial of this matter is scheduled for June 25, 2012 (Doc. No. 190).

## SUMMARY OF ARGUMENT

As the Supreme Court clearly established over 150 years ago, patent rights are territorial in nature. The patent holder's rights are limited in geographic scope. Thus, the use of a patented invention outside the jurisdiction of the United States is not an infringement of the patent holder's rights. Specifically, a patent holder's right to exclude others from using its patented methods is limited to those uses that occur in the United States as defined by the Patent Act. Uses of the patented methods outside the United States cannot support a finding of patent infringement.

2

WesternGeco's patented methods can only be directly infringed if someone practices those methods in the United States. Absent evidence of <u>direct</u> infringement—*i.e.*, evidence that someone practices (or that ION's towed streamer systems are used to practice) WesternGeco's patented methods in the United States—there can be no liability for <u>indirect</u> infringement. As demonstrated below, ION and the Fugro Defendants have not practiced any of WesternGeco's patented methods in the United States since the issuance of any of the patents at issue and thus cannot be liable for direct infringement of any method claim.[1]   Moreover, there is no evidence that any other person or entity used ION's towed streamer systems to practice any of WesternGeco's patented methods in the United States, and thus ION cannot be liable for indirect infringement.   Absent such evidence, summary judgment of non-infringement is appropriate on all of WesternGeco's asserted method claims.

## STATEMENT OF THE ISSUE

Whether ION and the Fugro Defendants are entitled to summary judgment on WesternGeco's claims of infringement of its patented methods because WesternGeco's patented methods are not practiced by ION, the Fugro Defendants, or by any other entity using ION's towed streamer systems in the United States.

## STANDARD OF REVIEW

If no genuine dispute as to any material fact exists and the movant is entitled to judgment as a matter of law, the Court must grant summary judgment in favor of the movant.   FED. R. CIV. P. 56(a).   A genuine issue of material fact only exists "if the evidence is such that a reasonable jury could enter a verdict for the nonmoving party."   *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

---

[1]  Although not part of this motion, if someone is found to directly infringe WesternGeco's method claims, ION and the Fugro Defendants still deny they are liable for indirect infringement under § 271(b) or (c) because WesternGeco cannot establish the necessary elements under those sub-sections.

242, 248 (1986). Summary judgment is properly granted against a party who, after adequate time for discovery, "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Because WesternGeco cannot produce evidence upon which a reasonable jury could find that WesternGeco's patented methods are practiced by ION, the Fugro Defendants, or by any other entity using ION's towed streamer systems in the United States, summary judgment is appropriate.

## ARGUMENTS AND AUTHORITIES

I.     **ION and the Fugro Defendants do not directly infringe any of WesternGeco's asserted method claims under 35 U.S.C. § 271(a).**

   A.     **Patent rights are territorial in nature.**

A patent grants to the patentee "the right to exclude others from making, using, offering for sale, or selling the invention **throughout the United States**." 35 U.S.C. § 154(a)(1) (emphasis added). Accordingly, a patent may be directly infringed if, without authority, the patented invention is made, used, sold, or offered for sale **within the United States** during the term of the patent. 35 U.S.C. § 271(a); *see Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993). A claim for direct patent infringement under § 271(a) requires, as an element of the claim, proof that the infringing activity took place in the United States. *See Litecubes, LLC v. N. Light Prods., Inc.*, 523 F.3d 1353, 1366 (Fed. Cir. 2008). A patent, therefore, is not directly infringed under § 271(a) if the patented invention is only made, used, sold, or offered for sale outside the United States. *See Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518, 527 (1972); *see also NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1313 (Fed. Cir. 2005) ("Section 271(a) is only actionable against patent infringement that occurs within the United States."). As the Supreme Court explained over 150 years ago in *Brown v. Duchesne*, "the right

4

of property which a patentee has in his invention, and his right to its exclusive use, is derived altogether from these statutory provisions; and . . . his rights are to be regulated and measured by these laws, and cannot go beyond them." 60 U.S. 183, 195 (1856). The use of a patented invention "outside of the jurisdiction of the United States is not an infringement of [the patentee's] rights, and [the patentee] has no claim to any compensation for the profit or advantage the party may derive from it." *Id.* at 195-96.

The Patent Act of 1952 defines United States as "the United States of America, its territories and possessions." 35 U.S.C. § 100(c). As held by this Court, the high seas and the United States' Exclusive Economic Zone are **not** United States' territories or possessions for purposes of the Patent Act. *See* Memorandum and Order, Doc. No. 164, at *8-9, 19-20 (Aug. 15, 2011); Memorandum and Order, Doc. No. 144, at *37, 41 (Mar. 2, 2011); *see also Ocean Sci. & Eng'g, Inc. v. United States*, 219 Ct. Cl. 1, 3 (1979) (noting that the "high seas" is "outside the United States, as defined in the patent laws as 'the United States of America, its territories and possessions.'" (citing 35 U.S.C. § 100(c))). Because there is no evidence that ION or the Fugro Defendants make, use, sell, or offer to sell any of WesternGeco's patented methods in the United States, its territories or possessions, summary judgment against WesternGeco's claims that ION and the Fugro Defendants directly infringed the asserted method claims under § 271(a) is appropriate.

**B.    ION and the Fugro Defendants do not "make" or "use" any WesternGeco patented method in the United States.**

The WesternGeco patents at issue include claims to methods for controlling the positions of marine seismic streamers. *See, e.g.*, Ex. A, claim 1, col. 10, ll. 35-51; Ex. B, claim 1, col. 11, ll. 15-24; Ex. C, claim 1, col. 11, ll. 16-24; Ex. D, claim 1, col. 11, ll. 11-18; Ex. E, claim 26, col. 14, ll. 8-17. Marine seismic streamers, also referred to as streamer cables, are used in seismic

5

exploration during marine seismic surveys.  Each cable is typically more than three kilometers in length and may be made up of multiple streamer segments.  Usually, the cable contains a multitude of seismic sensors, called hydrophones, which collect acoustic data reflected from the subsurface of the ocean.  Air guns, or other signal sources, generate the acoustic signals that create the data collected by the hydrophones.  Ultimately, this collected data is analyzed and processed, yielding an image of the subsurface geology, which is often referred to as a "survey."

A patent's method claims are infringed only when each step of the method is performed. *Joy Techs.*, 6 F.3d at 773; *see NTP*, 418 F.3d at 1318 ("A method or process consists of one or more operative steps, and, accordingly, it is well established that a patent for a method or process is not infringed unless all steps or stages of the claimed process are utilized." (internal marks and citation omitted)).  To be actionable infringement, each step must be performed in the United States.  *NTP*, 418 F.3d at 1318 (holding "that a process cannot be used 'within' the United States as required by section 271(a) unless each of the steps is performed within this country").

In this case, each of the allegedly infringed independent method claims requires, either expressly or inherently, the towing of an array of streamers having streamer positioning devices there along receiving commands from a control system.  *See* Ex. A, claim 1 (requiring the steps of "controlling the positions of marine seismic streamers in an array of such streamers being towed by a seismic survey vessel, the streamers having respective streamer positioning devices disposed therealong . . . [;] calculating desired changes in the orientation of their wings using said predicting positions . . . ; and actuating the wing motors to produce said desired changes in wing orientation"); Ex. B, claim 1 (requiring the steps of "towing an array of streamers each having a plurality of streamer positioning devices there along;  . . . using the predicted positions to calculate desired changes in position of one or more of the streamer positioning devices; and

6

implementing at least some of the desired changes"); Ex. C, claim 1 (requiring the steps of

"towing an array of streamers each having a plurality of streamer positioning devices there along

. . . ; transmitting from a global control system location information to at least one local control

system . . . ; and adjusting the wing using the local control system"); Ex. D, claim 1 (requiring

the steps of "towing an array of streamers each having a plurality of streamer positioning devices

there along . . .; controlling the streamer positioning devices with a control system"); Ex. E,

claims 26, 39, 45, and 50 (requiring the steps of towing a seismic array comprising a plurality of

seismic streamers; attaching an active streamer positioning device (ASPD) to each seismic

streamer; and issuing positioning commands to each ASPD).[2]

Thus, absent proof that ION has towed an array of streamers with streamer positioning

devices attached there along receiving commands from a control system in the United States,

ION cannot be held liable for direct patent infringement of any of the WesternGeco patents'

asserted independent or dependent method claims. *See Wahpeton Canvas Co. v. Frontier, Inc.*,

870 F.2d 1546, 1552 n.9 (Fed. Cir. 1989) ("One who does not infringe an independent claim

cannot infringe a claim dependent on (and thus containing all the limitations of) that claim.").

Similarly, absent proof that the Fugro Defendants have towed an array of streamers with

---

[2] Although a control system is not expressly referenced in the independent method claims of the '017 and '607 Patents, it is undisputed that the "prediction" and "calculation" aspects necessarily occur in some sort of control system (*e.g.*, Orca, Spectra or some other analogous product). Further, WesternGeco has vehemently argued throughout this dispute that its patented methods require a control system. *See* WesternGeco's Motion for Summary Judgment on Defendants' Inventorship Counterclaims and Derivative Defenses and Claim, Doc. No. 167, at *17 ("As discussed above, the Bittleson patents cover control systems for steering streamer arrays. Dr. Bittleston's inventions include apportioning control between global and local components of the control system, using predicted positions for generating steering commands, and implementing global control modes for steering streamer arrays."); WesternGeco's Reply Brief in Further Support of Its Motion for Summary Judgment on Defendants' Inventorship Counterclaims and Derivative Defenses and Claims, Doc. No. 197, at *1 ("WesternGeco's asserted Bittleston patents cover ***control systems*** for lateral steering of seismic streamer arrays.").

streamer positioning devices attached there along receiving commands from a control system in the United States, the Fugro Defendants cannot be held liable for direct patent infringement of any of the WesternGeco patents' asserted method claims. *See id.*

Unlike WesternGeco and the Fugro Defendants, ION does not commercially conduct marine seismic surveys. Ex. G, Declaration of Dale Lambert at ¶ 2. In fact, ION does not even own a vessel designed or equipped to tow the seismic arrays necessary to conduct such surveys. *Id.* at ¶ 3. Instead of performing or offering those services, ION sells equipment utilized by others in conducting the surveys. *Id.* at ¶¶ 2, 3. ION's customers and their contractors purchase the ION equipment and conduct the surveys, not ION. *Id.* Moreover, ION has not towed an array of streamers with streamer positioning devices attached thereto in the United States, its territories or possessions. Ex. H, Declaration of Andre Olivier at ¶ 3. Specifically, ION has not towed an array of streamers with streamer positioning devices attached thereto in any United States waterway or in the United States' territorial sea—the belt of sea that extends no more than 12 miles seaward of the baseline of the coastal state. *Id.*; *see* Proclamation No. 5928, 54 Fed. Reg. 777 (Dec. 27, 1988) (extending the territorial sea of the United States to 12 nautical miles from the baselines of the United States determined in accordance with international law). Further, any testing of ION's streamer positioning devices in an array of towed streamers was performed at least 13 nautical miles or more from any coastline of the United States or its territories. Ex. H, Declaration of Andre Olivier at ¶ 3. Because ION has not "made" or "used" each step of the asserted method claims contained in the '017 Patent, '607 Patent, '967 Patent, '520 Patent, or '038 Patent in the United States, WesternGeco cannot prevail on its claims of direct infringement under the "made" or "used" prongs of § 271(a).

Although the Fugro Defendants do conduct marine seismic surveys, the Fugro

Defendants have not towed an array of streamers with streamer positioning devices attached there along receiving commands from a control system in the United States, its territories or possessions at any time after the issuance of the patents at issue.  Ex. I, Declaration of Hans Christian Vaage at ¶ 3; Ex. J, Declaration of Adam Jackson at ¶¶ 3, 5.  Specifically, since the issuance of the patents at issue, the Fugro Defendants have not towed an array of streamers with streamer positioning devices attached there along receiving commands from a control system in any United States waterway or in the United States' territorial sea—the belt of sea that extends no more than 12 miles seaward of the baseline of the coastal state.  *Id.*; *see* Proclamation No. 5928.  As the Court previously held in this case, the two surveys cited by WesternGeco in its pleadings were conducted entirely outside the United States and cannot support a claim of direct infringement.  Memorandum and Order, Doc. No. 164, at *22, 32 (Aug. 15, 2011).  Because the Fugro Defendants have not "made" or "used" each step of the asserted method claims contained in the '017 Patent, '607 Patent, '967 Patent, '520 Patent, or '038 Patent in the United States, WesternGeco cannot prevail on its claims of direct infringement under the "made" or "used" prongs of § 271(a).

**C.    ION and the Fugro Defendants cannot infringe any of WesternGeco's asserted method claims under the "sells" or "offers to sell" prongs of 35 U.S.C. § 271(a) because a method claim cannot be infringed under the "sells" or "offers to sell" prongs of § 271(a).**

"A method claim is *directly* infringed only by one practicing the patented method."  *Joy Techs.*, 6 F.3d at 773 (emphasis in org.).  As demonstrated above, ION and the Fugro Defendants do not practice WesternGeco's patented methods in the United States, its territories or possessions.  One who does not practice a patented method cannot be liable for direct infringement under 35 U.S.C. § 271(a).  *See Transocean Offshore Deepwater Drilling, Inc. v. GlobalSantaFe Corp.*, 400 F. Supp. 2d 998, 1013 (S.D. Tex. 2005) (Lake, J.).

9

### 1.   A method claim cannot be infringed under the "sells" or "offers to sell" prongs of § 271(a).

"The Federal Circuit has long held that a method claim is infringed only when the method is used or practiced." *Id.* at 1012 (citing *Joy Techs.*, 6 F.3d at 773); *see BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379 (Fed. Cir. 2007) ("For process patent or method patent claims, infringement occurs when a party performs all of the steps of the process."). Importantly, the Federal Circuit has <u>never</u> held to the contrary.  Thus, neither the sale of the performance of a method nor the offer to perform that method for a fee can infringe a patented method under the "sells" or "offers to sell" prongs of § 271(a). *See Transocean*, 400 F. Supp. 2d at 1011-12; *see also* Memorandum and Order, Doc. No. 164, at *26 (Aug. 15, 2011) (providing that "the performance of steps comprising WesternGeco's asserted method claims cannot be used to support a claim for direct infringement under the 'sell' or 'offers to sell' prong of 271(a)"). That holding is supported by the ordinary meaning of the term "sale" and § 271(a)'s legislative history. *See NTP*, 418 F.3d at 1319-20.

Construing § 271(a)'s language, the Federal Circuit found that the "ordinary meaning of a sale includes the concept of a transfer of title or property" and requires "a thing capable of being transferred." *Id.* at 1319.  In practice, the Federal Circuit found it "difficult to apply this concept to a method claim consisting of a series of acts" and further "difficult to envision what property is transferred merely by one party performing the steps of a method claim in exchange for payment by another party." *Id.*  The "performance of a method does not necessarily require anything that is capable of being transferred." *Id.*  This analysis of the plain meaning of § 271(a) by the Federal Circuit establishes that a method claim cannot be sold or offered for sale under the ordinary meaning of the statute. *See id.*; *cf. In re Kollar*, 286 F.3d 1326, 1332 (Fed. Cir. 2002) (holding that "[a] process is thus not sold in the same sense as is a tangible item" and that the

sale of the knowledge for how the process should be performed "is not a 'sale' of the invention within the meaning of § 102(b) because the process had not been carried out or performed as a result of the transaction").

Likewise, § 271(a)'s legislative history supports the holding that a method claim cannot be infringed under the "sells" or "offers to sell" prongs of § 271(a). *See NTP*, 418 F.3d at 1319-20; Memorandum and Order, Doc. No. 164, at *26 (Aug. 15, 2011) (providing that "[t]hough the Federal Circuit in *NTP, Inc.* left open the question of whether method claims could be infringed under the 'sell' and 'offers to sell' prongs of § 271(a) through other types of acts, it recognized that the legislative history of § 271(a) indicated Congress's understanding that method claims could be directly infringed only under the 'use' prong of § 271(a)"). In reviewing § 271(a)'s legislative history, the Federal Circuit found that

> Congress has consistently expressed the view that it understands infringement of method claims under section 271(a) to be limited to use. The committee reports surrounding the passage of the Process Patents Amendments Act of 1987 indicate that Congress did not understand all of the infringing acts in section 271(a) to apply to method claims. The Senate Report explains, "Under our current patent laws, a patent on a process gives the patentholder the right to exclude others from using that process in the United States without authorization from the patentholder. The other two standard aspects of the patent right—the exclusive right to make or sell the invention—are not directly applicable to a patented process." S. Rep. No. 100-83, at 30 (1987). The House Report expresses a similar view: "With respect to process patents, courts have reasoned that the only act of infringement is the act of making through the use of a patented process...." H.R. Rep. No. 99-807, at 5 (1986).

*NTP*, 418 F.3d at 1319.

The Federal Circuit also considered the passage of the 1994 amendment to § 271(a) to effectuate the Uruguay Round of the General Agreement on Tariffs and Trade. *Id.* at 1320. The agreement sought to protect the following exclusive rights:

> (a)     where the subject matter of a patent is a product, to prevent third parties not having the owner's consent from the acts of: making, using, offering for sale, selling or importing for these purposes that product;

(b)     where the subject matter of a patent is a process, to prevent third parties not having the owner's consent from the act of using the process, and from the acts of: using, offering for sale, selling, or importing for these purposes at least the product obtained directly by that process.

*Id.* As found by the Federal Circuit, the "agreement makes clear that claimed processes are to be directly protected <u>only</u> from 'the act of <u>using</u> the process.'" *Id.* (emphasis added). The Federal Circuit concluded that "the legislative history of section 271(a) indicates Congress's understanding that method claims could <u>only</u> be directly infringed <u>by use</u>." *Id.* (emphasis added).

For these reasons, a method patent cannot be infringed under the "sells" or "offers to sell" prongs of § 271(a) by an entity merely contracting to perform or offering to perform the method for a fee. *See Transocean*, 400 F. Supp. 2d at 1011-12.[3]

Nonetheless, even if the performance of, or the offer to perform, a patented method for a fee could be the sale of, or the offer to sell, the method under § 271(a), ION still does not offer such services. *See* Ex. G, Declaration of Dale Lambert at ¶ 3. Unlike WesternGeco, ION is not a one-stop shop for marine seismic surveys. ION does not own vessels outfitted with its towed streamer technology. *Id.* ION does not perform or offer to perform marine seismic surveys for its customers. *Id.* Instead, ION sells its towed streamer systems and components to customers who outfit their vessels with ION's devices. *Id.* at ¶¶ 2, 3. Those customers, or their contractors,

---

[3] ION and the Fugro Defendants recognize that other courts have reached a different conclusion than that reached by Judge Sim Lake in his *Transocean* opinion. *See, e.g., Optigen, LLC v. Int'l Genetics, Inc.*, 777 F. Supp. 2d 390, 402-03 (N.D.N.Y. 2011); *CLS Bank Int'l v. Alice Corp. Pty. Ltd.*, 667 F. Supp. 2d 29, 36-38 (D.D.C. 2009); *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins.*, 597 F. Supp. 2d 897, 924-26 (N.D. Iowa 2009); *Synaptic Pharm. Corp. v. MDS Panlabs, Inc.*, 265 F. Supp. 2d 452, 462-63 (D.N.J. 2002); *Recycling Sciences Int'l, Inc. v. Soil Restoration & Recycling, L.L.C.*, No. 00 C 0311, 2001 WL 969040, at *1-2 (N.D. Ill. Aug. 24, 2001). Each of these opinions lacks persuasive value in that each fails to consider the Federal Circuit's discussion of the ordinary meaning of the term "sale" and § 271(a)'s legislative history in its analysis of the issue. As recounted above, both the ordinary meaning of the term "sale" and § 271(a)'s legislative history demand a finding that a method patent cannot be infringed under the "sells" or "offers to sell" prongs of § 271(a).

12

then perform the surveys. *Id.* at ¶ 3. ION has not contracted to perform or offered to perform any of the steps of any of the WesternGeco patented methods for ION's customers in the United States. *See id.* at ¶¶ 2, 3, 4. WesternGeco can offer no evidence to the contrary.

The Fugro Defendants have not contracted to perform or offered to perform any of the WesternGeco patented methods in the United States since the patents issued. Ex. I, Declaration of Hans Christian Vaage at ¶ 4; Ex. J, Declaration of Adam Jackson at ¶¶ 4, 6.

> **2.    The sale of, or the offer to sell, a device capable of performing a patented method is not the sale of, or the offer to sell, the method.**

In its infringement contentions, WesternGeco asserts that ION has directly infringed WesternGeco's patents through the making, using, selling, and/or offering to sell the "ION Accused Instrumentalities." Ex. F, WesternGeco's Disclosure of Asserted Claims and Infringement Contentions to ION & Fugro, at *3-4. The ION Accused Instrumentalities are "ION's steerable streamer systems and components, including but not limited to ORCA, Spectra, the lateral controller, the PCS, System 3, and/or other ION processing components, and Model 5120 DigiFIN, Model 5010 DigiBIRD, Model 5011 CompassBIRD, Model 5110 AcousticBIRD, velocimeters, speedlogs, and/or other ION steering components." *Id.* In its infringement contentions, WesternGeco asserts that the Fugro Defendants have directly infringed WesternGeco's patents through the making, using, selling and/or offering to sell the "Fugro Accused Instrumentalities." *Id.* at *4-5. The Fugro Accused Instrumentalities are the "Accused ION instrumentalities and/or Fugro's marine seismic vessels employing the Accused ION instrumentalities." *Id.*

To the extent WesternGeco contends that ION or the Fugro Defendants have infringed WesternGeco's method claims by selling the so-called ION Accused Instrumentalities or vessels employing the ION Accused Instrumentalities, "[t]he law is unequivocal that the sale of

13

equipment to perform a process is not a sale of the process within the meaning of section 271(a)." *Joy Techs.*, 6 F.3d at 773. Accordingly, a party cannot be found liable for direct infringement of a patent's method claims "by the mere sale of an apparatus capable of performing the claimed process." *Id.*; *see Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1374 (Fed. Cir. 1991). "The sale of the apparatus is *not* a sale of the method." *Joy Techs.*, 6 F.3d at 775 (emphasis added); *see Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006).

Thus, even assuming the ION Accused Instrumentalities are capable of being used in the performance of WesternGeco's asserted method claims, ION's sale of its devices is not actionable direct infringement under the "sells" prong of 35 U.S.C. § 271(a) for those method claims. *See NTP*, 418 F.3d at 1321. Because the actual sale of its devices is not actionable direct infringement, the offer to sell the same equipment cannot be actionable direct infringement under the "offers to sell" prong of 35 U.S.C. § 271(a). *Transocean*, 400 F. Supp. 2d at 1011 (holding that "no liability exists for an offer to sell if the sale offered would not itself constitute an act of infringement"); *see Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1260 (Fed. Cir. 2000) (Newman, concurring) (relying on § 271(i) to construe § 271(a)'s "offers to sell" prong to require that the infringing offer "must be of an item that would infringe the United States patent upon the intended sale"). Similarly the Fugro Defendants cannot have infringed any method claims by selling or offering to sell the ION Accused Instrumentalities or vessels employing the ION Accused Instrumentalities.

Because there is no evidence that would support a finding of infringement under § 271(a), this Court should grant summary judgment against WesternGeco's claims of direct infringement of its patented methods.

2689784v2

**II.** **ION and the Fugro Defendants cannot infringe any of WesternGeco's asserted method claims under 35 U.S.C. § 271(b) or (c) because there is no direct infringement under § 271(a).**

    **A.** **No other entity using ION's towed streamer systems directly infringes any of WesternGeco's asserted method claims under 35 U.S.C. § 271(a).**

There is no evidence that ION's towed streamer systems are used by others to practice the asserted methods in the United States, its territories or possessions. As a practical matter, ION does not control the use of its towed streamer systems after they are sold. Ex. G, Declaration of Dale Lambert at ¶ 4. ION's equipment and systems are, however, typically used to perform marine seismic surveys at least 13 nautical miles offshore. *Id.* ION is not aware of any use of DigiFINs and DigiBIRDs to conduct a marine seismic survey in any United States waterway or within the United States' territorial sea. *Id.* As discussed above, since the issuance of the patents at issue, the Fugro Defendants have never towed an array of streamers with streamer positioning devices attached there along receiving commands from a control system in the United States, its territories or possessions. Ex. I, Declaration of Hans Christian Vaage at ¶ 3; Ex. J, Declaration of Adam Jackson at ¶¶ 3, 5. Because there is no evidence that ION's towed streamer systems are used by anyone to practice WesternGeco's patented methods in the United States as defined by 35 U.S.C. § 100(c), there is no evidence to support a finding of direct patent infringement under § 271(a).

    **B.** **Absent direct infringement under 35 U.S.C. § 271(a), no party can be liable for indirect infringement under § 271(b) or (c).**

"Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement." *Joy Techs.*, 6 F.3d at 774; *see BMC Res.*, 498 F.3d at 1379 ("Indirect infringement requires, as a predicate, a finding that some party amongst the accused actors has committed the entire act of direct infringement."). Thus, absent proof of direct infringement of a patent's method claims, any claim for indirect infringement of

those methods under § 271(b) or (c) must also fail. *See Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1033 (Fed. Cir. 2002); *Standard Havens Prods.*, 953 F.2d at 1374. The use of a patent's method claims outside the United States is not direct infringement. *Standard Havens Prods.*, 953 F.2d at 1374. Such use, therefore, cannot form the requisite direct infringement necessary to support a finding of inducement of infringement or contributory infringement under § 271(b) or (c). *See id.* Absent evidence that ION's products are used to practice the asserted methods in the United States, its territories or possessions, which they are not, summary judgment must be granted against WesternGeco's claims of indirect infringement of its patented method claims under § 271(b) and (c).

**III.   ION and the Fugro Defendants cannot infringe any of WesternGeco's asserted method claims under 35 U.S.C. § 271(f) because § 271(f) does not apply to method claims.**

In its Complaint, WesternGeco also alleges patent infringement under 35 U.S.C. § 271(f). The Federal Circuit has established, however, that a method claim cannot be infringed under § 271(f) because that subsection does not apply to method or process patents. *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1365-66 (Fed. Cir. 2009). To the extent WesternGeco asserts infringement of its method claims under § 271(f), summary judgment must be granted against those claims as well.

**CONCLUSION**

The evidence demonstrates, and there is no evidence to the contrary, that ION and the Fugro Defendants have not directly infringed WesternGeco's patented methods. Further, there is no evidence that any other entity has used ION's towed streamer system to practice WesternGeco's patented methods in the United States, its territories or possessions. Accordingly, ION and the Fugro Defendants respectfully request that the Court grant summary judgment of non-infringement on WesternGeco's claims of infringement of method claims under

16

35 U.S.C. § 271(a), (b), (c), and (f)—namely, claims 1 – 9 of the '017 Patent; claims 1 – 9 of the

'607 Patent; claims 1 and 4 – 10 of the '967 Patent; claims 1 – 3 and 6 – 17 of the '520 Patent;

and claims 26 – 32, 35 – 36, 38 – 42, and 45 – 50 of the '038 Patent.

Dated:  March 1, 2012.

Respectfully submitted,

/s/ David L. Burgert
David L. Burgert
*ATTORNEY IN CHARGE*
Texas Bar No. 03378300
S.D. Texas No. 2084
dburgert@porterhedges.com
Ray T. Torgerson
Texas Bar No. 24003067
S.D. Texas No. 22846
rtorgerson@porterhedges.com
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas 77002-6336
Telephone: (713) 226-6668
Facsimile: (713) 226-6268

**ATTORNEYS FOR DEFENDANT
ION GEOPHYSICAL CORPORATION**

/s/ Jason A. Saunders
Gordon T. Arnold
Texas Bar No.: 01342410
Federal ID No.: 12483
Attorney-in-Charge
garnold@arnold-iplaw.com
Jason A. Saunders
Texas Bar No.: 24042406
Federal ID No.: 557143
jsaunders@arnold-iplaw.com
Arnold & Knobloch L.L.P.
4900 Woodway, Suite 900
Houston, Texas 77056
Telephone: (713) 972-1649
Facsimile: (713) 972-1180

John M. Elsley
Texas Bar No.: 06591950

17

Federal ID No.: 2828
Royston, Rayzor, Vickery & Williams, L.L.P.
711 Louisiana, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945

**ATTORNEYS FOR DEFENDANTS,
FUGRO-GEOTEAM, INC.,
FUGRO-GEOTEAM AS,
FUGRO NORWAY MARINE SERVICES AS,
FUGRO, INC.,
FUGRO (USA), INC., AND
FUGRO GEOSERVICES, INC.**

18

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 1st day of March, 2012, the foregoing was served pursuant to the Federal Rules of Civil Procedure to the following:

Lee L. Kaplan, Esq.
SMYSER KAPLAN & VESELKA, L.L.P.
700 Louisiana, Suite 2300
Houston, TX 77002
Telephone: (713) 221-2323
Facsimile: (713) 221-2320
E-mail: lkaplan@skv.com

Timothy K. Gilman, Esq.
Simeon G. Papacostas, Esq.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4689
Main: (212) 446-4800
Facsimile: (212) 446-4900
E-mail: tgilman@kirkland.com
E-mail: spapacostas@kirkland.com

Gregg F. LoCascio, Esq.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5290
Facsimile: (202) 879-5200
E-mail: glocascio@kirkland.com

**ATTORNEYS FOR PLAINTIFF
WESTERNGECO L.L.C.**

/s/ David L. Burgert
David L. Burgert

19

2689784v2