IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WESTERNGECO L.L.C., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 4:09-CV-01827 |
| ) | |
| ION GEOPHYSICAL CORPORATION, ) | Judge Keith P. Ellison |
| FUGRO-GEOTEAM, INC., FUGRO-GEOTEAM AS, ) | |
| FUGRO NORWAY MARINE SERVICES AS, ) | Jury Trial Demanded |
| FUGRO, INC., FUGRO (USA), INC. ) | |
| and FUGRO GEOSERVICES, INC., ) | |
| ) | |
| *Defendants.* ) | |

## WESTERNGECO'S MOTION FOR PARTIAL RECONSIDERATION REGARDING INDIRECT INFRINGEMENT OF METHOD CLAIMS

*Of Counsel:*

Gregg F. LoCascio, P.C.
gregg.locascio@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Tel.: (202) 879-5000
Fax: (202) 879-5200

Timothy K. Gilman
timothy.gilman@kirkland.com
Leslie M. Schmidt
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel.: (212) 446-4800
Fax: (212) 446-4900

Dated: April 27, 2012

Lee L. Kaplan
lkaplan@skv.com
SMYSER KAPLAN
  & VESELKA, L.L.P.
Bank of America Center
700 Louisiana, Suite 2300
Houston, TX 77002
Tel: (713) 221-2323
Fax: (713) 221-2320

*Attorneys for Plaintiff/Counterclaim Defendant
WesternGeco L.L.C.*

Pursuant to Federal Rule of Civil Procedure 59(e), WesternGeco L.L.C. ("WesternGeco") moves this Court to reconsider its grant of summary judgment that ION Geophysical, Inc. ("ION") does not indirectly infringe WesternGeco's method claims. (D.I. 300).

## ARGUMENT

A motion for reconsideration is appropriate where a party "clearly establish[es] either a manifest error of law or fact or . . . present[s] newly discovered evidence." *Lee v. Taipei Econ. & Cultural Rep. Office*, 09-cv-0024, 2010 WL 2710661, *1 (S.D. Tex. July 6, 2010) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)). Here, the Court erred as a matter of law when it held that ION could not liable for indirect infringement of WesternGeco's method claims if only Fugro—and not ION—directly infringes those claims. (D.I. 300 at 11).

On April 25, 2012, the Court denied-in-part Defendants' motion for summary judgment of noninfringement of WesternGeco's method claims because "by offering to conduct marine seismic surveys using the DigiFIN, Fugro was offering to sell not only an allegedly infringing device, but also its own performance of WesternGeco's methods." (D.I. 300 at 10) This could directly infringe WesternGeco's method claims under 35 U.S.C. § 271(a). Conversely, the Court found that "ION does not sell or offer to sell the performance of those methods" and accordingly was found to not directly infringe under § 271(a). (*Id.* at 9) WesternGeco does not seek reconsideration of these determinations.

In holding that ION was not liable for *indirect* infringement, however, the Court stated that "[b]ecause WesternGeco's claim of direct infringement of its methods has failed as against ION, its claim for indirect infringement of those methods as against ION also must fail." (D.I. 300 at 11). This statement is incorrect as a matter of law. While the Court correctly noted that "[a]bsent proof of direct infringement of method claims, any claim of indirect infringement also must fail," D.I. 300 at 10-11, the same party need not commit that direct infringement. *Water*

K&E 22435020.1

*Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988) ("[A] person [indirectly] infringes by actively and knowingly aiding and abetting ***another's direct infringement***." (emphasis added)); *see also Crystal Semiconductor Corp. v. TriTech Microelecs. Int'l, Inc.*, 246 F.3d 1336, 1361 (Fed. Cir. 2001) ("A party that induces or contributes to infringement is jointly and severally liable with the direct infringer for all general damages."); *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement though ***the direct infringer is typically someone other than the defendant accused of indirect infringement***." (emphasis added)).

If Fugro is liable for directly infringing the method claims of the WesternGeco Patents-in-Suit, ION may be liable for inducing or contributing to that infringement. *See Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1365 (Fed. Cir. 2004) (affirming verdict of indirect infringement where substantial evidence supported direct infringement by third parties). WesternGeco asserted this very principle in its opposition to Defendants' motion: "[T]he Defendants coordinate and cooperate among and between themselves to perform the acts accused of infringement in this case. . . . While certain named Defendants may be the direct infringer under § 271(a) for a given act of infringement, other named Defendants are inducing and contributing to that infringement under § 271(b) and (c)." (D.I. 262 at 18). This coordination and cooperation between the Defendants--and ION's accused inducement of and contribution to Fugro's direct infringement--is discussed at length in WesternGeco's motion for summary judgment. (D.I. 276 at 6-11, 18-21, 32-36). Defendants did not dispute this relationship in their Reply brief. (D.I. 281). Accordingly, ION can contribute to and induce Fugro's direct infringement, and reconsideration of the Court's finding to the contrary is proper.

Dated: April 27, 2012

*Of Counsel:*

Gregg F. LoCascio, P.C.
gregg.locascio@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Tel.: (202) 879-5000
Fax: (202) 879-5200

Timothy K. Gilman
timothy.gilman@kirkland.com
Leslie M. Schmidt
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel.: (212) 446-4800
Fax: (212) 446-4900

Respectfully submitted,

/s/ Lee L. Kaplan

Lee L. Kaplan
lkaplan@skv.com
SMYSER KAPLAN
 & VESELKA, L.L.P.
Bank of America Center
700 Louisiana, Suite 2300
Houston, TX 77002
Tel: (713) 221-2323
Fax: (713) 221-2320

*Attorneys for Plaintiff/Counterclaim Defendant WesternGeco L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record pursuant to Federal Rules of Civil Procedure on this the 27th day of April, 2012.

/s/ Lee L. Kaplan

Lee L. Kaplan