IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESTERNGECO L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO.  4:09-cv-01827 |
| | § | |
| ION GEOPHYSICAL CORPORATION, | § | Judge Keith P. Ellison |
| FUGRO-GEOTEAM, INC., FUGRO- | § | |
| GEOTEAM AS, FUGRO NORWAY | § | |
| MARINE SERVICES AS, FUGRO, INC., | § | |
| FUGRO (USA), INC. and FUGRO | § | |
| GEOSERVICES, INC., | § | |
| | § | JURY TRIAL DEMANDED |
| Defendants. | § | |

DEFENDANT ION GEOPHYSICAL CORPORATION'S
MOTION IN LIMINE

Defendant ION Geophysical Corporation ("ION") now moves in limine, prior to the *voir dire* examination and out of the presence and hearing of the jury panel, and asks that the Court order all parties, attorneys, and witnesses not to refer, directly or indirectly, in any manner whatsoever, in the presence of the jury panel, or the jury finally selected to try this case, to any of the following matters without first approaching the Court out of the presence of the jury or jury panel, so that the Court may determine the admissibility or relevancy of such matters before they are injected into the case in the presence of the jury or jury panel.  The matters are set forth in the Order in Limine set forth below.

Dated:  July 6, 2012.

Respectfully submitted,

/s/ David L. Burgert_____
David L. Burgert
*ATTORNEY IN CHARGE*
State Bar No. 03378300
Federal I.D. No. 2084
dburgert@porterhedges.com
Ray T. Torgerson
State Bar No. 24003067
Federal I.D. No. 22846
rtorgerson@porterhedges.com
Jonathan M. Pierce
State Bar No. 24027744
Federal I.D. No. 23801
jpierce@porterhedges.com
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, Texas 77002-6336
Telephone:  (713) 226-6668
Facsimile:   (713) 226-6268

**ATTORNEYS FOR DEFENDANT
ION GEOPHYSICAL CORPORATION**

2822748v2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 6TH day of July, 2012, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Lee L. Kaplan, Esq.
SMYSER KAPLAN & VESELKA, L.L.P.
700 Louisiana, Suite 2300
Houston, TX 77002
Tel:  713-221-2323
Fax:  713-221-2320
E-mail:  lkaplan@skv.com

Timothy K. Gilman, Esq.
Simeon G. Papacostas, Esq.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel:  212-446-4689
Main:  212-446-4800
Fax:  212-446-4900
E-mail:  tgilman@kirkland.com
E-mail:  spapacostas@kirkland.com

Gregg F. LoCascio, P.C.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005
Tel:  202-879-5290
Fax:  202-879-5200
E-mail:  glocascio@kirkland.com

**ATTORNEYS FOR PLAINTIFF
WESTERNGECO L.L.C.**

Gordon T. Arnold, Esq.
ARNOLD & KNOBLOCH LLP
4900 Woodway, Suite 900
Houston, TX 77056
Telephone: 713-972-1649
Facsimile: 713-972-1180
Email:  GArnold@arnold-iplaw.com

John M. Elsley, Esq.
Rachel de Cordova, Esq.
ROYSTON, RAYZOR, VICKERY &
    WILLIAMS, L.L.P.
711 Louisiana, Suite 500
Houston, TX 77002
Telephone: 713-224-8380
Facsimile: 713-225-9945
Email:  John.Elsley@roystonlaw.com
Email:  rachel.decordova@roystonlaw.com

**ATTORNEYS FOR DEFENDANTS,
FUGRO-GEOTEAM, INC.,
FUGRO-GEOTEAM AS, FUGRO
NORWAY MARINE SERVICES AS,
FUGRO, INC., FUGRO (USA), INC., and
FUGRO GEOSERVICES, INC.**

/s/ David L. Burgert
David L. Burgert

## **ORDER IN LIMINE**

After the arguments of counsel, and reviewing the applicable authorities, the Court hereby orders that Plaintiff WesternGeco L.L.C. ("WesternGeco"), as well as its counsel and witnesses called on its behalf, is precluded from referring to, discussing, or eliciting testimony on any of the following issues, without first approaching the Court out of the presence of the jury, so that the Court may determine the admissibility of such matters before they are introduced into the case.

1.  Any mention of or reference to this Court's Orders denying or granting motions for summary judgment. These matters are generally inadmissible, irrelevant, and prejudicial to ION's right to a fair and impartial trial. If relevant and/or admissible, the probative value of any such matter would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or would be misleading to the jury. FED. R. EVID. 402, 403.

    Agreed    _____
    Granted   _____
    Denied    _____

2.  Any reference to a presumption of validity of any patent-in-suit. Reference to any presumption is not evidence but instead a procedural device without any independent evidentiary value to be weighed against ION's evidence of invalidity. Like all legal presumptions, this one "imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption." FED. R. EVID. 301. As the Federal Circuit has recognized, "the presumption is one of law, not fact, and does not constitute 'evidence' to be weighed against a challenger's evidence." *Chiron Corp. v. Genetech, Inc.,* 363 F.3d 1247, 1258-59 (Fed. Cir. 2004) (ruling that the district court did not err in declining to include a jury instruction on the presumption of validity).

    Agreed    _____
    Granted   _____
    Denied    _____

2822748v2

3.  Any mention of or reference to any indemnity obligation between ION and the Fugro Defendants.  WesternGeco has no standing to assert any right to indemnity on the part of the Fugro Defendants.   Further, these matters are generally inadmissible, irrelevant, and prejudicial to ION's right to a fair and impartial trial. If relevant and/or admissible, the probative value of any such matter would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or would be misleading to the jury.  FED. R. EVID. 402, 403.

    Agreed        _____
    Granted       _____
    Denied        _____

4.  Any mention or reference that Sercel's Nautilus device or Kongsberg's eBird device infringe any of the WesternGeco patents-in-suit since no expert opinion of infringement has been provided.

    Agreed        _____
    Granted       _____
    Denied        _____

5.  Any mention or reference that Sercel's Nautilus device or Kongsberg's eBird device cannot represent acceptable, non-infringing substitutes for purposes of Defendants' challenge of WesternGeco's lost profits analysis under the *Panduit* factors.

    Agreed        _____
    Granted       _____
    Denied        _____

6.  Any reference to an opinion of counsel, including whether ION obtained and/or relied on an opinion, or is not relying on such an opinion. FED. R. EVID. 402, 403; *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007). Opinions of counsel are attorney-client communications protected by "the oldest and most venerated of the common law privileges of confidential communications, [which] serves important interests in our judicial system." *Allvoice Computing PLC v. Nuance Comm'ns, Inc.*, No. H-02-4471, 2006 WL 6503363, at *2 (S.D. Tex. Jan. 10, 2006) (Ellison, J.) (alternation in org.). Because ION Geophysical does not seek to rely upon any opinion of counsel and has not waived its attorney-client privilege, WesternGeco "may not, therefore, introduce evidence of [ION's] alleged failure to obtain a timely infringement opinion" and furthermore "no evidence concerning any infringement opinion may be introduced by either party." *Id.* at *3-4 (holding that neither party could discuss the opinion of counsel obtained by defendant but not disclosed by the defendant on the basis of attorney-client privilege).

    Agreed        _____
    Granted       _____
    Denied        _____

7.  Any reference to any claims of privilege asserted by ION during discovery.  ION anticipates that WesternGeco may attempt to offer testimony, evidence, or arguments suggesting that ION, through its attorneys, has asserted claims of privilege during discovery.  Claims of privilege are not relevant or admissible as evidence.  Therefore, testimony, evidence, and argument regarding any claims of privilege by ION should be prohibited under Federal Rules of Evidence 401 and 402.  Furthermore, such testimony, evidence, and argument should also be excluded under Federal Rule of Evidence 403, as any relevance would be substantially outweighed by the dangers of misleading and confusing the jury, and of unfair prejudice to ION.

Agreed        _____
Granted       _____
Denied        _____

8.  Any attempt to elicit testimony from ION or any witnesses about communications between ION and its attorneys.  ION anticipates that WesternGeco may attempt to elicit testimony from ION's current or former employees, or other witnesses, regarding communications between ION or its employees, and ION's attorneys.  Communications between ION and its attorneys are protected by the attorney-client privilege.

Agreed        _____
Granted       _____
Denied        _____

9.  Any reference to or suggestion that Lance Gunderson (ION's expert on damages), who has assumed the patents-in-suit to be valid and infringed for purposes of his damages opinion, is also providing an opinion as to the validity or the infringement of any patent-in-suit or that his assumption of validity and infringement, which he is required to make for purposes of damages testimony based on a hypothetical negotiation, has any relevance to the issues of validity and infringement of the patents-in-suit.  FED. R. CIV. P. 47(a); FED. R. EVID. 403.

Agreed        _____
Granted       _____
Denied        _____

10.  Any reference to the possible issuance of an injunction.  The determination of whether an injunction should issue lies within the discretion of the trial court judge and occurs only after the jury has reached its verdict on liability.  Comments before the jury relating to the possible issuance of an injunction are irrelevant to the jury's liability deliberations and inadmissible.  FED. R. EVID. 402.  Further, such references or suggestions would prejudice the venire, mislead and confuse the jury, and be unfairly prejudicial to ION.  FED. R. EVID. 403.

Agreed        _____
Granted       _____
Denied        _____

11.    Any reference to or testimony claiming that people or companies of foreign origin, that operate in foreign countries or through foreign entities, are known to disregard the intellectual property rights of others, are copiers, or engage in improper business practices would be unfounded and highly prejudicial. Thus, the Court should exclude any such references. FED. R. EVID. 402-04.

             Agreed        _____
             Granted       _____
             Denied        _____

12.    Any reference to other litigation regarding ION. The Court should exclude any and all evidence, testimony, suggestion, or argument related to any other litigation, including patent litigation, involving ION or its related entities. Any such litigation is irrelevant to the present issues and could be unfairly prejudicial to ION. Therefore, testimony regarding any other litigation involving ION is irrelevant and should be prohibited under Federal Rules of Evidence 401 and 402. Furthermore, such evidence should also be excluded under Federal Rule of Evidence 403, as any relevance would be substantially outweighed by the danger of unfair prejudice to ION.

             Agreed        _____
             Granted       _____
             Denied        _____

   SIGNED this _____ day of July, 2012.


                              _____
                              UNITED STATES DISTRICT JUDGE