**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| WESTERNGECO L.L.C., | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil Action No. 4:09-CV-01827 |
| | ) |
| ION GEOPHYSICAL CORPORATION, | ) Judge Keith P. Ellison |
| FUGRO-GEOTEAM, INC., FUGRO-GEOTEAM AS, | ) |
| FUGRO NORWAY MARINE SERVICES AS, | ) Jury Trial Demanded |
| FUGRO, INC., FUGRO (USA), INC. | ) |
| and FUGRO GEOSERVICES, INC., | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

**WESTERNGECO'S BENCH MEMORANDUM REGARDING
FUGRO'S ATTEMPT TO REARGUE SUMMARY JUDGMENT**

On June 26, 2012, this Court granted summary judgment that ION and Fugro supply and/or cause to be supplied DigiFIN and the Lateral Controller from the United States, and thereby infringe WesternGeco's '520 patent.  (D.I. 365 at 65, 71).  Based on the testimony offered yesterday afternoon, Fugro has attempted to reopen that decided issue by arguing through its employee, Leif Morton By, that Fugro obtains the Lateral Controller from an "ftp site in the UK."[1]  (Trial Tr. at 1107:1-14; *see also* id. at 1109:12-17 ("[T]he lateral controller … [is] software that's system downloads.  It's not shipped.")).  Fugro's exhibit list indicates that it intends to pursue this line of questioning and argument through its continuing examination of Mr. By today.  (*See, e.g.*, FD218, 219, 231, 232, 235, 245, 247, 248, 252, 260, 261, 263, 271, 290, 292, 461, 462, 463, 465, and 466 (relating to ftp site from which Fugro allegedly downloads

---

[1] The trial transcript mistakenly states "after piece site," instead of "ftp site."

the Lateral Controller software)).  Such questioning and argument is improper both:  (1) because it violates the law of the case doctrine; and (2) because it is an attempt to spring on WesternGeco a new theory of noninfringement never before disclosed.   WesternGeco thus respectfully requests that the Court preclude Fugro from disputing that it supplies and/or causes to be supplied the Lateral Controller and DigiFIN from the United States.

    **1.**   The Court's summary judgment order conclusively resolved that ION and Fugro supply and/or cause to be supplied DigiFIN and the Lateral Controller from the United States:

- "It is undisputed that ION manufactures every DigiFIN and associated lateral controller in the United States. . . . It is also apparent that ION supplies its DigiFINs and lateral controllers to its customers in or from the United States."  (D.I. 365 at 65 (internal citations omitted)).

- "[I]t is uncontroverted . . . that Fugro did supply, or cause to be supplied, DigiFINs and lateral controllers from the United States."  (D.I. 365 at 71).

Fugro is bound by these rulings.  "Under the 'law of the case' doctrine, a decision on an issue of law made at one stage of a case becomes a binding precedent to be followed in successive stages of the same litigation."  *Thyssen Steel Co. v. M/V Kavo Yerakas*, 911 F. Supp. 263, 268 (S.D. Tex. 1996) (citing *Knotts v. United States*, 893 F.2d 758, 761 (5th Cir. 1990)).  Therefore, Fugro cannot dispute its supply/causing to be supplied of the Lateral Controller at trial.  *Law Offices of C. Kendall Harrell, P.C. v. Commerce Sav. Ass'n*, 824 F. Supp. 1159, 1172 (W.D. Tex. 1993) (citing *United States v. Horton*, 622 F.2d 144, 148 (5th Cir. 1980) (holding that "partially decided" issue was "law of the case" and therefore governed at trial)).  Allowing Fugro to reopen decided issues would defeat the purpose of summary judgment, which is to resolve issues over which there is "no genuine dispute as to any material fact."  Fed. R. Civ. P. 56.  And it would threaten to significantly lengthen this trial, by endorsing Defendants' recurring efforts to re-litigate matters decided on summary judgment and claim construction.

2

**2.**   Fugro never disclosed this theory in discovery.   Fugro's decision to spring on WesternGeco a new theory of non-infringement at trial is impermissible and a further reason to exclude this new argument.   WesternGeco's interrogatories specifically requested that Fugro "identify all factual and legal bases for [its] contention that it does not infringe the Asserted WesternGeco Claims . . . ."   (Ex. A, Fugro's Resp. to WesternGeco's Interrog. No. 19).   Instead of disclosing the "foreign-ftp" theory that it has now begun to attempt to introduce through its employee Mr. By, Fugro simply replied that it "do[es] not manufacture, sell, offer for sale, use, supply, or cause to be supplied any products that infringe WesternGeco's Patents-in-Suit."   (*Id.*).   Moreover, Fugro's alleged theory is contradicted by ION's admission that it "supplies its 'Lateral Controller' software from the United States *to its customers*."   (Ex. B, ION's Resp. to WesternGeco's Req. for Admiss. No. 34 (emphasis added)).

The facts that Fugro alleges would support this "foreign-ftp" theory have been in its possession throughout this litigation, but Fugro never set forth this evidence.   Fugro cannot pretend that the Court's summary judgment order does not exist and raise wholly novel theories at trial.   Doing so would significantly prejudice WesternGeco and result in further delay in this trial.   Accordingly, Fugro should be precluded from disputing that it supplies and/or causes to be supplied the Lateral Controller and DigiFIN from the United States.

Dated:  July 27, 2012

*Of Counsel:*

Gregg F. LoCascio, P.C.
gregg.locascio@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Tel.: (202) 879-5000
Fax: (202) 879-5200

Timothy K. Gilman
timothy.gilman@kirkland.com
Ryan Kane
ryan.kane@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Tel.:  (212) 446-4800
Fax:  (212) 446-4900

Respectfully submitted,

  /s/ Timothy K. Gilman                                
Lee L. Kaplan
lkaplan@skv.com
SMYSER KAPLAN
 & VESELKA, L.L.P.
Bank of America Center
700 Louisiana, Suite 2300
Houston, TX  77002
Tel:  (713) 221-2323
Fax:  (713) 221-2320

*Attorneys for Plaintiff*
*WesternGeco L.L.C.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record pursuant to Federal Rules of Civil Procedure on this the 27th day of July 2012.


_____/s/ Timothy K. Gilman_____