UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESTERNGECO L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:09-cv-1827 |
| | § | |
| ION GEOPHYSICAL CORPORATION, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

# ORDER

Now pending before the Court are two motions for reconsideration. The first was filed by Defendants Fugro-Geoteam, Inc. and Fugro-Geoteam AS (collectively, "Fugro.") (Doc. No. 442.) The second, filed by ION Geophysical Corporation ("ION"), joins in Fugro's motion in part, and asserts further arguments. (Doc. No. 448.) Both motions are based primarily on evidence regarding the particulars of how the "lateral controller" was provided by ION to its customers. The allegations on which the motions are based were not presented to the Court at the summary judgment stage.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Reconsideration motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). The Memorandum and Order at issue is interlocutory. Motions for

reconsideration of interlocutory orders are governed by Rule 59(e). *Thakkar v. Balasuriya*, CIV.A.H-09-0841, 2009 WL 2996727, at *1 (S.D. Tex. Sept. 9, 2009).

A motion under Rule 59(e) must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Motions under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Fugro and ION urge reconsideration on slightly different theories. Fugro argues that, in light of the newly-presented evidence, the lateral controllers used by ION's customers, including Fugro, are not supplied from the United States.[1] Looking to the same evidence, ION argues that the evidence indicates that ION did not intend that the lateral controllers provided from the United States would be combined at all; instead, ION apparently intended only that *copies* of the software at issue, which were produced abroad, be combined. According to ION, this negates the possibility that ION supplied components from the United States "in such a manner as to actively induce the combination of such components." 35 U.S.C. § 271(f)(1).[2]

---

[1] Fugro also appears to argue that the lateral controllers are not installed in the United States; this argument is rejected for the reasons provided in WesternGeco's response (Doc. No. 447).

[2] The argument made orally by counsel for ION seemed to diverge from ION's briefing, as the Court understood it. The Court read ION's briefing to argue that, in light of this newly-presented evidence, the "Lateral Controller Software is never intended to be combined *in a manner that would infringe WesternGeco's patents*." (Doc. No. 448 at 4-5 (emphasis added).) If instead ION's briefing was meant to indicate only what was presented orally—that is, that the lateral controller software provided from the United States is not itself intended to be *combined*—that argument could have been made far more clearly

2

Both motions seek to establish an error of fact based on never-before-presented evidence. However, it is undisputed that this evidence is not "newly discovered." Indeed, counsel for Defendants have represented that this evidence was in the record (presumably counsel was referring to the parties' own record) at the time the summary judgment motion in question was considered. Thus, these motions very clearly seek to "raise arguments which could, and should, have been made before judgment issued." 426 F.3d at 763. On this basis alone, these motions must be denied.

However, the Court briefly notes that the evidence on which Defendants base their motions is not of such a nature that it "would probably change the outcome" on this issue. *See Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003) (citations omitted) ("This Court has held that a 59(e) motion to reconsider should not be granted unless: (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching.") While the evidence about the ftp site might have given rise to a fact question had it been submitted in conjunction with the summary judgment briefing, it is not enough to warrant a mid-trial reconsideration of major premises under which all parties, and the Court, have been operating.

Fugro urges that, even if the Court denies its motion for reconsideration, the Court should allow Fugro to introduce the same evidence to rebut the willfulness claim. The

---

without including the emphasized language. If ION did intend the meaning the Court has attributed, the Court simply does not understand how the newly-presented evidence affects in any way the question of whether the combination is one which would infringe WesternGeco's patents if it were done in the United States. The ultimate result of the combination does not seem to have changed at all; at best, all that has changed is whether one of the allegedly combined parts (the lateral controller) was supplied from the United States, and thus whether there was an intent to combine components supplied from the United States.

3

Court is not yet persuaded that this evidence is admissible to rebut willfulness. The Court would like the parties to address this issue further. Specifically, the Court asks the parties to consider whether WesternGeco will have an opportunity to challenge the evidence through cross-examination to elicit testimony about whether this evidence does, in fact, negate willfulness. The Court would also like the parties to discuss, and propose, a curative jury instruction indicating that the evidence at issue may not be used in considering infringement and instead is relevant only to the question of willfulness. After considering the parties' responses to these requests, the Court will determine whether to admit this evidence on the limited issue of willfulness.

Defendants' motions for reconsideration are **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 1st day of August, 2012.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE