# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| WESTERNGECO L.L.C., | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Civil Action No. 4:09-CV-01827 |
| | ) |
| ION GEOPHYSICAL CORPORATION, | ) Judge Keith P. Ellison |
| | ) |
| | ) Jury Trial Demanded |
| | ) |
| *Defendant.* | ) |
| | ) |

## WESTERNGECO'S MOTION FOR PREJUDGMENT
## INTEREST AND POST-DISCOVERY DAMAGES

*Of Counsel:*

Gregg F. LoCascio, P.C.
gregg.locascio@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Tel.: (202) 879-5000
Fax: (202) 879-5200

Timothy K. Gilman
timothy.gilman@kirkland.com
Joyce Tam
joyce.tam@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel.: (212) 446-4800
Fax: (212) 446-4900

Dated: September 28, 2012

Lee L. Kaplan
lkaplan@skv.com
SMYSER KAPLAN
  & VESELKA, L.L.P.
Bank of America Center
700 Louisiana, Suite 2300
Houston, TX 77002
Tel: (713) 221-2323
Fax: (713) 221-2320

*Attorneys for Plaintiff/Counterclaim Defendant*
*WesternGeco L.L.C.*

Pursuant to Federal Rule of Civil Procedure 59(e), WesternGeco L.L.C. ("WesternGeco") hereby moves this Court to amend the judgment and include an award of prejudgment interest and accounting on the compensatory damages awarded by the jury.

## INTRODUCTION

On August 16, 2012, the jury in the above-captioned matter found ION liable for willful infringement of four WesternGeco patents and awarded WesternGeco lost profits damages of $93.4 million and reasonable royalty damages of $12.5 million. (D.I. 536)  These damages were based, in part, on data that ION produced regarding sales of its infringing products through May 2011.   WesternGeco is entitled to prejudgment interest on these damages, as well as an accounting for ION sales from May 2011 through judgment.

## LEGAL STANDARD

"Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement . . . together with interest and costs as fixed by the court."  35 U.S.C. § 284 (2012).  The Supreme Court has interpreted this to mean that "prejudgment interest should ordinarily be awarded" in patent infringement cases.  *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983); *see also Telcordia Techs., Inc. v. Cisco Sys., Inc.*, 612 F.3d 1365, 1378 (Fed. Cir. 2010).

Federal Rule of Civil Procedure 59(e) applies to the issue of whether a judgment should be amended to add prejudgment interest.  *Osterneck v. Ernst & Whitney*, 489 U.S. 169, 175–78 (1989) (holding that post-judgment motion for discretionary prejudgment interest is a Rule 59(e) motion); *Zapata Gulf Marine Corp. v. Puerto Rico Mar. Shipping Auth.*, 925 F.2d 812, 814 (5th

Cir. 1991). A motion under Rule 59(e) must be filed "no later than 28 days after the entry of judgment." FED. R. CIV. P. 59(e).[1]

"Federal Rule of Civil Procedure 62(a) makes clear that Congress contemplated accountings in patent actions." *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, No. CV-S-97-1383-EJW, 2001 WL 34778689, at *18 (D. Nev. Aug. 2, 2001) (attached hereto as Ex. A). Accordingly, "[c]ourts 'routinely grant motions for further accounting' where the jury did not consider certain periods of infringing activity." *Itron, Inc. v. Benghiat*, No. Civ. 99-501 (JRT-FLN), 2003 WL 22037710, at *15 (D. Minn. Aug. 29, 2003) (attached hereto as Ex. B).

## ARGUMENT

### I.   PREJUDGMENT INTEREST SHOULD BE AWARDED ON ALL DAMAGES

#### A.   Prejudgment Interest Is the Rule, Not the Exception

The objective of awarding prejudgment interest is to put the patentee in "as good a position as he would have been in had the infringer entered into a reasonable royalty agreement," and permits the patentee to recover "the forgone use of the money between the time of infringement and the date of the judgment." *Gen. Motors*, 461 U.S. at 655-56; *Whitserve, LLC v. Computer Packages, Inc.*, -- F.3d --, 2012 WL 3573845, at *18 (Fed. Cir. Aug. 7, 2012) (attached hereto as Ex. C). Thus, "[a]s a rule, 'prejudgment interest should be awarded . . . absent some justification for withholding such an award.'" *Whitserve*, 2012 WL 3573845, at *18 (quoting *Gen. Motors*, 461 U.S. at 657).

Prejudgment interest "should be awarded on both the lost profits and the royalty portions of the damages awarded for patent infringement." *See, e.g.*, *Gyromat Corp. v. Champion Spark*

---

[1]   Although final judgment has not been entered, "post-verdict" motions are to be filed by September 28, 2012 pursuant to the Agreed Scheduling Order for Post-Trial Briefing. (D.I. 547)

*Plug Co.*, 735 F.2d 549, 556 (Fed. Cir. 1984).   Interest should be awarded from the date of infringement to the date of judgment.   *Gen. Motors*, 461 U.S. at 655-656; *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 518 F. Supp. 2d 876, 897 (S.D. Tex. 2007).

**B.     Prejudgment Interest Should Be Awarded at the Texas Statutory Rate**

Under Texas law, the appropriate interest rate for prejudgment interest is: "(1) the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation; (2) five percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System described by Subdivision (1) is less than five percent; or (3) 15 percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System described by Subdivision (1) is more than 15 percent."   Tex. Fin. Code Ann. § 304.003(c) (2005).[2] (attached hereto as Ex. D)   Texas courts have frequently applied this statutory rate for prejudgment interest awards in patent cases.   *See, e.g., Lighting Ballast Control, LLC v. Philips Elecs. N. Am. Corp.*, 814 F. Supp. 2d 665, 695 (N.D. Tex. 2011); *Insituform*, 518 F. Supp. 2d at 896.

This general application of the prime rate is well-accepted in patent infringement cases. *See, e.g., Fractus, S.A. v. Samsung Elecs. Co.*, -- F. Supp. 2d --, 2012 WL 2505741, at *47 (E.D. Tex. June 28, 2012) (attached hereto as Ex. E); *Soverain Software LLC v. Newegg Inc.*, 836 F. Supp. 2d 462, 480 (E.D. Tex. 2010).   The Federal Circuit has routinely approved the use of the prime rate for prejudgment interest awards.   *See, e.g., Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991) (holding district court's selection of prime rate was not an

---

[2]   Although the statute specifies post-judgment interest, Texas common law allows for prejudgment interest to accrue at the same rate as that used for post-judgment interest.   *Int'l Turbine Servs., Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 500 (5th Cir. 2002).

abuse of discretion); *Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 862 F.2d 1564, 1579–80 (Fed. Cir. 1988) (affirming award of prejudgment interest at prime rate).

"Courts have recognized that the prime rate best compensate[s] a patentee for lost revenues during the period of infringement because the prime rate represents the cost of borrowing money, which is 'a better measure of the harm suffered as a result of the loss of the use of money over time.'" *IMX, Inc. v. LendingTree, LLC*, 469 F. Supp. 2d 203, 227 (D. Del. 2007) (citation omitted); *see also NTP Inc. v. Research in Motion, Ltd.*, 270 F. Supp. 2d 751, 763 (E.D. Va. 2003) (holding that "[t]he prime rate, compounded quarterly, is a conservative, middle-of-the road approach that takes into account normal market fluctuations"). A recent Eastern District of Texas opinion acknowledged that the prime rate is consistent with the rate that would apply under Texas law. *Jones v. Lockhart, Morris, & Montgomery, Inc.*, No. 1:11-CV-373, 2012 WL 1580759, at *5 (E.D. Tex. Feb. 3, 2012) (attached hereto as Ex. F).

### C.    The Prejudgment Interest Should Be Compounded

"It has been recognized that an award of compound rather than simple interest assures that the patent owner is fully compensated." *Krippelz v. Ford Motor Co.,* 670 F. Supp. 2d 815, 818 (N.D. Ill. 2009) (quoting *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1555 (Fed. Cir. 1995)). The method and frequency of compounding are left to the discretion of the district court. *Uniroyal*, 939 F.2d at 1547.

WesternGeco has conservatively calculated prejudgment interest to be compounded annually, even though many courts have awarded interest compounded quarterly. *See, e.g.*, *Fractus*, 2012 WL 2505741, at *47 (awarding prime rate, compounded quarterly); *Insituform*, 518 F. Supp. 2d at 897 (awarding statutory rate, compounded annually); *Krippelz*, 670 F. Supp. 2d at 819-20 (awarding an above prime rate, compounded quarterly); *Church & Dwight Co. v. Abbott Labs.*, No. 05-2142 (GEB) (LHG), 2009 WL 2230941, at *10–11 (D. N.J. July 23, 2009)

4

(awarding prime rate, compounded quarterly and noting that such is necessary to fully compensate the patentee) (attached hereto as Ex. G).

Using the statutory rate and compounding annually, the prejudgment interest owed by ION is $8,124,702.  (*See* Ex. H, Declaration of Raymond S. Sims at ¶ 5(c)(i))  If judgment is entered after September 30, 2012, this amount should be increased by $15,621 for each elapsed day.  (*Id.* at ¶ 6(a))[3]

## II.    WesternGeco Is Entitled to an Accounting

As part of discovery, ION produced sales data for DigiFIN through May 20, 2011.  (Ex. I, Gunderson Mar. 16, 2012 Report, Sch. 7A)  Accordingly, WesternGeco is entitled to an accounting for all ION DigiFIN sales from May 20, 2011 through judgment. *See Itron, Inc.* 2003 WL 22037710, at *15 ("Courts 'routinely grant motions for further accounting' where the jury did not consider certain periods of infringing activity."); *Mikohn Gaming Corp.*, 2001 WL 34778689, at *18 (noting that "Congress contemplated accountings in patent actions.").  ION has agreed to produce updated DigiFIN revenue information.  (Ex. J, 9/25/12 E-mail from Wade to Gilman)  WesternGeco will supplement its briefing to request an accounting consistent with the jury's damages award once it has received this information from ION.

---

[3]   Alternatively, if the Court determines that the prime rate (rather than the statutory rate) is the appropriate rate to apply, the prejudgment interest owed by ION, if compounded annually, is $5,239,499.  (*See* Ex. H at ¶ 5(c)(ii))  If judgment is entered after September 30, 2012, the amount should be increased by $9,891 for each elapsed day.  (*Id.* at ¶ 6(b))

## CONCLUSION

As part of compensation for ION's infringement, WesternGeco is entitled to prejudgment interest and an accounting for ION's post-discovery acts of infringement. For the reasons stated above, WesternGeco requests that the Court amend the judgment to include prejudgment interest on the jury's verdict in the amount of $8,124,702 bringing the total award to $114,024,702 through September 30, 2012, with an additional $15,621 for each day between September 30, 2012 and the day judgment is entered.

Dated: September 28, 2012

*Of Counsel:*

Gregg F. LoCascio, P.C.
gregg.locascio@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Tel.: (202) 879-5000
Fax: (202) 879-5200

Timothy K. Gilman
timothy.gilman@kirkland.com
Joyce Tam
joyce.tam@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel.: (212) 446-4800
Fax: (212) 446-4900

Respectfully submitted,

Lee L. Kaplan
lkaplan@skv.com
SMYSER KAPLAN
 & VESELKA, L.L.P.
Bank of America Center
700 Louisiana, Suite 2300
Houston, TX 77002
Tel: (713) 221-2323
Fax: (713) 221-2320

*Attorneys for Plaintiff/Counterclaim Defendant WesternGeco L.L.C.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record pursuant to Federal Rules of Civil Procedure on this the 28th day of September, 2012.

Lee L. Kaplan