**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WESTERNGECO L.L.C., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Civil Action No. 4:09-CV-01827 |
| v. | ) | |
| | ) | Judge Keith P. Ellison |
| ION GEOPHYSICAL CORPORATION, | ) | |
| | ) | Jury Trial Demanded |
| *Defendant.* | ) | |
| | ) | |
| | ) | |

## MOTION TO RELEASE/DISCHARGE SUPERSEDEAS BOND

Westchester Fire Insurance Company ("Westchester") and Arch Insurance Company ("Arch") (Westchester and Arch collectively, the "Sureties"), respectfully move the Court to enter an Order releasing/discharging the Supersedeas Bond the Sureties issued on behalf of Defendant Ion Geophysical Corporation (the "Defendant") under Fed. R. Civ. P. 65.1.

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT — THE SUPERSEDEAS BOND HAS FULLY SERVED ITS SOLE PURPOSE AND SHOULD BE DISCHARGED IN ITS ENTIRETY

The Supersedeas Bond has fully served its sole purpose of maintaining the status quo and protecting Plaintiff WesternGeco, LLC (the "Plaintiff") from the risk that the Defendant would not be able to pay the "Total Amount" of this Court's Final Judgment that was "affirmed on appeal" **during the Defendant's appeal** and, therefore, should be discharged in full because the Defendant has already paid the "Total Amount" of this Court's Final Judgment that was "affirmed on appeal" **during the Defendant's appeal** and no unpaid/unsatisfied money judgment currently exists.

1

As the Court is aware, the Supersedeas Bond was issued in relation to **the Defendant's appeal** for the sole purpose of securing the Defendant's liability to the Plaintiff for lost profits and royalty damages — two separate and distinct categories of damages the jury initially awarded the Plaintiff. Specifically, on or about August 16, 2012, the jury awarded the Plaintiff (1) damages of $93,400,000 relative to the Defendant's liability for lost profits and (2) damages of $12,500,000 relative to the Defendant's liability for royalty damages. (Doc. 536, p. 8). On September 28, 2012, the Defendant filed a Motion for Judgment as a Matter of Law in relation to, *inter alia*, the jury's award of $93,400,000 for lost profits based upon the assertion that "there is no legal basis for the lost profits award." (Doc. 562, p. 10). On the same day, the Plaintiff filed a Motion for Willfulness and Enhanced Damages, in which the Plaintiff argued that the Defendant had willfully infringed the Plaintiff's patents and the Court should enhance the Plaintiff's damages. (Doc. 560). This Court denied the Defendant's Motion for Judgment as a Matter of Law and the Plaintiff's Motion for Willfulness and Enhanced Damages on June 19, 2013. (Doc. 634). On May 7, 2014, this Court entered a Final Judgment against the Defendant, which encompassed the Defendant's liability for lost profits and the Defendant's liability for reasonable royalties. (Doc. 687). This Court's Final Judgment did not include any enhanced damages.[1] (Id.). To obtain a stay of collection/payment of the money portion of the Final Judgment **pending the Defendant's appeal**, the Defendant negotiated the terms of the Supersedeas Bond with the Plaintiff and then obtained the Court's approval of the Supersedeas Bond under Fed. R. Civ. P. 62(d).

The "drafting history" of the Supersedeas Bond, which the Plaintiff has cited/relied upon in prior briefing relative to the proper interpretation/enforcement of the Supersedeas Bond, confirms that the Supersedeas Bond was only intended to secure the royalty damages and lost

---

[1] The Final Judgment did include "supplemental damages," but the calculation of those damages was stipulated and was tied directly to the amount of the royalty damages.

profit damages that were originally encompassed by this Court's Final Judgment **pending the Defendant's appeal**, as opposed to any new types/categories of damages that could be awarded in the future as a result of the Plaintiff's separate cross-appeal.  For example, in an email dated September 9, 2013, the Defendant's counsel explained that the Supersedeas Bond would not cover any categories of damages that were not awarded to the Plaintiff at the trial court level prior to the Defendant's appeal as follows:

> Also to clarify, **I don't think this bond covers any amounts from proceedings after remand**, since if there is a remand, the final judgment is null or at least null in part.  A new final judgment would then be the result of the proceedings after remand; but this is a bond of the final judgment plus post-judgment interest, and possible attorneys' fees and costs awarded in the court of appeals' judgment (if any).
>
> **<u>In other words, I don't think we are bonding anything you lost or did not get in the trial court but for which you are taking a cross-appeal</u>**.

(Doc. 696-2, p. 2 of 5) (emphasis added).  In an email dated March 1, 2014, the Plaintiff's counsel later confirmed that the Plaintiff "will not request bonding above the total judgment."  (Doc. 722-11, p. 2 of 3).  Similarly, in an email dated March 27, 2014, the Plaintiff's counsel confirmed that the Defendant "**will bond the final judgment**" and that the Plaintiff "will not ask for any enhanced bonding."  (Doc. 722-12, p. 2 of 4).  Neither the Defendant nor the Sureties intended to secure any enhanced damages that could potentially be awarded to the Plaintiff relative to the Plaintiff's cross-appeal, and the Plaintiff was well aware of that fact.

After the Plaintiff and the Defendant negotiated the terms of the Supersedeas Bond, the Defendant sought and obtained this Court's approval of the Supersedeas Bond and a corresponding stay of collection/payment of money portion of this Court's Final Judgment **pending the Defendant's appeal** under Fed. R. Civ. P. 62(d).  Specifically, the Defendant filed an Unopposed

Expedited Motion for Approval of Supersedeas Bond and Stay of Execution of Judgment on May 12, 2014, which stated:

> **Pursuant to Federal Rule of Civil Procedure 62(d)**, [the Defendant] moves for expedited approval of a supersedeas bond in the amount of $120 million. A copy of the executed form of the Bond is attached as Exhibit A. The parties stipulated that $120 million is a full bond, and this court entered a final judgment pursuant to that stipulation on May 7, 2014. The parties also agreed to the form of the attached bond. [The Plaintiff] does not oppose this motion, and has agreed to both the form and amount of the bond attached as Exhibit A. **Therefore, [the Defendant] asks for the approval of the attached supersedeas bond, and a stay of collection or payment of the money portion of the judgment pending appeal.**

(Doc. 688) (footnote omitted) (emphasis added). On the same day, this Court entered an Order approving the Supersedeas Bond and staying collection/payment of the money portion of the Final Judgment **pending the Defendant's appeal** as follows:

> Having reviewed [the Defendant's] Unopposed Expedited Motion for Approval of Supersedeas Bond and Stay of Execution of Judgment, (Doc. No. 688), the Court orders that the Motion is GRANTED. The Court approves the form of the supersedeas bond, as well as the $120 million amount of the bond, which constitutes a full bond, **and hereby stays collection or payment of the money portion of the judgment pending appeal**.

(Doc. 689) (emphasis added). Thus, the Supersedeas Bond unquestionably relates to **the Defendant's appeal**, as opposed to the Plaintiff's cross-appeal. In fact, at the time the Supersedeas Bond was approved, the Plaintiff had not even filed its Notice of Appeal. (*See* Doc. 691). Furthermore, despite the fact that the Plaintiff's cross-appeal currently remains ongoing, the Plaintiff contends that the stay of execution expired long ago, which means that the Plaintiff must necessarily acknowledge that the appeal referenced in the Order approving the Supersedeas Bond (*i.e.*, the Defendant's appeal) has concluded.

In any event, as issued, the operative language of the Supersedeas Bond states, in relevant part:

Pursuant to Fed. R. Civ. P. 62, 65.1, and Fed. R. App. 8, [the Defendant and the Sureties] unconditionally bind themselves as set forth below to pay to [the Plaintiff] **the total amount of the Final Judgment, if, as, and in the amount affirmed on appeal (or in full, if such appeal is abandoned or dismissed) or modified on appeal or remand, plus additional post-judgment interest accrued since the entry of Final Judgment, and any costs or other amounts awarded on appeal to [the Plaintiff] ("Total Amount").** While [the Defendant] shall be jointly and severally liable for the Total Amount, the liability of each Surety shall be several, not joint, up to each Surety's maximum liability as set forth below. For the avoidance of doubt, the Sureties separately bind themselves to each of their respective maximum liability below, which together total no less than One Hundred Twenty Million and no/100 Dollars ($120,000,000.00) ("the Bond"). Pursuant to Fed. R. Civ. P. 65.1 and Fed. R. App. P. 8(b), each Surety submits to the Court's jurisdiction and irrevocably appoints the District Clerk as its agent for receiving service of any papers that affect its liability on the bond or undertaking. Each surety's liability may be enforced separately on motion without an independent action. The motion and any notice that the Court orders may be served on the District Clerk, who must promptly mail a copy of each to every surety whose address is known.

Accordingly:

1.    **If [the Defendant] fails to pay [the Plaintiff] the Total Amount in full** after the mandate is returned to the District Court or the appeal otherwise terminated without any mandate, each Surety will pay to [the Plaintiff] **the difference between the Total Amount and any amounts paid by [the Defendant], up to the maximum liability below for each of them**.

. . . .

5.    **If [the Defendant] makes partial payment only**, then any claim for payment shall be allocated to the percentage of each Surety's limit of liability relative to the [Defendant's] remaining obligation, and in no event more than that Surety's maximum liability as a percentage of the Total Amount.

(Emphasis added). Thus, the "Total Amount" of the Final Judgment under the Supersedeas Bond following **the Defendant's appeal** may consist of, among other things, (1) the amount of the Final Judgment "affirmed **on appeal**" **or** (2) the amount of the Final Judgment "modified **on appeal**" **or** (3) the amount of the Final Judgment "modified on remand" from **the appeal**." Those scenarios/amounts are disjunctive, as opposed to conjunctive. The Sureties reiterate that the

relevant appeal referenced in both the Supersedeas Bond and the Order approving the Supersedeas Bond is **the Defendant's appeal**, as opposed to the Plaintiff's cross-appeal.   Moreover, the Sureties' several (and not joint) liability was conditioned upon the Defendant's failure to pay the Plaintiff the "Total Amount" of the Final Judgment in full **following the Defendant's appeal**.

After this Court approved the Supersedeas Bond and stayed collection/payment of the money portion of its Final Judgment **pending the Defendant's appeal**, the Federal Circuit reversed the Defendant's liability for lost profit damages in *WesternGeco L.L.C. v. ION Geophysical Corp.*, 791 F.3d 1340, 1349 (Fed. Cir. 2015).   Instead of staying collection/payment of the Final Judgment pending the resolution of the Plaintiff's later-to-be-filed writ of certiorari, the Federal Circuit issued its mandate on November 6, 2015, including the reversal of the Defendant's liability for lost profits, which mandate this Court received on November 9, 2015. (Doc. 695).   According to the Plaintiff, the Federal Circuit's issuance of its mandate ended the Defendant's appeal and ended the stay of enforcement of the money portion of this Court's Final Judgment.   As the Plaintiff has stated that "[t]he Federal Circuit appeal is over," and the Plaintiff has been seeking to compel the Defendant and the Sureties to pay royalty damages ever since this Court received the Federal Circuit's mandate on November 9, 2015 relative to **the Defendant's appeal**.   (Doc. 708, p. 20 of 34).

The Federal Circuit's issuance of its mandate (1) prompted the Plaintiff to file its Motion to Enforce Royalty Damages (Doc. 696) and (2) prompted the Sureties to file their Motion to Release/Discharge Supersedeas Bond Relative to Liability for Lost Profits Damages Reversed on Appeal (Doc. 721).   Magistrate Palermo issued an Order and Report and Recommendation that (among other things) addressed the competing Motions of the Plaintiff and the Sureties on May 4, 2016 (Doc. 729), to which Order and Report and Recommendation the Sureties timely objected.

Before this Court had an opportunity to rule upon the Sureties' objections, the Supreme Court entered an order granting the Plaintiff's writ of certiorari in part and correspondingly vacating the Federal Circuit's judgment and remanding the Plaintiff's cross-appeal to the Federal Circuit "for further consideration in light of *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. ___ (2016)." (Doc. 731-1). The Federal Circuit subsequently recalled its November 6, 2015 mandate. (Doc. 737-2). The Federal Circuit later "vacate[d] the district court's judgment with respect to enhanced damages for willful infringement under 35 U.S.C. § 284 and reinstate[d] [its] earlier opinion and judgment in all other respects." (Doc. 741-1, p. 2 of 25). The Federal Circuit issued its corresponding mandate on October 14, 2016, which gave this Court jurisdiction to resolve the competing Motions of the Plaintiff and the Sureties. (Doc. 748-1).

After jurisdiction was reinstated, this Court entered an Order on November 10, 2016 that, among other things, (1) granted the Plaintiff's Motion to Enforce Royalty Damages and (2) partially granted the Sureties' Motion for Relief from Bond. (Doc. 750). With respect to this Court's partial granting of the Sureties' Motion, this Court's November 10, 2016 Order states, "Additionally, **the Court releases the Sureties from the supersedeas bond inasmuch as it covers [the Defendant's] exposure over $65,000,000**." (Emphasis added). Accordingly, the Sureties' liability under the Supersedeas Bond has already been reduced substantially from $120,000,000 to $65,000,000 based upon the Defendant's successful appeal to the Federal Circuit relative to lost profits.

Following the entry of this Court's November 10, 2016 Order, the Plaintiff demanded that the Defendant pay the royalty damages that were "affirmed on appeal" by the Federal Circuit **during the Defendant's appeal**, in addition to all associated costs, prejudgment interest, and post-judgment interest. The Plaintiff also furnished the Defendant the Plaintiff's calculation of the

amount of royalty damages owed under the portion of the Final Judgment that were "affirmed on appeal." The Defendant subsequently paid the agreed upon amount of royalty damages and associated costs/interest — $20,832,921.70 — via wire transfer on November 28, 2016. Accordingly, at this juncture, the Plaintiff has received payment in full in relation to the royalty damages contained in this Court's Final Judgment that were "affirmed on appeal" **during the Defendant's appeal**. No judgment for enhanced damages existed at the time the Supersedeas Bond was issued, and no such judgment exists now. Thus, no unpaid/unsatisfied money judgment currently exists.

## II.  ARGUMENT AND AUTHORITIES

**A. The Supersedeas Bond should be released/discharged in its entirety because the Defendant has already paid the "Total Amount" of this Court's Final Judgment that was "affirmed on appeal" (*i.e.*, during the Defendant's appeal), no unsatisfied monetary judgment exists for the Supersedeas Bond to secure, and the Supersedeas Bond was not intended to secure any damages that may be awarded in relation to the Plaintiff's separate cross-appeal.**

The Supersedeas Bond was only intended to protect the Plaintiff from the risk of loss associated **with the Defendant's appeal**, and only the risk of loss associated **with the Defendant's appeal**. The Supersedeas Bond was never intended to provide an additional source of recovery in relation to any additional damages the Plaintiff may be entitled to recover as a result of **the Plaintiff's separate cross-appeal**. The Rules of Federal procedure under which the Supersedeas Bond was authorized/issued, the terms of this Court's Order approving the Supersedeas Bond, the terms of the Supersedeas Bond itself, and the "drafting history" of the Supersedeas Bond all confirm that to be the case. Thus, the Supersedeas Bond should be released/discharged in its entirety because the Defendant has already paid the "Total Amount" of this Court's Final Judgment that was "affirmed on appeal" **relative to the Defendant's appeal**,

and no unsatisfied monetary judgment exists for the Supersedeas Bond to secure **relative to the Defendant's appeal**.

The Defendant's Unopposed Expedited Motion for Approval of Supersedeas Bond and Stay of Execution of Judgment was premised on Fed. R. Civ. P. 62(d), and the Supersedeas Bond confirms that it was issued under that Rule.  Fed. R. Civ. P. 62(d) states, in relevant part, "If an appeal is taken, **the appellant** may obtain a stay by supersedeas bond . . . ."  (Emphasis added). Fed. R. Civ. P. 62(d) relates solely to the procedure for staying the enforcement of the money portion of a judgment **pending a defendant's/appellant's appeal — as opposed to a plaintiff's separate cross-appeal**.  A supersedeas bond issued under Fed. R. Civ. P. 62 "secures the prevailing party against any loss sustained **as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal**." *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979) (emphasis added).  The Federal Circuit has also recognized that "[t]he purpose of requiring a supersedeas bond to be posted is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 930 F.2d 1572, 1574 (Fed. Cir. 1991).  A supersedeas bond issued under Fed. R. Civ. P. 62 does not provide a plaintiff with an additional source of recovery of any new damages that may be awarded as a result of a plaintiff's separate cross-appeal.  Thus, under Fed. R. Civ. P. 62(d) and the terms of the Supersedeas Bond, **the Defendant's appeal is the only relevant appeal**.

While the terms of Fed. R. Civ. P. 62 do not, in of themselves, govern a surety's liability under a supersedeas bond, that Rule and its progeny (including cases construing prior versions of the Rule) should be considered when ascertaining the "real or presumed intention of the parties" to a supersedeas bond "for they almost certainly influenced the language the bonding company

chose." *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 930 F.2d 1572, 1574 (Fed. Cir. 1991) (emphasis added). Even if Fed. R. Civ. P. 62 is not specifically referenced in a particular supersedeas bond, that Rule and its progeny "provide a framework within which the language of a bond may be usefully evaluated." *Tennessee Valley Auth. v. Atlas Mach. & Iron Works, Inc.*, 803 F.2d 794 (4th Cir. 1986). Furthermore, when construing a supersedeas bond, a court must be mindful that "the obligation of sureties upon bonds is *strictissimi juris* and not to be extended by implication or enlarged construction of the terms of the contract entered into." *Crane v. Buckley*, 203 U.S. 441, 447, 27 S. Ct. 56, 58, 51 L. Ed. 260 (1906). As noted above, Fed. R. Civ. P. 62 is specifically referenced in the Supersedeas Bond. As detailed above, that Rule does not authorize, require, or contemplate that security will be provided to a plaintiff relative to damages that may be awarded as a result of a plaintiff's separate cross-appeal.

Federal courts routinely hold that the purpose of a supersedeas bond has been satisfied under Fed. R. Civ. P. 62(d), and the surety's potential liability thereunder has been discharged, when (1) the appeal results in the reversal of the defendant's liability for damages (as was the case with the lost profits award) or (2) the defendant pays/satisfies the monetary portion of the judgment following the defendant's unsuccessful appeal. *See, e.g., Contractors Equip. Maint. Co. ex rel. U.S. v. Bechtel Hanford, Inc.*, 514 F.3d 899 (9th Cir. 2008) (releasing supersedeas bond where principal had paid monetary portion of judgment for which principal was liable following its unsuccessful appeal); *WesternGeco LLC v. ION Geophysical Corp.*, 2016 WL 2344347 (S.D. Tex. May 4, 2016) (noting that "Courts release supersedeas bonds when the bond has served its purpose and no outstanding judgment remains"); *Lester v. Percudani*, 2013 WL 6328452 (M.D. Pa. Dec. 5, 2013) (stating that a supersedeas bond is released when "the stay has been lifted and full payment has been made"); *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran*

*v. Cubic Def. Sys., Inc.*, 2012 WL 2152068 (S.D. Cal. June 12, 2012) (discharging supersedeas bond where defendant had "satisfied the bulk of the award"); *Halliburton Energy Servs., Inc. v. NL Indus.*, 703 F. Supp. 2d 666 (S.D. Tex. 2010) (releasing supersedeas bond where principal paid monetary portion of judgment following its unsuccessful appeal); *Goss Int'l Corp. v. Tokya Kikai Seisakusho, Ltd.*, 2006 WL 4757279 (N.D. Iowa Aug. 9, 2006) (stating "[c]ourts release supersedeas bonds when the bond has served its purpose and no outstanding judgment remains"); *Am. Fed. Grp., Ltd. v. Rothenberg*, 1998 WL 273034 (S.D.N.Y. May 28, 1998) (stating "[t]here presently is no judgment against the defendant . . . there is no judgment to stay or to secure with a bond . . . and the bond was not intended to remain in effect to secure a non-existent judgment"); *Singleton v. Guangzhou Ocean Shipping Co.*, 1996 WL 257560 (E.D. La. May 13, 1996) (supersedeas bond released where defendant was "no longer liable to plaintiff" following appellate court's reversal of defendant's liability). In the present case, the Defendant's appeal resulted in the Federal Circuit's reversal of the Defendant's liability for lost profits, and the Defendant has already paid/satisfied the royalty damages (and associated cost/expenses) the Federal Circuit "affirmed on appeal." No unpaid/unsatisfied monetary judgment currently exists.

This Court's Order approving the Supersedeas Bond further confirms **that the Defendant's appeal is the only relevant appeal**. In that regard, this Court's Order approving the Supersedeas Bond states, in relevant part, "The Court approves the form of the supersedeas bond, as well as the $120 million amount of the bond, which constitutes a full bond, **and hereby stays collection or payment of the money portion of the judgment <u>pending appeal</u>**." (Doc. 689) (emphasis added). Consequently, the stay of enforcement was to only be effective "**<u>pending appeal</u>**" — which means the Defendant's appeal — as opposed to the Plaintiff's separate cross-appeal. When this Court stayed collection/payment of the judgment "**<u>pending appeal</u>**," this Court

only intended to stay the collection/payment during the pendency of the Defendant's appeal.  If the word "appeal" included the Plaintiff's separate cross-appeal, then (1) a "**pending appeal**" would continue to exist under this Court's Order based on the Plaintiff's ongoing cross-appeal and (2) the stay of collection/payment would remain in effect "pending" the resolution of the Plaintiff's separate cross-appeal.  Because the Plaintiff contends that the stay expired and royalty damages were owed under the Supersedeas Bond before the Plaintiff even filed its writ of certiorari to the Supreme Court in its separate cross-appeal, the Plaintiff cannot credibly argue that the word "appeal" in this Court's order approving the Supersedeas Bond means anything other than **the Defendant's appeal**.   The word "appeal" in this Court's Order approving the Supersedeas Bond should have the meaning of the word "appeal" in the Supersedeas Bond.

Furthermore, logic dictates that the Plaintiff was not entitled to any security relative to any enhanced damages that may be awarded as a result of the Plaintiff's separate cross-appeal because (1) no enforceable/collectible judgment for enhanced damages existed at the time the Supersedeas Bond was issued and (2) the Plaintiff could not have required the Defendant to secure damages that were not actually awarded to the Plaintiff under Fed. R. Civ. P. 62.  Despite the history of briefing in this action relative to the scope of protection under the Supersedeas Bond, the Plaintiff has not cited a single case in which a court has held that a supersedeas bond covers damages that (1) were not awarded to a plaintiff at the trial court level before an appeal and (2) were later awarded during the plaintiff's separate cross-appeal.

Consequently, the Defendant's appeal is the only relevant appeal, the relevant appeal is over, and the Defendant has already paid the "Total Amount" of the Final Judgment that was "affirmed on appeal" (*i.e.*, during the Defendant's appeal).  The Sureties reiterate that the operative language of the Supersedeas Bond provides, in relevant part:

> [The Defendant], as Principal, and [the Sureties], as Sureties, unconditionally bind themselves as set forth below to pay to [the Plaintiff], Plaintiff, **the total amount of the Final Judgment**, if, as, and in the **amount affirmed <u>on appeal</u>** (or in full, if <u>such appeal</u> is abandoned or dismissed) or **modified <u>on appeal</u> or remand**, plus additional post-judgment interest accrued since the entry of Final Judgment, and any costs or other amounts awarded **<u>on appeal</u>** to [the Plaintiff] ("Total Amount").

(Emphasis added). As detailed above, the Defendant's appeal, which has now been concluded, is the only relevant appeal under the Supersedeas Bond. Otherwise, the stay of enforcement of the money judgment would remain in effect. Security under the Supersedeas Bond is tethered to the "Total Amount" of the Final Judgment resulting from **the Defendant's appeal**. The "Total Amount" of the Final Judgment resulting from the Defendant's appeal may consist of, among other things, (1) the amount of the Final Judgment "affirmed **<u>on appeal</u>** **<u>or</u>** (2) the amount of the Final Judgment "modified **<u>on appeal</u>**" **<u>or</u>** (3) the amount of the Final Judgment "modified on remand" from **<u>the appeal</u>**. Those components of the "Total Amount" of the Final Judgment are disjunctive, as opposed to conjunctive. In the present case, this Court has already ordered the Defendant to pay — and the Defendant has already paid — the royalty damages that were "affirmed on appeal" as contemplated by the Supersedeas Bond and the Order approving the Supersedeas Bond (*i.e.*, during the Defendant's appeal). Hence, the Defendant has already paid the "Total Amount" of the Final Judgment "affirmed on appeal," which was the only payment obligation the Supersedeas Bond secured. No unpaid/unsatisfied money judgment exists for the Supersedeas Bond to secure, the status quo was fully maintained during the Defendant's appeal, and the Plaintiff has received all the security to which it was entitled under the Supersedeas Bond.

Finally, the "drafting history" of the Supersedeas Bond confirms that the Defendant never intended to secure any damages that were not awarded to the Plaintiff at the trial court level but may later be awarded as a result of the Plaintiff's cross-appeal. In that regard, the Defendant's

counsel conveyed the Defendant's intent on that issue in an email dated September 9, 2013 as follows:

> Also to clarify, **I don't think this bond covers any amounts from proceedings after remand**, since if there is a remand, the final judgment is null or at least null in part.  A new final judgment would then be the result of the proceedings after remand; but this is a bond of the final judgment plus post-judgment interest, and possible attorneys' fees and costs awarded in the court of appeals' judgment (if any).
>
> <u>**In other words, I don't think we are bonding anything you lost or did not get in the trial court but for which you are taking a cross-appeal**</u>.

(Doc. 696-2, p. 2 of 5) (emphasis added).  Neither the Defendant nor the Sureties intended to secure any enhanced damages that could potentially be awarded to the Plaintiff relative to its cross-appeal, and the Plaintiff was well aware of that fact.  Like any other contract, "[t]he extent of liability under the supersedeas bond must be determined in accordance with the real or presumed intention of the parties."  *Aviation Credit Corp. v. Conner Air Lines, Inc.*, 307 F.2d 685, 688 (5th Cir. 1962).  Consequently, the Supersedeas Bond does not cover any enhanced damages that could conceivably be awarded to the Plaintiff as a result of its separate cross-appeal, and the Supersedeas Bond should be discharged/released in its entirety.

**B.  At a minimum, the Sureties' liability under the Supersedeas Bond has been reduced from $65,000,000 to $44,167,078.30 based upon the Defendant's payment of $20,832,921.70 to the Plaintiff relative to the royalty damages (and associated costs/interest) that were "affirmed on appeal" (*i.e.*, during the Defendant's appeal).**

As dictated by the purpose of a supersedeas bond issued under Fed. Civ. P. 62(d) and the express terms of the Supersedeas Bond, the Sureties' liability has, at a minimum, been discharged to the extent of the Defendant's $20,832,921.70 payment to the Plaintiff relative to the royalty damages (and associated costs/interest) that were "affirmed on appeal" (*i.e.*, during the Defendant's appeal).  Because the Defendant has fully paid all royalty damages (and associated

costs/interest) that were "affirmed on appeal", the status quo was fully maintained relative to **the Defendant's appeal** and the Plaintiff has been fully protected from the risk that the Defendant would not be able to pay the "Total Amount" of royalty damages encompassed by this Court's Final Judgment that were "affirmed on appeal."   As detailed above, federal courts routinely discharge supersedeas bonds to the extent the defendant pays/satisfies the monetary portion of the judgment following the defendant's unsuccessful appeal.   Moreover, the terms of the Supersedeas Bond confirm that (1) the Sureties' obligation to pay any portion of the "Total Amount" was conditioned upon the Defendant's failure to pay a portion of the "Total Amount" and (2) the Sureties' potential liability under the Supersedeas Bond must be reduced by "any amounts paid by [the Defendant], up to the maximum liability . . . for each of [the Sureties]."   Therefore, at a minimum, the Sureties' potential liability under the Supersedeas Bond must be discharged/released in relation to the Defendant's $20,832,921.70 payment to the Plaintiff relative to the royalty damages (and associated costs/interest) that were "affirmed on appeal," which reduces the Sureties' maximum liability under the Supersedeas Bond to $44,167,078.30.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, the Sureties respectfully move the Court to enter an Order releasing/discharging the Supersedeas Bond in its entirety under Fed. R. Civ. P. 65.1.   In the alternative, the Sureties respectfully move the Court to enter an Order reducing the amount of the Supersedeas Bond from $65,000,000 to $44,167,078.30 based upon the Defendant's payment of $20,832,921.70 to the Plaintiff relative to the royalty damages (and associated costs/interest) that were "affirmed on appeal" (*i.e.*, during the Defendant's appeal).

Respectfully submitted,


_____/s/ Jarrod W. Stone_____
Fred C. Statum III
Jarrod W. Stone
Manier & Herod
One Nashville Place, Suite 2200
150 Fourth Avenue North
Nashville, TN  37219
(Main) 615-244-0030
(Fax) 615-242-4203
fstatum@manierherod.com
jstone@manierherod.com
Pro hac vice admission granted

Ken Woodard
Bush & Ramirez, PLLC
5615 Kirby Drive, Ste. 900
Houston, TX 77005
(Main) 713-626-1555
(Fax) 713-622-8077


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via this Court's ECF system on this 30th day of December, 2016.


/s/ Jarrod W. Stone_____
Jarrod W. Stone