# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| WESTERNGECO L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 4:09-cv-01827 |
| v. | § | |
| | § | Judge Keith P. Ellison |
| ION GEOPHYSICAL CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## ION'S SURREPLY TO WESTERNGECO'S MOTION TO CONFIRM JURY VERDICT OF WILLFULNESS AND FOR ENHANCED DAMAGES

WG's reply brief does not refute many key points from ION's response. Chief among them is that this would be the first case *ever* to enhance a jury award after the PTAB issued a final written decision holding the majority of asserted claims unpatentable. WG offers no principled reason for breaking new ground here. *Chevron* deference dictates giving effect to the PTAB ruling. WG has not cited any cases advocating enhancement awards after PTAB rulings finding claims unpatentable have been entered.

Other key concessions from WG's reply brief are 1) that the damages on the Zajac patent were merely $300k, and against Fugro, not ION, 2) dependent claim 23 of the '542 patent was upheld because the PTAB found it only covered a specific turning maneuver, and 3) that on average 90% of the appeals related to PTAB rulings are affirmed. Further, WG has already received an out-sized return on its unpatentable claims from ION's payment of the royalty award, and licenses from ION's customers Fugro and Polarcus. Another $40 million in enhanced damages against ION would be grossly disproportionate for any remaining claims.

Moreover, $40 million would effectively be a death penalty to ION. Enhanced damages are not meant to unduly prejudice a defendant's non-infringing business. Here, ION has already had to lay off half of its workforce in the last 18 months; $40 million in additional damages would potentially lead to laying off the other half.

WG's brief focuses on ION's finances many years ago, but that is not the proper analysis. This is emblematic of a recurring theme in WG's briefing. WG focuses on whatever time period is most advantageous to whatever argument it is making at the time. For ION's financial wherewithal, WG looks to data from 2009-2012, not today. For the PTAB decisions, WG argues they are irrelevant since they came so long after a case filed in 2009. But the length of time the case has been pending does not impact the PTAB final decisions or ION's financial condition

1

today. Indeed, if the case had been resolved sooner, it likely would have ended before *Halo* changed the law on enhancement, and WG would get no additional money.

Simply put, any enhancement here is effectively a ***new*** award, and needs to be viewed through the lens of today. Right now, at WG's insistence, ION has already paid the part of the judgment that remained after appeal. Right now, the majority of claims have been held unpatentable, and are mere months away from affirmance by the Federal Circuit. Right now, ION is in a precarious financial condition and any enhancement would be a death penalty. Based on the totality of the circumstances, no enhancement is warranted or proper. This is so regardless of whether the Court leaves the verdict on willfulness intact.

I.  **CHEVRON DEFERENCE FAVORS NO ENHANCEMENT**

WG is asking the Court to break new ground here, but has not been able to find any authority for its position. No case has ever enhanced damages after the PTAB has held unpatentable a majority of the asserted claims. In *Fresenius*, there was no enhanced damages award after the PTAB held the asserted claims unpatentable. The same goes for *Versata*. The fight in those cases was whether a ***pre-existing*** jury award should be wiped out in view of ***subsequent*** unpatentability decisions from the PTAB. Here, any enhanced damages would be a ***new*** award after the PTAB entered final decisions of unpatentability, and any Court determining the viability of such an award should give deference to the PTAB's decision. *U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 10 (2001) (*citing United States v. Chem. Found., Inc.*, 272 U.S. 1, 14-15 (1926)); *see also Cuozzo Speed Techs., LLC v. Lee*, 136 S.Ct. 2131, 2142 (Jun. 20, 2016).

In response, WG asserts that the PTAB's determinations are completely "irrelevant" and "ha[ve] no application to this case." D757 at 8. WG conspicuously offers no case cites for this proposition. No willfulness finding has been made yet by this Court, and no enhanced damages have yet been awarded. Damages previously awarded have been paid. An injunction is in place.

2

Procedurally, it is similar to a pre-trial situation.  If the parties were in a pre-trial situation and the PTAB had cancelled the majority of the claims (with that ruling set to be heard by the Federal Circuit in just a few months), it would be absurd to proceed with a trial and pretend the PTAB ruling was completely "irrelevant."

## II.     OBJECTIVE FACTORS REMAIN HIGHLY RELEVANT

WG's reply argues that this factor has been "abrogated."  D757 at 3.  But then WG immediately backtracks and concedes it "may" be relevant in certain instances.  *Id.* at 3-4.  Conspicuously absent from WG's analysis is any reference to the remand decision *from this very case*, which ION quoted in its reply.  D754 at 12-13.  The Remand Opinion holds objective reasonableness is a relevant factor to analyze, even post-*Halo*.  Remand Opinion at 1363.

At the very least, WG concedes that enhancement is based on the totality of the circumstances.  D757 at 4.   A case where the PTAB affirms validity of all claims should not have exactly the same result as a case where the PTAB rejects validity of all independent claims.  A case where there are many close issues, with each side winning several of these issues, should not have exactly the same result as a case where the plaintiff wins every argument, every issue, and defendant's positions continually lack reasonable merit.  By arguing that both the PTAB determinations and objective reasonableness are "irrelevant," WG undermines its own test.

## III.    ANY ENHANCEMENT WOULD BE A DEATH PENALTY SANCTION

ION has already been enjoined, and WG does not contest that ION has abided by that injunction.[1]  This injunction went into effect on May 7, 2014.  D687.  Accordingly, for the past 32 months, ION's DigiFin business has continued (limped along) and none of this business has

---

[1] One of the rationales for that injunction was a "penalty" for the actions WG cites to in Section IV of its reply brief.  See June 19, 2013 Order at 48, D. 634.  Accordingly, resurrecting these same actions here amounts to "double dipping," so to speak.

3

constituted infringement. Yet WG now seeks an enhanced damages award that would, for all intents and purposes, scuttle what remains of this legitimate non-infringing activity and all of ION's other businesses, none of which were accused of infringement.

For three decades now, the law has been clear that the defendant's financial condition should be examined in determining whether (and if so how much) to enhance damages, with the understanding that enhanced damages should not unduly prejudice defendant's non-infringing activities. *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992); *Bott v. Four Star Corp.*, 229 USPQ 241, 254 (E.D. Mich. 1985) ("[a] threefold increase in damages would severely affect [defendant's] financial condition."), vacated and remanded for clarification of damage amount, 807 F.2d 1567 (Fed. Cir. 1986); *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 Fed. Appx. 322, 2003 U.S. App. LEXIS 7277 (Fed. Cir. 2003) (affirming 1.21x multiplier, where district court had refused to treble because of the "Defendant's size and financial condition").

ION's briefing on various issues the last year has laid out ION's precarious financial position. *See, e.g.,* Declaration of Brian Hanson, Ex. 14 to ION's Motion to Stay D. 700. This includes laying off half of its workforce. The most current information on ION's financial condition is noted in the accompanying second declaration of Brian Hanson. *See* Ex. 1, Second Hanson Declaration. Currently, ION's entire cash balance is on the order of $27 million net of borrowing (about $42 million with borrowing), which is less than what WG is requesting as an enhancement. As Mr. Hanson's second declaration shows, the industry slump is projected to persist into 2018. *See also* articles collected in Ex. 2. He also shows ION tried to raise new money in 2016 and failed. A large enhancement would be catastrophic and epitomize "undue

prejudice" to ION, particularly where the main asserted claims have already been ruled unpatentable by the very agency that originally allowed them.

"The test for willfulness is distinct and separate from the factors guiding a district court's discretion regarding enhanced damages." *i4i L.P. v. Microsoft Corp.*, 589 F.3d 1246 (Fed. Cir. 2009); *see also Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305 (Fed. Cir. 2013) ("To be clear, after the fact finder has determined that the infringer was willful, then the court (not the fact finder) determines whether to enhance damages and by how much. This determination, the amount by which the damages ought to be enhanced, is separate from the determination of willfulness. In fact, in many cases where the fact finder has found the infringer willful, the court does not enhance the compensatory damages at all.").

Here, the case was hard fought by both sides. WG dropped its main patent before trial, had its original royalty theory thrown out, had its lost profits award overturned on appeal, had its claim to a world-wide proprietary market based on its U.S. patents flatly rejected, and has now had the majority of its claims held unpatentable by the PTAB. Meanwhile, ION has paid damages for claims that no one going forward will have to pay for, and has been enjoined for over 32 months for claims that are unpatentable. Simply put, in view of the award paid by ION and settlements from ION's customers, WG has already received more than sufficient returns and the punishment ION has endured is more than fair.

**IV.    CONCLUSION**

ION's JMOL of no subjective willfulness should be granted. Alternatively, WG's motion for enhancement should be denied.

Respectfully submitted,

*/s/ David J. Healey*
David J. Healey
Attorney-in-Charge

5

State Bar No. 09327980
Federal ID No. 000035021
**FISH & RICHARDSON, P.C.**
1 Houston Center
1221 McKinney Street, 28th Floor
Houston, Texas 77010
Telephone: (713) 654-5310
Facsimile: (713) 652-0109
E-mail: healey@fr.com

**OF COUNSEL:**

Brian G. Strand
State Bar No. 24081166
Federal ID No. 1838971
strand@fr.com
Bailey Harris
bharris@fr.com
State Bar No. 24083139
Federal ID No. 1725405
**FISH & RICHARDSON, P.C.**
1 Houston Center
1221 McKinney Street, 28th Floor
Houston, TX 77010
Telephone: (713) 654-5300
Fax: (713) 652-0109

Justin Michael Barnes
California Bar No. 217517
Justin.barnes@troutmansanders.com
**TROUTMAN SANDERS LLP**
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 509-6000
Facsimile: (858) 509-6040

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record via the Court ECF/CFM system on this 20th day of January 2017.

*/s/ David J. Healey*
David J. Healey
